IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| **KELLY MEGGS,** | : | |
| | : | 18 U.S.C. § 371 |
| **CONNIE MEGGS,** | : | (Conspiracy) |
| | : | |
| **GRAYDON YOUNG, and** | : | 18 U.S.C. §§ 1361, 2 |
| | : | (Destruction of Government Property and |
| **LAURA STEELE,** | : | Aiding and Abetting) |
| | : | |
| Defendants. | : | 18 U.S.C. §§ 1512(c)(2), 2 |
| | : | (Obstruction of an Official Proceeding and |
| | : | Aiding and Abetting) |
| | : | |
| | : | 18 U.S.C. §§ 1752(a)(1), (2) |
| | : | (Restricted Building or Grounds) |
| | : | |
| | : | 18 U.S.C. § 1519 |
| | : | (Obstruction of Justice / Destruction of |
| | : | Records) |

**MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the government states as follows:

1. The United States is investigating allegations that Kelly Meggs, Connie Meggs, Graydon Young, and Laura Steele:

1

a. Knowingly and willfully conspired together and with others whose identities are known and unknown to law enforcement at this time to commit an offense against the United States, in violation of 18 U.S.C. § 371, that is, to corruptly obstruct, influence, or impede an official proceeding in violation of 18 U.S.C. § 1512(c)(2);

b. Attempted to willfully injure or commit depredation against any property of the United States, and aided and abetted the willful injury of or depredation against any property of the United States, in violation of 18 U.S.C. §§ 1361 and 2;

c. Corruptly obstructed, influenced, and impeded an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2); and

d. Entered and remained in any restricted building and grounds without lawful authority, and knowingly, and with intent to impede or disrupt the orderly conduct of Government business and official functions, engaged in disorderly and disruptive conduct, in violation of 18 U.S.C. §§ 1752(a)(1), (2); and that

e. Graydon Young knowingly altered, destroyed, concealed, or covered up a record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States, or in relation to or contemplation of any such matter or case, that is, by deleting his Facebook account on or about January 7, 2021 (after participating in the civil unrest at the U.S. Capitol on January 6, 2021).

2.     The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation.   The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the four defendants, which also may lead to the destruction of evidence in other locations.   Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2.     As stated in <u>Washington Post v. Robinson</u>, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.   But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"   <u>Id.</u> at 290 (quoting <u>Oregonian Pub. Co. v. United States Dist. Court</u>, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3.     In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendants.   A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4.     Furthermore, the United States respectfully submits that complying with the normal notice requirements of <u>Washington Post</u> would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making

public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the four Arrest Warrants, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

MICHAEL SHERWIN
ACTING UNITED STATES ATTORNEY

by: _____/s/_____
Jeffrey Nestler
D.C. Bar No. 978296
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street NW
Washington, D.C. 20530
(202) 252-7277
E-mail: Jeffrey.Nestler@usdoj.gov