UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
    Plaintiff,

vs.                                                CASE NO.: 21-CR-128 (APM)

CONNIE MEGGS
    Defendant.
_____/

**DEFENDANT'S RENEWED REQUEST FOR PRETRIAL RELEASE AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW the defendant, CONNIE MEGGS, by and through undersigned counsel and files this Renewed Request for Pretrial Release and as grounds in support of this request states:

1. Mrs. Meggs is charged by superseding indictment with several offenses related to crimes allegedly committed at the U.S. Capitol in Washington, D.C, on Wednesday, Jan. 6, 2021. These offenses include conspiracy against the United States government in violation of Title 18 U.S.C. § 371; Destruction of Government Property in violation of Title 18 U.S.C. § 1361; Obstruction of an Official Proceeding in violation of Title 18 U.S.C. § 1512(c)(2) and Entering and Remaining in a Restricted Building or Grounds Access in contravention of Title 18 U.S.C. § 1752(a)(1).  (*See* First Superseding Indictment)

2. Mrs. Meggs was taken into custody on February 17th, 2021  in the Middle District of Florida, which is the federal judicial district in which she resides.

3. She is a fifty-nine-year-old resident of Marion County, Florida having resided in the City of Dunellon for at least the past twelve years.

4. The home in which she lives is owned by both herself and her spouse and is one in which they have significant financial equity.  It should be noted that Mrs. Meggs' spouse, Kelly

Meggs, is also named as a defendant in the instant prosecution.

5.  Mrs. Meggs is a housewife who volunteers at a church-run thrift shop when she is not caring for her two minor grandchildren to assist the children's mother.

6.  She has no other pending criminal cases in any jurisdiction and no prior criminal history.

7.  With respect to the allegations against her in the instant superseding indictment and despite the inflammatory language therein, there are no direct acts of violence alleged to have been committed by her, nor are there any social media or other communications regarding the January 6th incident attributed to her. Moreover, while she is alleged to have "prepared herself for battle" by donning certain protective attire, there is no allegation she possessed any type of weapon.

8.  As the court is aware, Ms. Meggs and her spouse previously moved for pre-trial release in the district where they reside and were initially taken into custody. The court there denied her release by written Order, a copy of which is attached hereto as Exhibit "A."

9.  On March 2nd, 2021 both Mr. Meggs and Mrs. Meggs were removed from the Marion County Jail in Ocala, Florida and transferred to separate jails in the Orlando, Florida area.

10. On Thursday, March 4th, 2021 they were each removed from these facilities for further transport, however, when Mrs. Meggs was taken to the Jacksonville International Airport, she was denied boarding of the aircraft because she was wearing her wedding ring, which apparently cannot be removed past the knuckle on her ring finger. She was then taken back to the jail in Orlando, Florida where the officials there refused to cut the ring from her finger. To this day she remains languishing in that facility.

11. Mr. Meggs, on the other hand, was transported without incident to Grady County,

Oklahoma and then the Washington, D.C. area where he is awaiting his first court appearance.

12. Because Mrs. Meggs cannot be transported while wearing the wedding ring which she cannot herself remove, nor will the jail, it appears there is no definitive time frame within which she can appear before this Court should she remain in custody.

13. Despite disagreement with the findings of the magistrate judge in the Middle District of Florida, those findings are acknowledged. However, it was not then anticipated that Mrs. Meggs would be indefinitely held in that district due to circumstances over which she has no control. She is in limbo, deprived of her liberty and unable to even appear before the Court to start preparing a defense to the charges against her, which she is anxious to do.

14. Based on the circumstances that have developed since her initial detention hearing and the uncertainty as to when she will be transported to the district in which she stands charged, it is respectfully requested that she be granted pre-trial release on terms and conditions to which the Court may be amenable which would insure her appearance at all required court proceedings and protect the community from whatever danger the Court believes she may pose.

15. Should she be released on bail, she is prepared to appear either via video conference or personally at her own expense in the District of Columbia as the Court may require.

## **CONCLUSION**

Based on the above facts and subsequent legal analysis, Mrs. Meggs respectfully requests this court grant this request for pre-trial release and impose upon her any combination of conditions sufficient to satisfy the court that any perceived risk of non-appearance she may pose would be substantially mitigated and any danger to the community eliminated.

## MEMORANDUM OF LAW

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739 (1987).

The federal bail reform provisions, found in 18 U.S.C. § 3142 of the Bail Reform Act, (the "Act") provide the court with four options for setting bail matters before it. These options are:

(1) release the defendant on personal recognizance or unsecured bond;
(2) release the defendant on conditions;
(3) temporarily detain the defendant to permit revocation of conditional release, deportation or exclusion; or
(4) detain the defendant.

