## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-cr-28 (APM)** |
| v. | : | |
| | : | |
| **THOMAS CALDWELL,** | : | |
| **DONOVAN CROWL,** | : | |
| **JESSICA WATKINS,** | : | |
| **SANDRA PARKER,** | : | |
| **BENNIE PARKER,** | : | |
| **GRAYDON YOUNG,** | : | |
| **LAURA STEELE,** | : | |
| **KELLY MEGGS,** | : | |
| **CONNIE MEGGS, and** | : | |
| **KENNETH HARRELSON,** | : | |
| | : | |
| **Defendants.** | : | |

## UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby submits this reply in support of its motion for a 60-day continuance of the above-captioned proceeding, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. Due to the voluminous discovery materials that exist in this matter, the unusual and complex nature of the prosecution, and the time needed by both the defense and the government to effectively prepare for trial, the government maintains that the interests of justice would best be served by continuing the case for 60 days after the next status hearing, which is scheduled for April 6, 2021, and excluding that time from the Speedy Trial calculation. The need for such actions outweighs the interests of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

## BACKGROUND

The full background is set forth in the government's March 12, 2021, Motion to Continue and to Exclude Time Under the Speedy Trial Act (Motion) (ECF No. 73). Counsel for Defendants Caldwell, Crowl, Watkins, Young, Steele, Kelly Meggs, and Connie Meggs have all conveyed orally through counsel their opposition to the government's motion. Counsel for Defendants Sandra and Bennie Parker deferred to the Court. Defendant Harrelson, who was arrested only recently, has not yet had counsel enter an appearance in this matter.

On March 17, 2021, Defendant Young filed a written opposition to the government's motion (ECF No. 81). Defendant Steele filed an opposition adopting the arguments advanced by Defendant Young (ECF No. 84). On March 18, Defendants Kelly and Connie Meggs filed a written opposition to the government's motion (ECF No. 88). Defendant Watkins filed a pleading agreeing to a 60-day continuance, "but suggests designating the case as 'complex' is not necessary at this time." (ECF No. 87 at 1).

## ARGUMENT

The Speedy Trial Act allows this Court to grant a continuance and to exclude that time from the Speedy Trial calculation upon a finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors the Court must consider in determining whether to grant such a continuance are whether the failure to grant a continuance would result in a miscarriage of justice, whether the case is so unusual or complex that it is unreasonable to expect the parties to be able to prepare for trial within the Act's standard time limits, and whether a continuance is necessary to give the attorneys for both the defendant and the government the time necessary for

2

effective preparation.  § 3161(h)(7)(B)(i), (ii), (iv).

As the government demonstrated in its Motion, each of those factors supports the government's request for a 60-day continuance.  The historic-in-scope nature of the investigation and prosecution of individuals involved in the Capitol Attack, the vast amount of evidence that has been obtained and that must be processed, reviewed, and produced in discovery, and the inability of both defense counsel and the government to effectively prepare for trial without a continuance even with the exercise of due diligence, all establish that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).

This is true not only of the Capitol Attack cases in their entirety but also of this case in particular.  In their written oppositions, the defendants attempt to suggest that their case is limited in scope because, for example, it "involves only ten defendants" (ECF No. 88 at 1), "an event . . . occurring over a period of a few hours with less than one half hour of it taking place inside the Capitol building" (ECF No. 88 at 1-2), and "one (1) to five (5) additional defendants" yet to be charged (ECF No. 81 at 2).  These assertions by themselves demonstrate that a 60-day ends-of-justice continuance is warranted here.  *See, e.g.*, *United States v. Gordon*, 710 F.3d 1124, 1158-59 (10th Cir. 2013) (affirming ends-of-justice continuance in multiple-defendant case where the "evidence was extensive and complex, and . . . it would take additional time to sufficiently analyze and organize the evidence before trial"); *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002) (finding "[t]his was a complex case" where, in nine-defendant case, "[t]he volume of discovery and the number of defendants involved justified some delay"); *United States v. Jimenez-Mendez*, No. 2:19-cr-00151-1, 2021 WL 688743, at *12 (E.D. Pa. Feb. 23, 2021) (excluding nearly

