UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-cr-28 (APM)** |
| v. | : | |
| | : | |
| THOMAS CALDWELL, | : | |
| DONOVAN CROWL, | : | |
| JESSICA WATKINS, | : | |
| SANDRA PARKER, | : | |
| BENNIE PARKER, | : | |
| GRAYDON YOUNG, | : | |
| LAURA STEELE, | : | |
| KELLY MEGGS, | : | |
| CONNIE MEGGS, | : | |
| KENNETH HARRELSON, | : | |
| ROBERTO MINUTA, and | : | |
| JOSHUA JAMES, | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' MOTION FOR PROTECTIVE ORDER**

The United States of America hereby moves this Court for a protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, seeking to prevent the dissemination or misuse of discovery material containing sensitive and highly sensitive information as further described below. All of the above-captioned defendants except defendants Minuta, James, Harrelson, and Bennie Parker consent to the Court's entry of the proposed protective order.

Counsel for Defendants Minuta, James, Harrelson and Bennie Parker have not yet had an opportunity to discuss the government's proposed protective order with their clients.[1]

1.  Consistent with Federal Rule of Criminal Procedure Rule 16, the government intends to provide or make available to the defendants those documents and objects in its possession that are material to the preparation of the defense, that the government intends to use in its case-in-chief at trial, or that were obtained from or belong to Defendant. Given the number of defendants charged and the ongoing nature of the investigation, such discovery materials may include highly sensitive private and confidential information of individuals other than the defendants, as well as materials which, if more widely disseminated, could jeopardize the government's on-going investigations and the security of witnesses, e.g.:

   a. Personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, as well as telephone numbers, email addresses, driver's license numbers, and similar unique identifying information;

   b. Information regarding the government's confidential sources;

   c. Information that may jeopardize witness security;

   d. Contact information for, photographs of, and private conversations with individuals that do not appear to be related to the criminal conduct in this case;

   e. Medical or mental health records;

   f. Sources and methods law-enforcement officials have used, and will continue to use, to investigate other criminal conduct related to the publicly filed charges;

   g. Surveillance camera footage from the U.S. Capitol Police's extensive system of cameras on U.S. Capitol grounds;[2]

---

[1] Defendants Minuta and James were just added to the indictment in this case earlier today, and Defendant Harrelson is still detained outside of this jurisdiction, so his counsel have limited access to discuss such matters with him. Undersigned government counsel have been in touch with counsel for all three defendants, but they understandably have not yet had an opportunity to review the terms of the proposed protective order with their clients.

[2] To be clear, this does not include footage from body worn cameras from other police departments that responded on January 6, 2021, the vast amount of which the United States will *not* designate as Sensitive or Highly

2

      h.    Repair estimates from the Architect of the Capitol;

      i.    Materials designated as "security information" pursuant 2 U.S.C. §1979; and

      j.    Tax returns or tax information.

2.    The next discovery production, which the government is preparing now, contains three categories of information for which the government would seek to invoke the provisions of the attached proposed protective order: U.S. Capitol surveillance footage; financial records, which contain personal identifying information as well as private financial information; sealed search warrants and court orders pursuant to 18 U.S.C. § 2703(d) and the applications and affidavits in support thereof; and electronic device, e-mail, cloud storage, and social media search warrant returns, which contain personal identifying information as well as information that implicates the device users'/account holders' privacy concerns, such as financial records, work product, personal messages, and personal photographs and videos (the government has proposed, and the defendants have consented to, turning over the entirety of each defendant's device/account search warrant returns to *all* defendants, to expedite getting this discovery in the hands of all counsel as quickly as possible).[3]

3.    Under the Federal Rules of Criminal Procedure, a court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief" relating to discovery by entering a protective order. Fed. R. Crim. P. 16(d)(1). "The burden of showing 'good cause' is on the party seeking the order[.]" *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015)

---

Sensitive. (Body worn camera footage will be marked Sensitive or Highly Sensitive only if it contains material described in paragraph one above or for a similar reason not anticipated by this motion.)

[3] The government will still be reviewing these returns and seizing only the data that falls within the scope of the evidence each warrant authorizes the government to seize.

3

(citations and alterations omitted). Once a showing of good cause has been made, the court has relatively unconstrained discretion to fashion an appropriate protective order. *See United States v. O'Keefe*, No. 06-CR-0249, 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007) (describing the court's discretion as "vast"); *Cordova*, 806 F.3d at 1090 ("[A] 'trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.'" (quoting *Alderman v. United States*, 394 U.S. 165, 185, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969)).

4.   "Protective orders vary in range and type 'from true blanket orders (everything is tentatively protected until otherwise ordered) to very narrow ones limiting access only to specific information after a specific finding of need.'" *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012). "Courts use protective orders . . . to expedite the flow of discovery in cases involving a large amount of sensitive information." *United States v. Johnson*, 314 F. Supp. 3d 248, 252 (D.D.C. 2018)(internal quotations and citations omitted).

5.   Courts also use protective orders when necessary to protect the integrity of on-going investigations. "[W]here public disclosure of certain materials might officially reveal the sources and methods law-enforcement officials have used, and will continue to use, to investigate other criminal conduct related to the publicly filed charges, courts have found it appropriate to enter a protective order." *United States v. Smith*, 985 F. Supp. 2d 506, 531 (S.D.N.Y. 2013), citing *United States v. Bin Laden*, No. 98–CR–1023, 2001 WL 66393, at *2 (S.D.N.Y. Jan. 25, 2001)(noting that the court adopted a protective order because dissemination of discovery materials would "jeopardize the ongoing Government investigation into the activities of alleged associates of the Defendants").

6. In determining whether to issue a protective order, courts also take into account "the safety of witnesses and others, a particular danger of perjury or witness intimidation, and the protection of information vital to national security.'" *Cordova*, 806 F.3d at 1090 (citations and alterations omitted). "Considering the type of crime charged helps assess the possible threats to the safety and privacy of the victim. Defendants accused of securities fraud or shoplifting, for instance, may not pose as great a danger to victims as those charged with crimes of violence." *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019). "A long record of convictions for violent crimes may suggest a substantial danger to the safety of others. Similarly, a history of failures to follow court orders may justify a more restrictive protective order." *Id.*

7. The entry of this order will permit the government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

8. Defense counsel for Defendants Caldwell, Watkins, Crowl, Sandra Parker, Graydon Young, Laura Steele, Kelly Meggs, and Connie Meggs, have authorized the government to state that these defendants have no objection to this motion.

WHEREFORE, to expedite the government's disclosure of discovery materials, and to adequately protect the privacy interests of the persons identified therein and the integrity of the government's on-going investigations and the security of witnesses, the government requests that pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), the Court enter the attached proposed order.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney

By: _____
Kathryn L. Rakoczy
Assistant United States Attorney
DC Bar No. 994-559
Ahmed M. Baset
Troy A. Edwards, Jr.
Louis Manzo
Jeffrey S. Nestler
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Rakoczy Phone: (202) 252-6928
E-Mail Address: Kathryn.Rakoczy@usdoj.gov

/s/ Alexandra Hughes
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue
NW Washington, D.C. 20004