UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Criminal No. 21-28 (APM) |
| **THOMAS EDWARD CALDWELL et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

### ORDER

Before the court is the United States' Motion to Continue and to Exclude Time Under the Speedy Trial Act. *See* United States' Mot. to Continue & to Exclude Time Under the Speedy Trial Act, ECF No. 73 [hereinafter Gov't Mot.]. Defendants Kelly Meggs and Connie Meggs have objected to the United States' Motion, and Defendants Harrelson and James have done so provisionally depending on the outcome of their pending motions for bond review. *See generally* Hr'g Tr. (draft), Apr. 6, 2021, at 20, 26–27; Defs.' Joint Stmt. in Opp'n to Gov't's Mot., ECF No. 88.

The Court finds that the investigation into the events that gave rise to the charges against these Defendants is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Specifically, this case now involves 12 co-defendants and voluminous discovery that the government must review and produce for both sides to prepare for trial. As described in the government's motion, the amount of discovery is unusually large and the case atypically complex. *See* Gov't Mot. at 2–3. Even if the court were to focus on just the discovery applicable directly to the actions of these Defendants, the evidence includes extensive video

footage, the contents of a large number of electronic devices, substantial subpoena returns from communications providers and social media platforms, the results of multiple search warrants, and numerous reports of interviews with law enforcement.  Beyond this evidence, the government may be obligated to produce other records that are material to the preparation of the defense from an unusually large universe of evidence collected during its investigation.  *See id*. (describing volume of evidence collected).  This unusually large universe of evidence also presents greater challenges for the government to satisfy its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and Local Criminal Rule 5.1.

The court recognizes that the exclusion of time could result in some prejudice to Defendants, particularly those who are detained pre-trial.  That risk of prejudice is nonetheless justifiable here.  The risk of prejudice is mitigated by the fact that the government already has made initial disclosures to defense counsel, has proactively worked with members of the defense bar to develop a system for delivering discovery in a timely fashion, and has prioritized discovery for detained defendants.  *See* Gov't Mot. at 3–4; Hr'g Tr. (draft), Apr. 6, 2021, at 10–11.  Additionally, the risk of prejudice is outweighed by the parties' and the public's interest in affording sufficient time for fulsome and complete disclosure of discovery (including *Brady* material), review of that discovery, and preparation of defenses.

The court therefore finds that the interests of justice are served by tolling the computation of time under the Speedy Trial Act for a period of approximately 55 days from April 8, 2021, through and including June 1, 2021, and that the interests of justice outweigh the interests of the Defendants and the public in a speedy trial.

3

Accordingly, the time from April 8, 2021, to June 1, 2021, is hereby excluded from the calculation of each Defendant's Speedy Trial time.

Dated: April 7, 2021

_____
Amit P. Mehta
United States District Court Judge