**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | No.    1:21-cr-28 (APM) |
| | ) | |
| **KELLY MEGGS, and** | ) | |
| **CONNIE MEGGS,** | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS'
MOTION FOR BILL OF PARTICULARS**

Defendants Kelly Meggs and Connie Meggs move under Federal Rule of Criminal Procedure 7(f) for a bill of particulars.  (ECF 155.)  Whether a bill of particulars is appropriate lies within this Court's "sound discretion."  *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted).  Exercising that discretion, the Court should deny the motion.

A bill of particulars "ensure[s] that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges."  *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).  It is not required, however, if the indictment "is sufficiently specific, or if the requested information is available in some other form."  *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence."  *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same).  Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information

necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

Applying this principle, judges of this Court have consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the government's evidence. Thus, for example, in *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the Court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the defendant and the amount of taxes allegedly owed. The Court explained that the requested information had already been provided to the defendant in discovery and elsewhere, and a "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case." *Id.*

Similarly, in *Brodie*, the court denied a motion for a bill of particulars requesting "the circumstances surrounding the alleged acts" of fraud committed by the defendants as well as "other evidentiary details." 326 F. Supp. 2d at 92. The court reasoned that the charges set forth in the indictment were "detailed and alleged with particularity" and "the discovery provided by the government has been voluminous," and therefore there was "no reason for any further particularization of the overt acts." *Id.*

Finally, in *Sanford Ltd.*, the court denied a motion for a bill of particulars regarding the "substance, time, place and date" of allegations regarding falsification of records and other charges

2

against a corporate defendant.  841 F. Supp. 2d at 315.  The court explained that "the general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars."  *Id.* at 317 (internal quotation marks and citation omitted). Accordingly, the court denied the defendant's request for information about the identities of its employees alleged to have participated in the conspiracy and other details about the overt acts charged in the indictment.  *Id.* at 317-18.

The same result is appropriate here for three reasons.  First, the third superseding indictment provides extensive details outlining the allegations against the defendants.  *See Mejia*, 448 F.3d at 445 (no bill of particulars required where the superseding indictment identified, among other things, the object of the charged conspiracy, the conspiracy's "time period," the applicable *mens rea*, and locations where conspirators acted).  For example, the superseding indictment outlines how and when the defendants communicated with other charged co-conspirators, planned their travel, and collaborated with the other co-conspirators (and other individuals) to accomplish the conspiracy's object of obstructing the certification vote.  Those detailed charges amply "define[] each defendant's role . . . in a manner sufficient to avoid surprise and permit defendants to permit defendants to prepare a defense."  *United States v. Pollack*, 534 F.2d 964, 970 (D.C. Cir. 1976).

Second, much of the requested information is already available or will soon be available to the defendants.  The government has produced preliminary informal discovery and has recently begun to make a formal discovery production.  This process is ongoing and will include, among many other categories, complete cell phone extractions (including many Signal messages) and the relevant surveillance and open source videos.  Once the defendants have received and reviewed the full discovery production, the defendants will have more than adequate basis to understand the charges against them with sufficient precision to prepare for trial.

3

Finally, Rule 7(f) does not entitle the defendants to the granular information they seek.  For example, the defendants request (Mot. 2) "each and every statement upon which the government intends to rely" related to the defendants' intended entrance of the Capitol.  But not only can the defendants, through their own investigation and review of the government's discovery materials, identify their *own* statements, they are not entitled to "detailed information about the conspiracy" through a bill of particulars.  *See Sanford Ltd.*, 841 F. Supp. 2d 309 at 315-16.  A bill of particulars, in short, is not a weapon that enables the defendants to "force the government to reveal all its evidence before trial."  *United States v. Taylor*, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014).

For all these reasons, the defendants' motion for a bill of particulars should be denied.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

By:        _____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Ahmed M. Baset
Troy A. Edwards, Jr.
Jeffrey S. Nestler
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

*/s/ Alexandra Hughes*
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue
NW Washington, D.C. 20004

4