# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> v. ) </br> ) </br> KELLY MEGGS, ) </br> ) </br> Defendant. ) | Criminal No. 21-28-8 (APM) |
| UNITED STATES OF AMERICA, ) </br> ) </br> v. ) </br> ) </br> CONNIE MEGGS, ) </br> ) </br> Defendant. ) | Criminal No. 21-28-9 (APM) |

## ORDER

Defendants Kelly and Connie Meggs seek a bill of particulars that details the evidence supporting the conspiracy (Count One) and destruction of property (Count Three) charges against them. *See* Defs.' Mot. for Bill of Particulars, ECF No. 155. Specifically, Defendants ask the Government to identify, among other things, the earliest statement or event establishing the conspiracy, statements in furtherance of the conspiracy by any co-defendant, statements indicating when Defendants joined the conspiracy, and statements by Defendants concerning their intent prior to January 6, 2021, to enter the Capitol building. *See id.* at 1–2. Defendants also want the Government to identify any act of destruction of property committed by each Defendant and the monetary value of such damage. *See id.* at 2.

"A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). "Yet if the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Id.* "[W]hether a bill of particulars is necessary rests within the sound discretion of the trial court." *See United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (internal quotation marks omitted).

Defendants in this case have not demonstrated a need for a bill of particulars at this juncture. The Third Superseding Indictment spells out the conspiracy count over 15 pages. *See* Third Superseding Indictment, ECF No. 127 [hereinafter Third Superseding Indictment], at 6–21. It identifies the object of the conspiracy, the time period of the conspiracy, the conspiracy's members, and the manner and means of the conspiracy. *See id.* ¶¶ 27–29. The charging document also contains 80 paragraphs detailing overt acts in furtherance of the conspiracy, *see id.* ¶¶ 30–110, some of which directly implicate Defendants—particularly Kelly Meggs, *see id.* ¶¶ 37–39, 48–50, 56, 59, 68, 70, 74–75, 87, 90, 95–100, 110. Additionally, the Government is in the process of producing a large volume of discovery that presumably contains the particulars that Defendants seek and will allow them to adequately prepare for trial. Such discovery, when combined with the details of the conspiracy set forth in the indictment, make a bill of particulars unnecessary at this stage of the case. *See United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999) ("A bill of particulars is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence.").

To be sure, the Third Superseding Indictment offers less detail about the specific property that Defendants are alleged to have destroyed. *See* Third Superseding Indictment ¶¶ 112–113.

However, at various detention hearings, including those of Defendants, the Government has articulated its theory of prosecution with respect to this charge: that Defendants aided and abetted or conspired to damage doors on the east side of the Capitol building as part of a larger mob of individuals that forced its way into the Capitol. *See, e.g.*, Gov't's Opp'n to Def.'s Renewed Request for Pretrial Release, ECF No. 98, at 4–5. Presumably, discovery will elucidate the evidence to support this charge. Accordingly, a bill of particulars is not appropriate.

For foregoing reasons, the court denies, without prejudice, Defendants' Motion for a Bill of Particulars.

Dated: April 27, 2021

Amit P. Mehta
United States District Court Judge