UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-cr-28 (APM) |
| v. | : | |
| | : | |
| THOMAS CALDWELL, | : | |
| DONOVAN CROWL, | : | |
| JESSICA WATKINS, | : | |
| SANDRA PARKER, | : | |
| BENNIE PARKER, | : | |
| GRAYDON YOUNG, | : | |
| LAURA STEELE, | : | |
| KELLY MEGGS, | : | |
| CONNIE MEGGS, | : | |
| KENNETH HARRELSON, | : | |
| ROBERTO MINUTA, and | : | |
| JOSHUA JAMES, | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' RENEWED MOTION TO CONTINUE AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America hereby submits this motion for a 60-day continuance of the above-captioned proceeding, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. Due to the voluminous discovery materials that exist in this matter, the unusual and complex nature of the prosecution, and the time needed by both the defense and the government to effectively prepare for trial, the government maintains that the interests of justice would best be served by continuing the case for another 60 days after the upcoming June 1 status hearing, and excluding that time from the Speedy Trial calculation. The need for such actions outweighs the interests of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), (ii), and (iv).

As of the time of filing, Counsel for Defendants Caldwell, Connie Meggs, and James

consented to the filing of this motion. Counsel for the other defendants had not had an opportunity to respond to the government's proposal as of the time of filing.

## BACKGROUND

In this case, all 12 defendants are currently charged together by way of indictment with conspiracy, in violation of 18 U.S.C. § 371, obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), and entering a restricted building without lawful authority, in violation of 18 U.S.C. § 1752(a)-(b), for their role in the attack on the United States Capitol on January 6, 2021. Several of the defendants also stand charged with destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361, 2, and obstruction – tampering with documents, in violation of 18 U.S.C. § 1512(c)(1).

On April 8, 2021, the Court granted the government's motion to continue and exclude time in this matter, finding that the investigation into the events that gave rise to the charges against these defendants is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). (ECF No. 145.) The Court therefore ruled that the interests of justice would be served by tolling the computation of time under the Speedy Trial Act for a period of approximately 55 days, through and including the upcoming status hearing scheduled for June 1, 2021.

Since that time, the government has continued to provide discovery to the defense. To date, the government has provided over a terabyte of data in discovery materials. This discovery includes but is not limited to:

- Most of the U.S. Capitol surveillance footage that the government has identified as

showing the charged defendants' movements through the Capitol;

- All of the public source videos located by the government that show the defendants' movements in and around the Capitol on January 6, 2021;

- All of the surveillance video in the government's possession from the Comfort Inn Ballston, where the government alleges several members of this conspiracy stayed during the January 5-7 time frame;

- Body-worn camera footage of some but not all of the law enforcement officers who would have been in a position to capture events relevant to the defendants charged in this particular case;

- Copies of two Signal chats and the recording of the "Stop the Steal J6" Zello channel from January 6, 2021, which the government alleges are evidence of planning and coordination by the charged and uncharged conspirators in this matter;

- All of the subpoena returns relevant to the charged defendants that were in the government's possession as of April 6, 2021 (the government has received additional subpoena returns since that time, but it is still processing these returns for production);

- Information about or copies of evidence seized pursuant to most of the roughly 50 search warrants that had been executed as of the time of the April 6 status hearing, to include the full extractions from the cellular telephones seized from all 12 defendants (approximately 20 phones in total), which are being provided to the defense this week;

- The reports and attachments from the FBI files, for each of the charged defendants,

3

>    that the government has deemed to be discoverable at this time (excluding, for example, reports regarding interviews of witnesses who do not provide inculpatory or exculpatory/impeaching information, and reports relating solely to the investigation of currently uncharged subjects); and
> 
> - Arranging tours of the Capitol for defense counsel.

The investigation of this matter is ongoing, and the government continues to gather discoverable materials, which it will continue to provide to the defense on a rolling basis.

The government also only recently began reaching out to defendants' counsel about possible resolutions of these matters short of trial. These discussions are ongoing.

## ARGUMENT

The Speedy Trial Act allows this Court to grant a continuance and to exclude that time from the Speedy Trial calculation upon a finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors the Court must consider in determining whether to grant such a continuance are whether the failure to grant a continuance would result in a miscarriage of justice, whether the case is so unusual or complex that it is unreasonable to expect the parties to be able to prepare for trial within the Act's standard time limits, and whether a continuance is necessary to give the attorneys for both the defendant and the government the time necessary for effective preparation. 18 U.S.C.§§ 3161(h)(7)(B)(i), (ii), (iv).

Each of those factors supports the government's request for a 60-day continuance. The historic-in-scope nature of the investigation and prosecution of the defendants charged in this case, as well as the broader set of cases involving the attack on the Capitol; the vast amount of evidence

that has been obtained and that must be processed, reviewed, and produced in discovery; and the inability of both defense counsel and the government to effectively prepare for trial without a continuance even with the exercise of due diligence, all establish that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). *See, e.g.*, *United States v. Rice*, 746 F.3d 1074, 1078 (D.C. Cir. 2014) ("With 19 codefendants, a conspiracy spanning multiple states and countries, hundreds of hours of wiretaps (many in Spanish), the case—considered in its entirety—was sufficiently complex to justify the [270-day] continuance.") (citing 18 U.S.C. § 3161(h)(7)(B)(ii)); *United States v. Gordon*, 710 F.3d 1124, 1158–59 (10th Cir. 2013) (affirming ends-of-justice continuance in multiple-defendant case where the "evidence was extensive and complex, and . . . it would take additional time to sufficiently analyze and organize the evidence before trial"); *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002) (finding "[t]his was a complex case" where, in nine-defendant case, "[t]he volume of discovery and the number of defendants involved justified some delay"); *United States v. Jimenez-Mendez*, No. 2:19-cr-00151-1, 2021 WL 688743, at *12 (E.D. Pa. Feb. 23, 2021) (excluding nearly a year of time due to "unusual and complex nature of the case" involving "more than a dozen defendants . . . and extensive discovery, including approximately 4,000 hours of intercepted calls"); *United States v. Gutierrez*, NO. 06-CR-582-4, 2007 WL 4302812, at *1 (E.D. Pa. Dec. 6, 2007) (granting ends-of-justice continuance based upon "the number of defendants, the nature of the prosecution, and the nature and quantity of the evidence," in case involving ten co-defendants and voluminous discovery); *United States v. Shaw*, 510 F. Supp. 2d 148, 152 (D.D.C. 2007) (finding "that this is a complex case given the number of defendants and the nature of the charges" where case "involve[d] ten counts against

5

seven defendants and allege[d] a drug conspiracy spanning almost seven years").

## CONCLUSION

WHEREFORE, the government respectfully requests that this Court grant the motion for a 60-day continuance of the above-captioned proceeding, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: _____
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Ahmed M. Baset
Troy A. Edwards, Jr.
Jeffrey S. Nestler
Assistant United States Attorneys
Louis Manzo
Special United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

*/s/ Alexandra Hughes*
Alexandra Hughes
Justin Sher

Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004