UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 21-cr-28 (APM) |
| v. : | |
| : | |
| THOMAS CALDWELL, : | |
| DONOVAN CROWL, : | |
| JESSICA WATKINS, : | |
| SANDRA PARKER, : | |
| BENNIE PARKER, : | |
| LAURA STEELE, : | |
| KELLY MEGGS, : | |
| CONNIE MEGGS, : | |
| KENNETH HARRELSON, : | |
| ROBERTO MINUTA, : | |
| JOSHUA JAMES, : | |
| JONATHAN WALDEN, : | |
| JOSEPH HACKETT, : | |
| JASON DOLAN, : | |
| WILLIAM ISAACS, : | |
| DAVID MOERSCHEL, and : | |
| BRIAN ULRICH, : | |
| : | |
| Defendants. : | |

### UNITED STATES' NOTICE
### REGARDING THE STATUS OF DISCOVERY

At the hearing on August 10, 2021, the government reported that we anticipate that "case-specific discovery"—the discovery most pertinent to the charges in this case—will be substantially complete in early September. The Court directed the government to provide a written report today on the status of discovery of all materials gathered in cases arising from the January 6 Capitol riot and attack—"office-wide discovery"—and specifically when a database storing that discovery will be made available to the defense. The answer to the Court's inquiry is as follows.

As discussed at prior status conferences, the government is developing a plan to make office-wide discovery accessible to the defense through a "database." That "database" will

consist of two platforms, tracking the two major categories of office-wide discovery—documentary material and digital material. The first platform, for documentary material, will be a Relativity database. The second platform, for digital material, will be a cloud-based digital evidence management system.

There will no longer be a need for the defense to build or obtain their own platform(s) to receive this discovery as once had been anticipated and reported to the Court; rather, the government is working on building platforms accessible to the defense and conferring on specific features of those platforms with the Federal Public Defender. *See United States v. Robert Gieswein*, Case. No. 1:21-cr-24-EGS, ECF. No. 39 (D.D.C) (a courtesy copy of which is attached to this notice as Exhibit 1). The platforms will offer search and other analytical functions commensurate to those available to the government and will be restricted from government access—*i.e.*, the defense platforms will safeguard attorney work product and confidentiality. The government will make productions of material to the platforms on a rolling basis.

The government anticipates that the defense versions of the platforms—the Relativity database for documentary material and the cloud-based digital management system for digital material—will be available by early October, and that we will be able to provide more details about the mechanics of accessing the platforms and their functionality in early September.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: _____
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Ahmed M. Baset
Troy A. Edwards, Jr.

        Jeffrey S. Nestler
        Assistant United States Attorneys
        Louis Manzo
        Special Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        555 4th Street, N.W.
        Washington, D.C. 20530


        */s/ Alexandra Hughes*
        Alexandra Hughes
        Justin Sher
        Trial Attorneys
        National Security Division
        United States Department of Justice
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20004