IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) Criminal No. 1:21-cr-00028-APM |
| v. | ) ) |
| CONNIE MEGGS, | ) ) |
| Defendant. | ) ) |

### DEFENDANT CONNIE MEGGS' MOTION TO DISMISS

Defendant Connie Meggs, by and through her undersigned counsel, and pursuant to Federal Rule of Criminal Procedure Rule 12, respectfully requests this Court Order the Dismissal of the Fifth Superseding Indictment as to her because it fails to state an offense and violates several constitutional protections. In the alternative, Mrs. Meggs respectfully requests this Court reconsider its Denial of Mrs. Meggs' Motion for a Bill of Particulars. Mot. Bill of Particulars, *United States v. Kelly Meggs and Connie Meggs*, No. 21-cr-00028-APM (D.D.C. April 13, 2021) (ECF No. 155). Finally, in the alternative, because the Government has clearly not alleged plain facts to support the charges brought, the Government should be required to supplement its Indictment to plainly articulate the conduct alleged to have been criminal.

**I.   INTRODUCTION**

There is no specific evidence that Connie Meggs used any force to enter the Capitol, much less that Mrs. Meggs affirmatively sanctioned the use of force to enter the Capitol. Fifth Superseding Indictment ¶ 144 (ECF No. 328). Connie Meggs is alleged to have walked from the Rotunda, southbound towards the House of Representatives. *Id.* ¶ 155. There are no specific allegations that Mrs. Meggs destroyed any property. Further, there are no allegations of violent behavior *by* Connie Meggs. There are no allegations that Connie Meggs injured anyone - much

Page 1

less any specific allegation that she touched anything inside the Capitol. And Mrs. Meggs is alleged to have exited the Capitol Building shortly after she is alleged to have entered the building. *Id.* ¶ 160.

By seeking the dismissal of the Government's Fifth Superseding Indictment, Mrs. Meggs does not intend to diminish the significance of the events of January 6. However, the Government intends to convict Mrs. Meggs of a significant federal felony; Mrs. Meggs, a 59-year-old grandmother – who has never had a prior criminal allegation as against her. Mrs. Meggs is a homemaker who volunteers at a church-run thrift shop when she is not caring for her two minor grandchildren to assist the children's mother. Yet, without alleging any significant wrongdoing by her, the Government attributes to her an overwhelming amount of responsibility for the events of the day. They do so through a bare recitation of statutory elements unsupported by facts – despite having had nearly eight months to investigate. The government has no valid case against Mrs. Meggs and its now sixth attempt to create one must be dismissed.

## II. PROCEDURAL HISTORY

On February 11, 2021, Defendant Connie Meggs was charged by complaint with various offenses related to the allegation that she was present at the Capitol Building and/or its grounds during the violence that occurred there on January 6, 2021. Complaint, *United States v. Connie Meggs*, No. 1:21-mj-00225-RMM (D.D.C. Feb. 11, 2021) (ECF No. 1). On February 17th, 2021, Mrs. Meggs was arrested and detained until on or about March 26, 2021, when she was released on personal recognizance (ECF No. 114). On June 4, 2021, Mrs. Meggs was arraigned and entered a plea of Not Guilty as to all counts. On August 4, 2021, the Government filed its Fifth and operative Indictment as against Mrs. Meggs charging her with four (4) counts, again all related to the allegation that she was present at the Capitol Building and/or its grounds on January 6, 2021. (ECF No. 328).

### III.  LEGAL STANDARD

Rule 7 of the Federal Rules of Criminal Procedure provides that "the indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." Fed. R. Crim. P. 7(c)(1).  A defendant may move to dismiss an indictment on the grounds that, *inter alia*, it fails to state an offense or contains multiplicitous counts.  Fed. R. Crim. P. 12(b)(3)(B).  In considering a Rule 12 motion to dismiss, "the Court is bound to accept the facts stated in the indictment as true." *United States v. Syring*, 522 F. Supp. 2d. 125, 128 (D.D.C. 2007).  An "indictment must be viewed as a whole" and the "allegations must be accepted as true" in determining if an offense has been properly alleged. *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011).  The operative question is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed. *Id.*  In addition, to be sufficient, an indictment must "fairly inform[] [the] defendant of the charge against which [s]he must defend, and [] enable[] [her] to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907 (1974).

