UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Case No. 21-cr-28 (APM) |
| THOMAS EDWARD CALDWELL et al., | ) ) ) | |
| Defendants. | ) ) | |

## OMNIBUS ORDER

Before the court are five motions filed pursuant to Federal Rule of Criminal Procedure 12: (1) Defendant Thomas Edward Caldwell's Motion for Dismissal of Indictment, ECF No. 240;[1] (2) Defendant Joshua James's Motion to Dismiss Count 8 and Portions of Count 13 of the Indictment, ECF No. 269;[2] (3) James's Motion for Bill of Particulars, ECF No. 270;[3] (4) Defendant Kenneth Harrelson's Motion to Dismiss Counts 1, 2, 3, 4, & 12 of the Fourth Superseding Indictment, ECF No. 278;[4] and (5) Caldwell's Motion to Transfer Venue, ECF No. 273.[5]

Before turning to the substance of these motions, two preliminary clarifications are in order. First, after Defendants filed their Rule 12 motions, a grand jury returned a Fifth Superseding Indictment in this case. *See* Fifth Superseding Indictment, ECF No. 328 [hereinafter Fifth Superseding Indictment]. In addition to shifting the numbering for certain counts that Defendants have moved to dismiss—in particular, Count VIII against Defendant James is now Count IX—the

---

[1] Defendants Donovan Ray Crowl, Jessica Marie Watkins, Sandra Ruth Parker, Bennie Alvin Parker, Laura Steele, Kelly Meggs, Connie Meggs, Kenneth Harrelson, Roberto A. Minuta, Joshua A. James, Jonathan Walden, Joseph Hackett, Jason Dolan, William Isaacs, David Moerschel, and Brian Ulrich join this motion.
[2] Defendants Watkins, Kelly Meggs, and Harrelson join this motion.
[3] Although the counts this motion concerns have been brought solely against James, Defendants Kelly Meggs and Harrelson join this motion.
[4] Defendants Crowl, Watkins, Bennie Parker, Steele, Kelly Meggs, Connie Meggs, Minuta, James, Walden, Dolan, and Isaacs join this motion.
[5] Defendants Crowl, Watkins, Bennie Parker, Steele, Kelly Meggs, Connie Meggs, Harrelson, Minuta, Walden, Hackett, Dolan, Isaacs, and Moerschel join this motion.

Fifth Superseding Indictment removed allegations that any Defendant tampered with documents and impeded an investigation of the Federal Bureau of Investigation ("FBI"), leaving only the charge that Defendants allegedly obstructed a grand jury investigation. *Compare* Fourth Superseding Indictment, ECF No. 196, ¶ 183 (alleging impairment of evidence for use in "the FBI investigation and the grand jury investigation into the attack on the Capitol on January 6, 2021"), *with* Fifth Superseding Indictment ¶ 198 (alleging impairment of evidence for use in "the grand jury investigation into the attack on the Capitol on January 6, 2021"). That change moots Defendants' arguments that the counts charging obstruction of justice via tampering with documents were duplicitous. Second, the court defers ruling on the portions of the motions that argue for dismissal of Counts I and II of the Fifth Superseding Indictment until supplemental briefing related to those counts is completed.[6]

For the reasons that follow, the court: (1) denies Caldwell's and Harrelson's motions to dismiss (other than with respect to Counts I and II, as to which the court defers ruling), (2) denies James's motion to dismiss, (3) grants in part and denies in part James's motion for a bill of particulars, and (4) denies Caldwell's motion to transfer.

# I.

Defendants Caldwell and Harrelson both move to dismiss Count IV of the Fifth Superseding Indictment, which alleges a violation of 18 U.S.C. § 1752(a)(1), Entering and Remaining on Restricted Grounds. Section 1752(a)(1) makes it illegal for a person to "knowingly enter[] or remain[] in any restricted building or grounds without lawful authority to do so." 18 U.S.C. § 1752(a)(1). As relevant here, the statute defines "restricted buildings or grounds" to

---

[6] The court also defers ruling on Defendant Crowl's Motion to Dismiss Counts One and Two for Failure to State an Offense and for Vagueness, ECF No. 288, in its entirety pending supplemental briefing.

mean any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." *Id.* § 1752(c). The Fifth Superseding Indictment specifies the relevant "restricted building or grounds" in this case to be "any posted, cordoned-off, or otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting" on January 6, 2021. Fifth Superseding Indictment ¶ 183.