Section 3142(g) of the Act sets forth the factors the judicial officer shall consider in making the determination whether to release a person charged with an offense:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence;

(3) the history and characteristics of the person including:

(a) the defendant's character;
(b) physical and mental condition;
(c) family ties;
(d) employment;
(e) financial resources;
(f) length of residence in the community;
(g) community ties;
(h) past conduct;
(i) history relating to drug or alcohol abuse;
(j) criminal history;
(k) record of appearance at court proceedings;
(l) whether at the time of the current offense or arrest the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of a sentence; and
(m) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Title 18 U.S.C. § 3142(b) mandates pretrial release ("shall order the pretrial release") on

personal recognizance or an unsecured appearance bond unless the court determines that "such release will not reasonably assure" the person's appearance or "will endanger the safety of any other person or the community." The Act emphasizes release on personal recognizance or an unsecured appearance bond; however, the court may also consider whether ensuring the safety of the community warrants detention. *See United States v. Williams*, 753 F.2d 329 (4th Cir. 1985); *United States v. Harris*, 732 F. Supp. 1027 (N.D. Cal. 1990).

An accused's ties to the community is one factor that courts look to in evaluating the flight risk of a defendant. *See* 18 U.S.C. § 3142(g)(3)(A). While the defendant concedes the community to which these ties are assessed is the community in which the charges are levied, Mrs. Meggs is a long-time resident of Marion County, Florida with significant familial and financial obligations there. These ties clearly demonstrate a stability in life and residence and a family dependent on her. She likewise possesses the resources to appear as required in the judicial district in which she is charged. She is not a flight risk in any way, shape, or form.

The weight of the evidence against the accused is another factor to be considered at the detention hearing, *United States v. Apker*, 964 F.2d 742 (8th Cir. 1992), but it is the least significant factor, *United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990). In the words of one district court judge, to presume risk of flight from strong "evidence" of guilt would be "tantamount to a presumption of guilt." *United States v. Gray*, 651 F. Supp. 432, 436 (W.D. Ark. 1987).

Despite the language employed by the government in alleging the facts in the superseding indictment, the verbiage reflects nothing more than her donning certain defensively protective attire and entering the Capitol building with others. While the severity of the January 6th incident cannot be overstated, Mrs. Meggs is not alleged to have herself engaged in any acts of violence or

encouragement of others to do so.

The prosecution bears the ultimate burden of establishing that no series of conditions is sufficient to negate the risk of the accused's flight or dangerousness—by a preponderance of the evidence in the case of flight and by clear and convincing evidence in the case of dangerousness. *United States v. English,* 929 F.3d 311, 319 (2d Cir. 2011); *see also Stone*, 608 F.3d at 946; *United States v. Bell*, 209 F. Supp. 3d 275, 277 (D.D.C. 2016) (*citing, United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987)); *United States v. Rodriguez*, 147 F. Supp. 3d 1278, 1286 (D. N.Mex. 2015); *United States v. Guerra-Hernandez*, 88 F. Supp. 3d 25, 26 (D.P.R. 2015).

Clear and convincing evidence means proof that the defendant actually poses a danger to the community, not that a defendant "in theory" poses a danger. *United States v. Patriarca,* 948 F.2d 789 (1st Cir. 1991). Only when there is a "strong probability that a person will commit additional crimes if released" is the community interest in safety sufficiently compelling to overcome the criminal defendant's right to liberty. *Ploof*, 851 F.2d 7. *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988). Mrs. Meggs has no criminal history and there is zero proof that she engaged in any criminal activity prior to or after June 6th, 2021 up to when she was taken into custody on February 17th.

The statute requires that a defendant be detained only if she or he represents a *serious* risk of flight. That is a substantial burden for the government to meet. *See United States v. Giordana,* 370 F. Supp. 2d 1256 (S.D. Fla. 2005) (serious *charges* do not necessarily equal serious flight risk).  As stated above, there is virtually zero risk of non-appearance by Mrs. Meggs.

If the Court determines that personal recognizance or an unsecured bond will not reasonably assure appearance or will endanger any other person or the community, 18 U.S.C. §

3142(c) still mandates release ("shall order the pretrial release") subject to certain specified conditions. The conditions, which must include that the person shall not violate any federal, state or local law, must be the least restrictive conditions necessary to reasonably assure the person's appearance and the community's safety. The provision that conditions "reasonably assure" appearance and safety does not require a guarantee of appearance or safety. *See United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990)*; United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950 (1986). It requires an "objectively reasonable" assurance of community safety and the defendant's appearance at trial. *Id.* Imposition of conditions of release must be supported by reasons why they are necessary to reasonably assure appearance or safety. *United States v. Spilotro*, 786 F.2d 808 (8th Cir. 1986).

Based on an application of the facts presented in this matter to the applicable law, there exist several release conditions this Court can impose on Mrs. Meggs sufficient to rebut any presumption that she may pose a serious risk of flight or danger to the community and which would facilitate her appearance before the Court.

The undersigned has conferred with Assistant United States Attorney Jeffrey Nestler, Esq., who asserts the government's position as to this motion is that Mrs. Meggs should remain detained.

        RESPECTFULLY SUBMITTED,

        /s/ David Anthony Wilson
        DAVID ANTHONY WILSON
        201 S.W. 2nd Street, Suite 101
        Ocala, FL 34471
        (352) 629-4466
        david@dwilsonlaw.com
        Trial Attorney for Defendant
        D.C. Bar ID: FL0073

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 9, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Office of the United States Attorney.

/s/ David Anthony Wilson
DAVID ANTHONY WILSON