a year of time due to "unusual and complex nature of the case" involving "more than a dozen defendants . . . and extensive discovery, including approximately 4,000 hours of intercepted calls"); *United States v. Gutierrez*, NO. 06-CR-582-4, 2007 WL 4302812, at *1 (E.D. Pa. Dec. 6, 2007) (granting ends-of-justice continuance based upon "the number of defendants, the nature of the prosecution, and the nature and quantity of the evidence," in case involving ten co-defendants and voluminous discovery); *United States v. Shaw*, 510 F. Supp. 2d 148, 152 (D.D.C. 2007) (finding "that this is a complex case given the number of defendants and the nature of the charges" where case "involve[d] ten counts against seven defendants and alleges a drug conspiracy spanning almost seven years").   Indeed, given the government has already obtained more than 15,000 hours of surveillance and body-worn camera footage from multiple law enforcement agencies (Motion at 3), merely identifying and producing the footage showing "only ten defendants . . . over a period of a few hours" is itself a difficult task.

Moreover, the evidence already gathered in this specific case indicates its size and scope. To date, the government has provided only initial discovery in this matter, and those materials alone consist of roughly 35 gigabytes of data that includes arrest paperwork; recordings of custodial interviews, where available; paperwork and photographs relating to premises search warrants; data extracted from several of the defendants' cellular telephones and social media accounts; some defendants' hotel records; and some photographs and video recordings from publicly available sources of the defendants participating in the alleged offenses.   Voluminous discovery remains to be provided.   The investigation into just this one matter has yielded well over 50 search warrant returns and 150 subpoena returns.   There are also hours of surveillance video from the U.S. Capitol, from body cameras worn by law enforcement, from hotels where the

defendants stayed and met up prior to the attack, and from publicly available sources, which capture not only the defendants' incursion into the Capitol but also evidence of their acting in concert before and after the attack.   And the investigation is ongoing.

In this case, the government has provided a substantial amount of initial discovery and plans to continue to provide discovery on a rolling basis.   Within the next few weeks, the government plans to provide a second discovery production that will consist of the majority of the subpoena returns obtained to date and several additional search warrant returns.   The government *is* marshalling as many of its resources as possible to ensure that these defendants are given access to all these materials in a timely fashion (*cf.* ECF No. 81 at 4-5).   As the government explained in its Motion (at 3-4), it anticipates providing the discovery most directly and immediately related to pending charges in cases involving detained defendants within the next 30 to 60 days.   The government's requested 60-day continuance in this case will allow it to focus on doing just that.

The defendants are likewise incorrect to suggest that the government's Motion is predicated on "the complexity of other cases which the Government is presently handling" rather than "the complexity of this case" (ECF No. 81 at 3).   A vast amount of the evidence gathered by the government is not defendant- or case-specific, and is inextricably intertwined between and among defendants and cases.   To give just one example:   hundreds of people unlawfully entered the U.S. Capitol on January 6, 2021.   Many of those people held out their cell phones, apparently filming and photographing the events as they transpired.   A large number of those individuals have been apprehended and their cellular telephones seized and searched.   Some subset of those phones likely were carried by people near the defendants charged in this case and may have captured information that could be of value to the government or the defense, such as an expression

relating to intent.  But merely identifying which phones may contain important evidence related to these specific defendants will be a hugely time-consuming task.  And once that evidence is identified, the government cannot simply turn over the entire contents of someone's cell phone without first reviewing the contents to ensure that it is not producing someone's private information to a complete stranger.  *Cf. Riley v. California*, 573 U.S. 373, 396-97 (2014) ("A phone not only contains in digital form many sensitive records previously found in the home; it also contains a broad array of private information never found in a home in any form[.]").  This is just one example of the possible interconnectedness of the discovery materials across the Capitol Attack cases, but it captures why the government is approaching the discovery in these matters holistically.  It also demonstrates why this Court should consider all of the evidence gathered by the government thus far when determining a time frame for trial that would best balance the interests of the public and the defendants in a speedy trial with the time needed for defendants to prepare their defense.  18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i)(ii) and (iv); *see, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (Upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery").