### IV.  ARGUMENT

The Fifth Superseding Indictment must be dismissed in its entirety as to Defendant Connie Meggs.  Regarding Count One, the Government has failed to allege facts sufficient for a jury to conclude that Mrs. Meggs entered into a criminal agreement to interfere with the "certification of the electoral college vote," or that the alleged conspiracy actually sought to so interfere.

In the alternative, Counts One and Two must also be dismissed because the "certification of the electoral college vote" is not an "official proceeding" or because the Government has not alleged that either Mrs. Meggs or any alleged co-conspirator "corruptly" interfered with the

"certification of the electoral college vote" as is required by the applicable statute and thus the Government has failed to allege an essential element of the charged offense.

Also in the alternative, Counts Two and Four must be dismissed because they violate the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution in that each offense criminalizes the same conduct. And Count Four must also be dismissed because "restricted building and grounds" does not include the Capitol Building and/or its grounds when they are not specifically protected by the United States Secret Service and thus the Government has failed to allege an essential element of the charged offense.

Finally, Count Three must be dismissed because the Government has failed to allege any facts sufficient to find that Mrs. Meggs willfully injured or committed depredation against property of the United States.

A.  *The Indictment Fails to Allege that Mrs. Meggs Joined Any Conspiracy*

In order for an indictment to be constitutionally valid, the indictment when viewed as a whole must contain all essential elements of the offense charged. *Bowdoin*, 770 F. Supp.2d at 146. Charging conspiracy requires the Government to allege that "two or more persons conspire[d] . . . to commit any offense against the United States, . . . and one or more of such persons do any act to effect the object of the conspiracy." 18 U.S.C. §371. Indeed, the essence of a conspiracy is "an agreement to commit an unlawful act." *United States v. Jimenez Recio*, 537 U.S. 270, 274 (2003) (quoting *Iannelli v. United States*, 420 U.S. 770, 777 (1975)). Yet nowhere in the operative Indictment does the Government allege any facts to show that Mrs. Meggs entered into a *criminal agreement* to commit any offense against the United States. Of note, "mere association, standing alone, is inadequate; an individual does not become a member of a conspiracy merely associating with conspirators known to be involved in crime." *United*

*States v. Gaskins*, 690 F.3d 569, 580 (D.C. Cir. 2012) (quoting *United States v. Wardell*, 591 F.3d 1279, 1288 (10th Cir. 2009)).

Here, the operative Indictment does not allege that Mrs. Meggs did anything more than associate with a group of individuals alleged to have included her husband. Specifically, while the Indictment broadly alleges that Mrs. Meggs agreed "to participate in and plan[] an operation to interfere with the Certification of the Electoral College vote on January 6, 2021," Indictment ¶ 38(a) (ECF No. 328), *nowhere* in the 140 paragraphs describing the purported conspiracy does the government allege facts supporting this bare assertion. It does not because it cannot, the Government has no evidence, let alone evidence "sufficient to permit a jury to find" that Mrs. Meggs *actually* agreed to be a part of this purported conspiracy as opposed to simply associating with her co-defendants including, allegedly, her husband. For example, the government alleges that Mrs. Meggs, along with hundreds of others, "equipp[ed] [herself] with [a] communication device[] and donn[ed] [a] reinforced vest[], helmet[], and goggles," *id.* ¶106; that, Mrs. Meggs, as well as hundreds of others, "unlawfully entered the restricted Capitol grounds [and] [shortly thereafter, . . . gathered in a circle [with a group that allegedly included her husband];" *id.* ¶ 129; that, with a group allegedly including her husband, Mrs. Meggs "continued walking northbound along the exterior of the Capitol [and] then turned right [with the group] and entered the plaza in front of the east side of the Capitol;" *id.* ¶ 133; that, with a group allegedly including her husband, Mrs. Meggs "joined together with others *known and unknown* to form a column or stack of individuals wearing Oath Keepers clothing, patches, insignia, and battle gear (the "Stack") [and] [t]ogether . . . maneuvered in an organized fashion up the steps on the east side of the Capitol;" *id.* ¶ 140 (emphasis added); that, with a group allegedly including her husband, Mrs. Meggs "forcibly entered the Capitol," *id.* ¶ 144; that, with a group allegedly including her

husband, Mrs. Meggs "*joined the larger mob* in pushing past at least one law enforcement officer," *id.* ¶ 145 (emphasis added); that with this mob, Mrs. Meggs "collectively moved into an area inside the [Capitol] known as the Capitol Rotunda," *id.* ¶ 146; that, with a group that allegedly included her husband, Mrs. Meggs "walked southbound out of the Rotunda and towards the House of Representatives," *id.* ¶ 155; that, with a group that allegedly included her husband, Mrs. Meggs "exited the Capitol," *id.* ¶ 160; and that, with a group that allegedly included her husband, Mrs. Meggs "gathered approximately 100 feet from the Capitol, near the northeast corner of the building." *Id.* ¶ 177.