Caldwell advances two reasons that the section 1752 charge should be dismissed. First, he argues that the statute can be violated only if the Secret Service—and not some other law enforcement agency—creates a restricted perimeter, and he is not alleged to have entered a restricted perimeter set up by the Secret Service. *See* Def. Caldwell's Mot. for Dismissal of Indictment, ECF No. 240, at 20–22. Second, he contends that because he remained on the Capitol *grounds* and never entered the Capitol *building* where Vice President Mike Pence, a Secret Service protectee, was present, he did not violate 18 U.S.C. § 1752(a)(1). *See id.* at 18–19. Harrelson likewise argues that Count IV should be dismissed because only the Secret Service can create a restricted perimeter and posits that if the court concludes differently, Count IV should nonetheless be dismissed because (1) it is unconstitutionally vague as applied to Harrelson, (2) the rule of lenity requires the court to interpret the ambiguities in section 1752 in Harrelson's favor, and (3) the prosecution's application of section 1752 to an area that was restricted by an agency other than the Secret Service is an ex post facto law that violates the Due Process Clause of the Fifth Amendment. Def. Harrelson's Mot. to Dismiss Counts 1, 2, 3, 4, & 12 of the Fourth Superseding Indictment, ECF No. 278 [hereinafter Harrelson's Mot.], at 26–31.

Turning first to whether a charge under section 1752 requires that the Secret Service restrict the building or grounds at issue, Judge McFadden addressed this precise issue in *United*

3

*States v. Griffin*, No. 21-cr-92 (TNM), 2021 WL 2778557 (D.D.C. July 2, 2021).  In *Griffin*, Judge McFadden rejected each of the objections Caldwell and Harrelson make, concluding that "[s]ection 1752 says nothing about who must do the restricting."  *Id.* at *4.  The court went on to consider section 1752's statutory history and appellate authority on the provision, and ultimately maintained that the "proposed limitation" was simply "not required by the text."  *See id.* at *4–5.  The court finds Judge McFadden's reasoning in *Griffin* persuasive and adopts it in full here.

The court also adopts Judge McFadden's reasoning to reject Harrelson's challenges that the statute is unconstitutionally vague and that the United States' interpretation of the statute violates the rule of lenity and the prohibition on ex post facto criminal laws.  *See id.* at *5–6.  The United States' interpretation of the statute, as it was in *Griffin*, is "reasonable," and while "[s]ection 1752 is capacious," it is "not ambiguous."  *Id.* at *6.  Harrelson's objections therefore do not require dismissal of Count IV.

Caldwell urges the court not to follow *Griffin*, arguing that its holding would permit "virtually anybody" to create a restricted area, including state and local law enforcement officials.  Def. Caldwell's Reply in Supp. of Mot. to Dismiss, ECF No. 350, at 22.  He fears that the "the *Griffin* Court's interpretation would lead to uncertainty among law enforcement agencies and civilians alike."  *Id.*  But that concern is overstated in this case, which involves "a federally restricted zone," *United States v. Bursey*, 416 F.3d 301, 309 (4th Cir. 2005), that was demarcated by "permanent and temporary barriers to restrict access to the Capitol exterior," "Capitol Police barricades," and dozens of Capitol Police and other law enforcement officers on January 6, 2021, Fifth Superseding Indictment ¶¶ 5, 7.  Caldwell's apparent federalism and notice concerns therefore are not implicated.