The government recognizes that all of the defendants in this case have "an interest which must be acknowledged, weighed, and protected" (ECF No. 81 at 6).  But that interest is not protected if the defendants have insufficient time to review discovery and prepare for trial.  *See, e.g.*, *Bikundi*, 926 F.3d at 777-78; *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019).  And although Defendant Young and others are detained pending trial (ECF No. 81 at 6), detention alone

6

does not warrant a finding that the ends of justice are not served by the 60-day continuance requested by the government. *See, e.g.*, *United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir. 1986) ("Congress obviously contemplated some extension of the ninety-day limit on incarceration before trial when it incorporated the § 3161(h) exclusions into § 3164."); *United States v. Babichenko*, No.: 1:18-cr-00258-BLW, 2019 WL 3558484, at *5 (D. Idaho Aug. 5, 2019) ("[A]pplication of the complex-case time frame under the Speedy Trial Act will sometimes lengthen the period of pretrial detention of a defendant."); *United States v. Accetturo*, 623 F. Supp. 746, 765 (D.N.J. 1985) ("[T]he lengthy detention of a defendant under the Bail Reform Act due to a complex case is also specifically contemplated by the Speedy Trial Act."). Without minimizing the "stress and anxiety" (ECF No. 81 at 6) experienced by Defendant Young and the other detained defendants, the government notes that the 60-day extension it is requesting comes nowhere close to the constitutional limits on pretrial incarceration. *See, e.g.*, *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) (explaining that pretrial incarceration is sufficient to trigger constitutional speedy trial inquiry when it "approaches one year"); *United States v. El-Gabrowny*, 35 F.3d 63, 65 (2d Cir. 1994) (finding no due process violation where defendant had been detained for 18 months before trial); *United States v. Gamble*, No. 19-348 (CKK), 2020 WL 588323, at *11 (D.D.C. 2020) ("[C]ourts have found that periods ranging from four months to thirty months do not violate due process in light of the circumstances of individual cases.").

In response to Defendant Watkins's suggestion that "designating the case as 'complex' is not necessary at this time" (ECF No. 87 at 1), the government notes that the Speedy Trial Act contains no provision for "designating" a case as complex. Rather, the Act merely requires the Court to consider, in deciding whether to grant an ends-of-justice continuance, whether the case "is so

unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). The only question before the Court is whether to grant a 60-day continuance, and to exclude that time from the Speedy Trial calculation, because "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." § 3161(h)(7)(A). This case is surely an "unusual" or "complex" one justifying such a continuance.

Finally, under the Court's latest standing order regarding the ongoing public health emergency arising from COVID-19 pandemic, most jury trials remain continued through August 31, 2021. United States District Court for the District of Columbia Standing Order 21-10. Only a limited number of jury trials, which can be conducted consistent with the Court's health and safety protocols, are permitted to go forward. *Id.* These protocols include social distancing requirements that would make it challenging to have even two or three defendants, much less ten defendants, tried in the same courtroom. COVID-19 Continuity of Operations Plan for COVID-19 (with Appendices), Appendix 8 Plan for Resumption of Jury Trials During March 15, 2021 to August 31, 2021 (March 4, 2021). Additionally, the Court has already filled some of the limited number of trial slots available on the master trial calendar, which is being utilized to prioritize the trials of detained defendants, some of whom have had their trials postponed for over a year since the pandemic began. For all of the reasons cited by the Court in the standing order, the time between now and at least the next sixty days should be excluded for this case as a result of the ongoing public health emergency, as well.

WHEREFORE, the government respectfully requests that this Court grant the motion for a 60-day continuance of the above-captioned proceeding, and that the Court exclude the time

within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

                Respectfully submitted,

                CHANNING D. PHILLIPS
                Acting United States Attorney
                DC Bar No. 415793

By:_____
                Kathryn L. Rakoczy
                Assistant United States Attorney
                D.C. Bar No. 994559
                Ahmed M. Baset
                Troy A. Edwards, Jr.
                Jeffrey S. Nestler
                Assistant United States Attorneys
                U.S. Attorney's Office for the District of Columbia
                555 4th Street, N.W.
                Washington, D.C. 20530


                */s/ Alexandra Hughes*
                Alexandra Hughes
                Justin Sher
                Trial Attorneys
                National Security Division
                United States Department of Justice
                950 Pennsylvania Avenue, N.W.
                Washington, D.C. 20004