In short, the "overt acts" allegedly attributed to Mrs. Meggs could be attributed to any number of individuals present at the Capitol Building on January 6. Mrs. Meggs has now been charged in a *fifth* superseding indictment and more than six months have passed since she was originally charged in this action, but the Government alleges *no facts* sufficient for a jury to find that Mrs. Meggs entered into a criminal agreement or otherwise did anything other than associate with a group alleged to have include her husband. Charging Mrs. Meggs with a conspiracy requires more. *See Gaskins*, 690 F.3d at 580.

### B. The Alleged Conspiracy Lacks Criminal Purpose

Even were this Court to find that the Government has alleged sufficient facts for a jury to find that Mrs. Meggs criminally agreed to join the alleged conspiracy, the operative Indictment fails to allege any criminal purpose. The verb, the word of *action,* the very basis for the charge of any intention to facilitate obstruction, is a call to "stand tall" in support of President Trump and his campaign's *political* fight. Indictment ¶12 (ECF No. 328).

Nowhere in the Indictment does the Government allege facts supporting its presumption that the intent of the conspiracy was to interfere with the "certification of the electoral college vote." Indeed, publicly available news sources report that the Federal Bureau of Investigation

has found little evidence of a coordinated attempt to enter the Capitol Building and/or its grounds. *See* Mark Hosenball and Sarah N. Lynch, Exclusive: FBI Finds Scant Evidence U.S. Capitol Attack was Coordinated, Reuters (Aug. 20, 2021), *available at* https://www.reuters.com/world/us/exclusive-fbi-finds-scant-evidence-us-capitol-attack-was-coordinated-sources-2021-08-20/. To that end, "[the FBI] found no evidence that the groups had serious plans about what to do if they made it inside." *Id.* Rather, as the Indictment acknowledges, Mrs. Meggs's co-conspirators apparently agreed *not* to bring firearms or other dangerous weapons to the Capitol Building[1] and, in fact, *none* are alleged to have done so.[2]

### C.  18 U.S.C. § 1512 is Constitutionally Vague

As permitted by the Court, Mrs. Meggs has previously adopted the Motions to Dismiss filed by co-defendants Caldwell (ECF No. 240), and Harrelson (ECF No. 278), *see* Mot. Adopt (ECF No. 262); Notice of Adoption (ECF No. 304), and will not reiterate those arguments here. *See also* Mot. Dismiss, *United States v. Grider*, No. 21-cr-00022-KBJ (D.D.C. March 22, 2021) (ECF No. 21); Mot. Dismiss, *United States v. Pepe*, No. 21-cr-00052-TJK (D.D.C. May 11, 2021) (ECF No. 48); Mot. Dismiss, *United States v. Pruitt*, No. 21-cr-00023-RCL (D.D.C. May

---

[1] The Government acknowledges an intent to comply with applicable law by Mrs. Megg's co-conspirators. For example, the Indictment references a communication by one co-conspirator: "You guys Gonna carry?" and "*Ok we aren't either*, we have a heavy QRF 10 Min out though." Indictment ¶ 61 (ECF No. 328) (emphasis added). The same co-conspirator is also alleged to have asked "what types of weapons were legal in the District of Columbia," *id.* ¶ 39, and later writes "DC is no guns." *Id.* ¶ 50. And again, none of the co-conspirators are alleged to have been possession of firearms at the Capitol Building and/or its grounds. Further, the Government acknowledges Mrs. Meggs's co-conspirators were specifically tracking a "worst case scenario, where the President calls us up as part of the militia to assist him inside DC . . . . if he does invoke the Insurrection Act." *Id.* ¶ 13.

[2] Jill Sanborn of the FBI testified before the Senate on March 3, 2021 that the FBI did not confiscate any firearms from the Capitol and that no one got charged for firearms violations. Ms. Sanborn further testified that no shots fired besides shots fired were those that killed the one lady (Ashlee Babbitt)". CNN Newsroom, *TRANSCRIPTS*: *FBI and Defense Officials Testify on Deadly Insurrection*, http://www.cnn.com/TRANSCRIPTS/2103/03/cnr.06.html.