Finally, the court is not moved by Caldwell's argument that he did not enter the Capitol building and thus cannot be prosecuted under section 1752(a)(1) for entering a restricted area. For Caldwell's argument to succeed, he must establish both that (1) he remained exclusively on the Capitol grounds and (2) there is a relevant legal distinction between the Capitol building and the Capitol grounds. The Fifth Superseding Indictment supports neither contention. It alleges that Caldwell "storm[ed] past barricades and climb[ed] stairs up to a balcony in the restricted area on the west side of the Capitol *building*." *Id.* ¶ 156 (emphasis added). The Fifth Superseding Indictment therefore charges Caldwell with entering the Capitol building—not simply remaining on the Capitol grounds—and at the motion to dismiss stage, the "court must presume the allegations of the indictment to be true," *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (alteration omitted) (internal quotation marks omitted). It is the jury's responsibility—not this court's—to determine if the west balcony of the Capitol is part of the Capitol building. Additionally, the indictment charges that the "restricted area" included both "the United States Capitol *and* its grounds, where the Vice President and Vice President-elect were temporarily visiting." Fifth Superseding Indictment ¶ 183 (emphasis added). Thus, even if Caldwell had remained solely on the Capitol grounds, as he claims, the indictment still charges him with entering and remaining in a restricted area. The indictment therefore does not support the building–grounds distinction on which Caldwell's argument rests. His motion to dismiss Count IV is denied.

## II.

Defendant Harrelson also moves to dismiss Counts III and XII from the Fifth Superseding Indictment on the grounds that they are not alleged in sufficient detail to provide him adequate notice of the charges against him. *See* Harrelson's Mot. at 33–34. Count III charges Harrelson with Destruction of Government Property and Aiding and Abetting under 18 U.S.C. §§ 1361, 2,

and Count XII charges Harrelson with Tampering with Documents or Proceedings in violation of 18 U.S.C. § 1512(c)(1).  Fifth Superseding Indictment ¶¶ 180–181, 202–204.

The D.C. Circuit has emphasized that "by using the statutory language and specifying the time and place of the offense," an indictment usually gives "the defendant fair notice of the charge against which he would need to defend himself, and also enable[s] him to protect himself against future prosecution for the same offense."  *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018).  Harrelson has failed to demonstrate that he is entitled to more than an identification of the statutory language he is charged with violating and a description of the time and place of his offense with respect to Counts III and XII.

In Count III, the Fifth Superseding Indictment tracks the language of 18 U.S.C. § 1361 and specifies that the government property that was destroyed was "the United States Capitol building" and that the damage occurred on "January 6, 2021."  Fifth Superseding Indictment ¶ 181.  The Indictment not only describes the time and place of the offense, it provides Harrelson with additional details on the specific property damaged and the manner in which the damage was allegedly inflicted.  Count III expressly cross-references paragraphs 142 and 143, *see id.* ("As set forth in paragraphs 142 through 143 . . . ."), which describe a "mob" throwing "objects and spray[ing] chemicals towards" the "east side Rotunda doors at the central east entrance to the Capitol," "pull[ing] violently on the doors," and "forcibly pushing against one of the east side Rotunda doors."  *Id.* ¶¶ 142–143.  These allegations are enough to give Harrelson adequate notice of the charges against him.

Count XII also withstands Harrelson's challenge.  Count XII parrots the language of 18 U.S.C. § 1512(c)(1) and adds that "[s]ometime after January 7, 2021, HARRELSON deleted from his cellular telephone certain media, files, and communications that showed his involvement

6

in the conduct alleged herein." Fifth Superseding Indictment ¶¶ 203–204. The Fifth Superseding Indictment describes the approximate time the alleged records were deleted ("[s]ometime after January 7, 2021") and gives Harrelson notice of the types of records that were allegedly deleted ("certain media, files, and communications" "from his cellular telephone"). *Id.* ¶ 203. Beyond objecting that the charge "fails to sufficiently allege what [he] allegedly deleted," Harrelson does not explain why the Fifth Superseding Indictment is the unusual case where more detail is required. Presumably, discovery will fill in the details; and if it does not, Harrelson can seek a bill of particulars, which he has not done. The court therefore concludes that Count XII passes muster as alleged.

### III.

The court turns next to Defendant James's motions. James moves to dismiss Count IX because it fails to identify which police officer he is accused of assaulting. Def. James's Mot. to Dismiss Count 8 & Portions of Count 13 of the Indictment, ECF No. 269, at 3–5. In the alternative, he seeks a bill of particulars identifying the police officer that he is accused of assaulting. *See* Def. James's Mot. for Bill of Particulars, ECF No. 270 [hereinafter James's Mot.], at 3. He also requests a bill of particulars identifying the specific grand jury proceeding that he is accused of impeding in Count XIII. *See* James's Mot. at 3–6.