26, 2021) (ECF No. 14); Mot. Dismiss, *United States v. Nordean*, No. 21-cr-00175-TJK (D.D.C. June 3, 2021) (ECF No. 94); Mot. Dismiss, *United States v. Miller*, No. 21-cr-00119-CJN (D.D.C. June 28, 2021) (ECF No. 34); Mot. Dismiss, *United States v. Chansley*, No. 21-cr-00003-RCL (D.D.C. June 29, 2021) (ECF No. 54). By way of brief summary, the Government's charges based on 18 U.S.C. § 1512 (Counts I and II) are unconstitutionally vague and, therefore, the Government has failed to allege all essential elements of the offense charged. *See Bowdoin*, 770 F. Supp. 2d at 146.

Section 1515(c)(2) of Title 18 of the United States Codes criminalizes "corruptly . . . obstruct[ing], influenc[ing], or imped[ing]any official proceeding, or attempts to do so." Yet the government's Indictment fails to allege that anyone "corruptly" did anything or that any "official proceeding" was implicated as those necessary terms are defined by the statute. It is beyond dispute that the Government has never charged *anyone* based on the conduct alleged to have occurred on January 6. Thus, this Court must determine whether the statute giving rise to the charges as against Mrs. Meggs was intended to criminalize the conduct allegedly attributed to her. To determine legislative intent, courts "always begin with the text of the statute." *United States v. Barnes*, 295 F.3d 1354, 1359 (D.C. Cir. 2002). "It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain . . . the sole function of the courts is to enforce it according to its terms." *United States v. Hite*, 769 F.3d 1154, 1160 (D.C. Cir. 2014) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917) (internal quotes omitted)).

(i) <u>The Indictment Fails to Identify an Official Proceeding</u>

Section 1515(a)(1) defines an "official proceeding" as, *inter alia* "a proceeding before the Congress." Nothing in the statute, its legislative history, or the rules of the Congress suggest, however, that the "certification of the electoral college vote" is an "official proceeding before the

Congress." Specifically, where Congress lacks a "legislative purpose," it exceeds its investigative authority and ceases to function with legislative authority. *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031 (2020), *see also United States v. Rainey*, 757 F.3d 234, 246 (5th Cir. 2014) (finding that §1505, a similar obstruction statute, when viewed as a whole reflected an intent to deter obstruction of congressional investigations). In short, any proceeding of the Congress lacking a "legislative purpose" is not an official proceeding and therefore not covered by section 1512(c)(2).

        (ii)    <u>The Indictment Fails to Allege Corrupt Intent</u>

Similarly, an essential element of section 1512(c)(2) is the requisite corrupt intent, or an action that "obstructs, influences, or impedes" and an "official proceeding" as defined above. However, without being explicitly defined, the phrase "corruptly" has been deemed unconstitutional vague, at worst, or, at best "to include only 'corrupting' another person by influencing him to violate his legal duty." *See United States v. Poindexter,* 292 U.S. App. D.C. 389, 951 F.2d 369, 379 (1991). Here, there is no allegation that either the co-conspirators or Mrs. Meggs sought to corruptly influence any other persons and, therefore, an essential element of the crime is not alleged and Counts One and Two must be dismissed.

    D.  *The Indictment Does Not Allege Mrs. Meggs Caused Any Harm to Government Property*

To allege destruction of government property, the Government must set forth facts sufficient to demonstrate a defendant "willfully injured or committed any depredation against any property of the United States" or attempt to do so. 18 U.S.C. §1361. Alternatively, the Government can allege that a defendant "aid[], abet[], counsel[], command[], induce[], or procure[]" the commission of an offense against the United States. 18 U.S.C. § 2.

"Depredation" has been defined by the Department of Justice's resource manual as "the act of plundering, robbing, pillaging, or laying waste." *Deal v. United States*, 274 U.S. 277, 283 (1927).  In addition, the Government must allege that Mrs. Megg's conduct was "willful," a phrase considered synonymous with such words as "voluntary," "deliberate," and "intentional." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  In the criminal context, "a 'willful' act is one undertaken with a bad purpose.  In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *United States v. Burden*, 443 U.S. App. D.C. 142, 157 (2019) (quoting *Bryan v. United States*, 524 U.S. 184 (1998)).