At oral argument, counsel for James conceded that a bill of particulars identifying the officer that James is alleged to have assaulted would nullify his motion to dismiss, so the court first considers whether a bill of particulars is appropriate. *See* Oral Arg. Tr. (draft), Sept. 8, 2021, at 85. The court has discretion to order a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006). "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision

7

to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).  "Yet if the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Id*.  The court concludes that a bill of particulars with respect to Count IX is appropriate but not Count XIII.

It is unclear whether Count IX charges James with assaulting a single officer or multiple officers.  Although Count IX alleges that James "did forcibly assault, resist, oppose, intimidate, or interfere with *an officer* with the District of Columbia Metropolitan Police Department," and references "the victim," Fifth Superseding Indictment ¶ 193 (emphasis added), it also cross-references paragraphs 165 and 167.  Those passages describe a chaotic scene involving a "line of law enforcement officers" and state that James "yanked and pushed several of the riot officers out of the way." *Id.* ¶ 165.  Thereafter, James "was expelled" from the Rotunda "by at least one officer who aimed chemical spray directly at JAMES, and multiple officers who pushed him out from behind." *Id.* ¶ 167.  It is not clear which one or more of these officers James is accused of assaulting.  Because these allegations refer to a number of officers and detail a number of actions that could constitute assault, James must be apprised of which actions he allegedly took against which officer or officers constitute the assault the government has charged.

The United States argues that "[a]n indictment need not provide the name of the victim." Gov't's Omnibus Opp'n to Defs.' Mots. to Dismiss & for Bill of Particulars, ECF No. 313 [hereinafter Gov't's Opp'n], at 39.  But the cases it relies on for this proposition do not consider a situation in which there were numerous unidentified potential victims.  *See United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018) (noting "the government provided [the defendant] with the names of the victims in pretrial disclosures"); *United States v. Mendez-Colon*, 417 Fed. App'x

320, 322 (4th Cir. 2011) (finding no risk of double jeopardy on plain error review because "the record makes it clear the charged conduct related to the assaults of the two inmates and specifies the count relating to each inmate"). And the United States' citation to *United States v. Figueroa* is no more helpful because the defendant in that case did not argue that the indictment failed to identify his victim but rather that the indictment failed to explicitly cross-reference a statute. *See* No. 14-cr-672 (SRC), 2021 WL 1661202, at *8–9 (D.N.J. Apr. 28, 2021). Given that the Fifth Superseding Indictment here refers to multiple officers and multiple potentially assaultive behaviors, the allegations against James are distinct from these cases and require additional information for him to mount a defense and avoid double jeopardy at retrial.

The court is not persuaded, however, that James is entitled to a bill of particulars that identifies the "date," "case number," and "named defendants of any indictment that was the product" of the grand jury proceeding that he is charged with impeding in Count XIII. *See* James's Mot. at 4–5. Count XIII alleges that James destroyed Signal communications from his cell phone and instructed his alleged associate Mark Grods to do the same, in violation of 18 U.S.C. § 1512(c)(1). Fifth Superseding Indictment ¶¶ 206–207. Section 1512(c)(1) makes it unlawful to "corruptly . . . alter[], destroy[], mutilate[], or conceal[] a record, document, or other object, or attempt[] to do so, with the intent to impair the object's integrity or availability for use in an official proceeding." 18 U.S.C. § 1512(c)(1). An "official proceeding" includes "a proceeding before . . . a Federal grand jury." *Id.* § 1515(a)(1)(A).

As the United States argues, the level of detail that James seeks is simply not "necessary." Gov't's Opp'n at 43. A defendant need not be aware of the specific grand jury proceeding he is accused of obstructing so long as there is a "sufficient basis" for him to conclude that his "conduct had 'the natural and probable effect of interfering with a judicial or grand jury proceeding.'"