Mrs. Meggs does not dispute that damage occurred to the Capitol Building on January 6, but the Government has failed to allege that she attempted, aided or abetted, or otherwise did willfully damage any Government property on January 6.  To the contrary, Mrs. Meggs is alleged only to have been present at the Capitol Building and/or its grounds when *others* caused damaged thereto.  Indeed, the operative indictment is completely bare of any assertion that Mrs. Meggs engaged in any such conduct or what specific damage is attributed to her alleged actions.  Moreover, in order to successfully allege that Mrs. Meggs aided and/or abetted the destruction of property, it would have to allege facts sufficient to demonstrate that a defendant "in some sort associate[d] [her]self with the venture, that [s]he participate[d] in it as in something that [s]he wishe[d] to bring about, that [s]he [sought] by [her] action to make it succeed." *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949).  The Government has not alleged that Mrs. Meggs intended to or otherwise wished to bring about damage to the Capitol Building on January 6.  It has not because it cannot – as has been acknowledged by the Federal Bureau of Investigation. *See* Hosenball and Lynch, *supra*.

### *E. 18 U.S.C. § 1752 is Unconstitutionally Vague as Applied to Mrs. Meggs*

As permitted by the Court, Mrs. Meggs previously adopted the Motion to Dismiss of co-defendant Kenneth Harrelson, *see* Notice (ECF No. 304), and will not reiterate that argument here. *See also* Mot. Dismiss, *United States v. Nordean*, No. 1:21-cr-175 (D.D.C. June 3, 2021) (ECF No. 94). By way of summary, as applied in the operative Indictment, the Government alleges that by entering the grounds of the Capitol Building or the building itself, Mrs. Meggs "did knowingly enter and remain in a restricted building and grounds, that is, any posted cordoned-off, or other restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting, without lawful authority to do so." Indictment ¶ 183 (ECF No. 328).

Section 1752, however, specifies that the "restricted building and grounds" are to be under the protection of the United States Secret Service. The Government has not alleged, because it cannot, that the United States Secret Service was responsible for the protection of the entirety of the Capitol Building and its grounds and, to the best of the undersigned's knowledge, the Government has never asserted otherwise. To the extent the Government now contends section 1752 does cover the Capitol Building and its grounds when a United States Secret Service protectee is also at the Capitol Building or on its grounds, neither Mrs. Meggs nor any other defendant had properly been given notice that the conduct with which they are alleged to have engaged would violate the statute and as applied to Mrs. Meggs it is void for vagueness. *See United States v. Granderson*, 511 U.S. 39, 54 (1994) (Under the Rule of Lenity, "where text, structure, and history fail to establish that the government's position is unambiguously correct," courts must "apply the rule of lenity and resolve the ambiguity in [the defendant's] favor.").

F.  *The Government Has Charged Count Two and Count Four in Violation of the Double Jeopardy Clause*

"The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth, provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Brown v. Ohio*, 432 U.S. 161, 164 (1977).  More specifically, the Double Jeopardy clause "protects against multiple punishments for the same offense." *Id.* at 165 (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).  Where one act or transaction violates multiple statutory provisions, the applicable test to determine whether the Double Jeopardy Clause has been violated is "whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  Under this test, "unless each statute requires proof of an additional fact which the other does not, the Double Jeopardy Clause prohibits successive prosecutions as well as cumulative punishment." *Brown*, 432 U.S. at 166.  Finally, while on the face of an indictment the same statutory violation may not be alleged twice, "[i]t has long been understood that separate statutory crimes need not be identical -- either in constituent elements or in actual proof - in order to be the same within the meaning of the constitutional prohibition." *Id*. at 164.

Here, the Government has charged Mrs. Meggs with both Obstruction of an Official Proceeding under 18 U.S.C. §1512 and Entering or Remaining in Restricted Grounds under 18 U.S.C. §1752.  Obstruction of an Official Proceeding requires that a defendant "corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so."  Entering or Remaining in Restricted Grounds requires that a defendant "knowingly enter[] or remain[] in any restricted building or grounds without lawful authority to do so."  Essentially, under the authority of these two statutes, the Government is attempting to charge Mrs. Meggs under each statute for the same alleged act: that Mrs. Meggs allegedly entered the Capital Building on January 6, 2021.