9

*United States v. Binday*, 804 F.3d 558, 591 (2d Cir. 2015) (quoting *United States v. Quattrone*, 441 F.3d 153, 171 (2d Cir. 2006)). This "nexus requirement [is] satisfied where a grand jury proceeding was 'foreseeable' because the defendant was aware 'that he was the target of an investigation.'" *Id.* (quoting *United States v. Persico*, 645 F.3d 85, 108 (2d Cir.2011)). Thus, it "is well established that a defendant need not know about a specific grand jury investigation for one to be foreseeable." *United States v. Brooks*, 828 Fed. App'x 9, 11 (2d Cir. 2020) (citing *Binday* and *Persico*); *see also United States v. Young*, 916 F.3d 368, 387–88 (4th Cir. 2019) (finding indictment insufficient in comparison to "cases in which courts have found that a grand jury proceeding . . . was reasonably foreseeable because of a defendant's actual awareness of an ongoing or impending investigation" that led to a grand jury proceeding). As it appears that the government will not have to prove at trial that James knew he was deleting Signal chats to obstruct a specific grand jury investigation, a bill of particulars specifying the granular detail he seeks is not warranted.

### IV.

Finally, Defendant Caldwell moves to transfer this case to the Western District of Virginia on the grounds that negative media attention about his case has poisoned the jury pool and that District of Columbia residents cannot dispassionately evaluate his case because of their political differences with him and former President Donald Trump. *See* Def. Caldwell's Mot. to Transfer Venue, ECF No. 273 [hereinafter Caldwell's Transfer Mot.]. A transfer of venue is appropriate only "if extraordinary local prejudice will prevent a fair trial." *Skilling v. United States*, 561 U.S. 358, 378 (2010). Ordinarily, it is preferable to wait until voir dire to determine whether it will be possible for a fair and impartial jury to be selected. *See United States v. Haldeman*, 559 F.2d 31, 62–63 (D.C. Cir. 1976) (counseling against a "pre-voir dire conclusion" that "a fair jury cannot be

selected"). A pre–voir dire "presumption of prejudice . . . attends only the extreme case." *Skilling*, 561 U.S. at 381.

Caldwell has not satisfied his heavy burden of establishing that the jury pool in the District of Columbia is presumptively biased against him, or any other Defendant. Caldwell relies almost exclusively on media attention to argue that no fair and impartial jury can be selected. *See* Caldwell's Transfer Mot. at 3–11. But the articles he cites as biasing the local populace against him are, for the most part, written by *national* media outlets. *See, e.g.*, *id.* at 4 (citing an article from *The Wall Street Journal*); *id.* at 5 (citing an interview aired on CBS News's *60 Minutes*); *id.* at 6 n.1 (citing an interview conducted by National Public Radio); *id.* at 7 (citing articles by the Associated Press and CNN). These articles were consumed by *national* audiences and say nothing about the jury pool in the District of Columbia specifically. And even if the news sources were local, it is well settled that "[p]retrial media coverage" does "not alone deny due process." *Skilling*, 561 U.S. at 380.

Moreover, Caldwell has utterly failed to present any evidence of *actual* bias in the jury pool. His assertions that media coverage "ha[s] prejudiced the potential District jury pool" are based entirely on his own speculation. *See* Caldwell's Transfer Mot. at 10–11. Nor is there any proof that the residents of the District of Columbia have any preconceived notions about Caldwell specifically, let alone that anything about him has been "seared into the minds of potential D.C. jurors." *Id.* at 16. In short, Caldwell has not put forth a scrap of evidence to support his claims of jury bias, and his motion to transfer venue is denied without prejudice.

**V.**

For the foregoing reasons, the court (1) denies Caldwell's Motion for Dismissal of Indictment, ECF No. 240, as to Count IV; (2) denies James's Motion to Dismiss Count 8 and

Portions of Count 13 of the Indictment, ECF No. 269; (3) grants James's Motion for Bill of Particulars, ECF No. 270, as to Count IX but denies the Motion as to Count XIII; (4) denies Harrelson's Motion to Dismiss Counts 1, 2, 3, 4, & 12 of the Fourth Superseding Indictment, ECF No. 278, as to Counts III, IV, and XII; and (5) denies Caldwell's Motion to Transfer Venue, ECF No. 273.

Dated: September 14, 2021

Amit P. Mehta
United States District Court Judge