(i)     Neither Charge Requires Proof of A Unique Fact

In the Government's Fifth and final superseding indictment, it brought (amongst others) Counts 2 and 4 against Mrs. Meggs and alleged that Mrs. Meggs, again along with hundreds of others, "unlawfully entered the restricted Capitol grounds," Indictment ¶ 129 (ECF No. 328); that Mrs. Meggs "joined together with others known and unknown to form a column or stack of individuals wearing Oath Keepers clothing, patches, insignia, and battle gear, (the "Stack")" *Id.* ¶ 140; that "[t]ogether, the Stack maneuvered in an organized fashion up the steps on the east side of the Capitol—each member keeping at least one hand on the shoulder of the other in front of them," *Id.*; that "[a]t the top of the steps, the Stack joined and then pushed forward alongside a *mob* that aggressively advanced towards the east side Rotunda doors at the central east entrance towards the officers and the doors, and pulled violently on the doors," *Id.* ¶ 142 (emphasis added); that shortly after 2:39 p.m., "the Capitol doors were breached by the *mob*," *Id.* ¶ 143 (emphasis added); that "[a]bout a minute later . . . Connie Meggs . . . and the others in the Stack forcibly entered the Capitol," *Id.* ¶ 144; that "[a]t 2:45 p.m., Kelly Meggs, Connie Meggs, Harrelson, Hackett, Dolan, Moerschel, and Berry walked southbound out of the Rotunda and towards the House of Representatives," *Id.* ¶ 155; and that "[a]t 2:59 p.m., Kelly Meggs, Connie Meggs, and Berry exited the Capitol," *Id.* ¶ 160.

Notably, these are the only alleged facts that the Government relies upon in charging Mrs. Meggs with violations of both §1512 and §1752. Thus, the only alleged predicate conduct upon which the Government relies in charging Mrs. Meggs with violations of § 1512 *and* § 1752 is that she allegedly entered the Capitol Building and/or its grounds. However, as has long been required, to charge a defendant with two separate statutory provisions, at least one of those statutes must require the proof of a fact that the other does not. *See, e.g.*, *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Texas v. Cobb*, 532 U.S. 162, 173 (2001); *United States v.*

*Johnson*, No. 19-3094, 2021 U.S. App. LEXIS 20634, at *6 (D.C. Cir. July 13, 2021); *United States v. Cooper*, 886 F.3d 146, 153 (D.C. Cir. 2018).

Put differently, Mrs. Meggs is alleged to have "attempted to, and did, corruptly obstruct[ed], influence[d], and impede[d] an official proceeding, that is, the Certification of the Electoral College vote, and did aid and abet others known and unknown to do the same," Indictment ¶ 179 (ECF No. 328), by allegedly *entering the Capitol Building and/or its grounds*, and Mrs. Meggs is alleged to have "knowingly enter[ed] and remain[ed] in a restricted building and grounds, that is, any posted, cordoned-off, or otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting, without lawful authority to do so," *id.* ¶ 183, by allegedly *entering the Capitol Building and/or its grounds*. The Double Jeopardy Clause of the Constitution precludes the Government from charging Mrs. Meggs with two separate offenses based on the same operative conduct. *Brown*, 432 U.S. at 165. For these reasons, the *Blockburger* test fails, and accordingly the charging of both statutory provisions subjects Mrs. Meggs to multiple punishments for the same offense in violation of the Double Jeopardy Clause. Thus, the charges against Mrs. Meggs must be dismissed.

## CONCLUSION

For these reasons, Mrs. Meggs respectfully requests this Court dismiss the Fifth Superseding Indictment as to her.

[SIGNATURE ON NEXT PAGE]

Dated: September 2, 2021    Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*/s/* Juli Z. Haller
Juli Z. Haller, (D.C. Bar No.466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

*Counsel for Defendant Connie Meggs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **CONNIE MEGGS,** <br><br> **Defendant.** | ) <br> ) <br> )    Criminal No. 1:21-cr-00028-APM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

On September 2, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                             */s/ Stanley E. Woodward, Jr.*
                                  Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                  BRAND WOODWARD LAW, LP
                                  1808 Park Road NW
                                  Washington, DC  20010
                                  202-996-7447 (telephone)
                                  202-996-0113 (facsimile)
                                  Stanley@BrandWoodwardLaw.com

                                  *Counsel for Defendant Connie Meggs*