IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **Criminal No. 1:21-cr-00028-APM** |
| v. | ) | |
| | ) | |
| **CONNIE MEGGS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**REPLY IN SUPPORT OF DEFENDANT CONNIE MEGGS'S MOTION TO DISMISS**

Mrs. Meggs has been charged, *inter alia*, with a conspiracy to commit a twenty-year

felony for which the government has *alleged no facts* evidencing her criminal intent to join that

conspiracy.  Indeed, the allegations as against Mrs. Meggs are *no different* than as against all

those individuals present at the Capitol on January 6.  The government's cavalier rebuttal of Mrs.

Meggs's argument is further evidenced in its response to Mrs. Meggs's assertion that the

government has failed to *allege any facts* evidencing the circumstances of how she aided and

abetted the destruction of property at the Capitol (because there is no suggestion that she actually

caused any damage).  Again, the allegations as against Mrs. Meggs are *no different* than as

against all those individuals present at the Capitol on January 6.  Finally, the government

misinterprets the requirements of the Double Jeopardy Clause of Constitution in suggesting that

because the literal elements of 18 U.S.C. § 1852(c)(2) and 18 U.S.C. § 1752 are different, the

Constitutional prohibition against Double Jeopardy is inapplicable.

*A.  The Indictment Fails to Allege Conspiracy*

The government submits that, because the Fifth Superseding Indictment sets forth "the

essential elements of the offense" of conspiracy, Opposition at 5 (ECF No. 442), nothing more is

required.  To the contrary, "[a]n indictment alleging a § 371 conspiracy is sufficient [only] if it

describes the essential nature of the conspiratorial *agreement*."  *United States v. Tajideen*, 319 F.

Supp. 3d 445, 462 (D.D.C. 2018) (emphasis added).  As the government acknowledges in its

own reliance on *Tajideen*, this Court upheld the underlying indictment *only* because it "*alleged*

*an agreement to commit an unlawful act*, the objects of the conspiracy, and the means by which

the conspiracy was carried out."  Opposition at 5 (ECF No. 443) (emphasis added).  Here, the

government *fails to allege* any facts purporting to support an agreement by Mrs. Meggs's to do

anything and certainly, nothing distinguishing her from the thousands gathered at the Capitol on

January 6.

Similarly, the government fails to address Mrs. Meggs's argument that the fifth

superseding indictment fails to allege corrupt intent and its charge under 18 U.S.C. § 1512(c)(2)

is thus unconstitutional as applied.  The government writes, in a footnote, that it "addressed

[Mrs. Meggs's] argument in its original omnibus opposition and supplement."  Opposition at 6

n.2 (ECF No. 443).  However, in its omnibus opposition, the government merely blanketly

asserted that the defendants' actions constituted an "unlawful and violent invasion of the Capitol

and its grounds and interfere[d] with federal law enforcement deployed to protect the Capitol and

its occupants on January 6."  Omnibus Opposition at 22 (ECF No. 313).  And the government's

supplement fails to address the argument at all.  Supp. Brief (ECF No. 437).

By way of summary, as against Connie Meggs, the government alleges:

- "Planning an operation to "interfere" with the Certification of the Electoral College vote on January 6, 2021 (the January 6 operation)," but "to interfere" lacks the requisite specificity to constitute "corruptly obstructing, influencing and impeding . . .[;]"

- Attending or scheduling trainings to teach and learn paramilitary combat tactics in advance of the January 6 operation, but training and learning defensive combat tactics is neither per se illegal nor wrong, and again lacks the requisite specificity to constitute "corruptly obstructing, influencing and impeding an official proceeding…[;]" and

- Using websites, social media, text messaging, and messaging applications to recruit other individuals to travel to Washington, D.C., to support the January 6 operation; or Coordinating in advance with others, including members of the Oath Keepers from other regions, and joining forces with these individuals and groups to further the January 6 operation; or Traveling to Washington, D.C., for the January 6 operation, all of which lack the requisite specificity to constitute "corruptly obstructing, influencing and impeding an official proceeding . . ."

Finally, as applied, the government's indictment directly contravenes the First Amendment in so much as it criminalizes a call to "stand tall" in support of a presidential campaign's political fight. Fifth Superseding Indictment ¶ 12 (ECF No. 328). *See Texas v. Johnson*, 491 U.S. 397, 406-07 (1989) ("'A law *directed* at the communicative nature of conduct must, like a law directed at speech itself, be justified by the substantial showing of need that the First Amendment requires.' It is, in short, not simply the verbal or nonverbal nature of the expression, but the governmental interest at stake, that helps to determine whether a restriction on that expression is valid." (quoting *Community for Creative Non-Violence v. Watt*, 703 F.2d 586, 622-23 (Scalia, J., dissenting) (emphasis original), rev'd sub nom. *Clark v. Community for Creative Non-Violence*, 468 U.S. 288 (1984)). *See also Reno v. ACLU*, 521 U.S. 844, 870-71 (1997) ("In addition to the opprobrium and stigma of a criminal conviction, [a criminal statute regulating speech] may well cause speakers to remain silent rather than communicate even arguably unlawful words, ideas, and images. As a practical matter, this increased deterrent effect, coupled with the 'risk of discriminatory enforcement' of vague regulations, poses greater First Amendment concerns than those implicated by . . . civil regulation . . . .").[1]

---

[1] The requisite need for particularity when the First Amendment is implicated is illustrated through past examples. For example, members of the peace activist group Code Pink infamously interrupted Secretary of State John Kerry's remarks before Congress in 2014, Daniel Nasaw, Why Protestors Code Pink Stay out of Jail, BBC (Sep. 19, 2014), *available at* https://www.bbc.com/news/magazine-29280937, or when naked protestors surrounded then-Speaker John Boehner's office in 2012, Sahil Kapur, Nude Protesters Arrested After Storming Speaker Boehner's Office, By Sahil Kapur, Talking Points Memo, Talking Points Memo (Nov. 27, 2012), *available at* https://talkingpointsmemo.com/dc/nude-protesters-arrested-after-storming-speaker-boehner-s-office, a Constitutional First Amendment challenge was avoided by prosecutors exercising their discretion not to pursue charges.

### B. *The Indictment Fails to Allege Mrs. Meggs's Destruction of Property*

The government fails to *allege facts* evidencing the circumstances of how she aided and abetted the destruction of property at the Capitol Building (because there is no allegation that she actually destroyed property). *See Nye & Nissan v. United States*, 336 U.S. 613, 619 (1949). The government responds by merely asserting that the Court addressed this argument in its September 14 Opinion (ECF No. 415). In its Opinion, the Court found:

> The D.C. Circuit has emphasized that 'by using the statutory language and specifying the time and place of the offense,' an indictment usually gives "the defendant fair notice of the charge against which he would need to defend himself, and also enable[s] him to protect himself against future prosecution of the same offense.' [The defendants] have failed to demonstrate that [they] are entitled to more than an identification of the statutory language [they] are charged with violating and a description of the time and place of [their] offense.

Opinion at 6 (ECF No. 415) (quoting *United States v. Williamson*, 903 F.2d 124, 130 (D.C. Cir. 2018)). Neither the Court nor the government, however, address Mrs. Meggs's contention that the government has failed to allege how Mrs. Meggs furthered any destruction of property other than by allegedly being present at the Capitol Building. *See United States v. Lumpkin*, 448 F.2d 1085, 1090 (D.C. Cir. 1971) ("What is required is evidence that the accused knowingly associated himself in some way with the criminal venture, that [she] participate in it as in something that [she] wishes to bring about and that [she] seek by his action to make it succeed."). The government cannot merely allege that by being present with a group of others, Mrs. Meggs is culpable for the their conduct.

---

Specifically, the reaction of the Capitol Police in response to Code Pink's protest is noteworthy: "But in Washington, the Capitol complex and committee hearings are by law and democratic tradition open to the public unless secret intelligence matters are being discussed. The police who guard the Capitol complex will not ban serial disrupters from the premises unless a judge deems extraordinary circumstances warrant it. 'The US Capitol Police respects and protects the right of people to peaceably assemble and exercise their rights under the First Amendment' to the US constitution, spokeswoman Lt Kimberly Schneider said in a statement. 'We balance providing security with maintaining a safe and open campus that is accessible to the general public.'" Nasaw, *supra*.

### C. *The Government Has Incorrectly Applied* Blockburger

The Government alleges that because 18 U.S.C. § 1512(c)(2) and 18 U.S.C. § 1752(a) contain literally different elements, Opposition at 11 (ECF No. 443), it is irrelevant that the facts alleged to satisfy those elements are the same.  This assertion misinterprets applicable law.

As iterated in Mrs. Meggs' Motion to Dismiss, where one act or transaction violates multiple statutory provisions, the applicable test to determine whether the Double Jeopardy clause has been violated is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  Under this test, "unless each statute requires *proof of an additional fact* which the other does not, the Double Jeopardy clause prohibits successive prosecutions." *Brown v. Ohio*, 432 U.S. 161, 166 (1977) (emphasis added).  Furthermore, while on the face of an indictment the same statutory violation may not be alleged twice, "[i]t has been long understood that separate statutory crimes need not be identical – either in constituent elements or in actual proof – in order to be the same within the meaning of the constitutional prohibition." *Id.* at 164.  Here, in violation of the Double Jeopardy Clause, the government charges Mrs. Meggs with two statutes requiring proof of no facts that are unique as to each other.

The authority cited by the government is not inapposite.  In *Albernaz v. United States*, 450 U.S. 333 (1981), the Supreme Court held that, "[i]t is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy clause." *Id.* at 345 n. 3.  In *Albernaz*, however, the defendants were charged with conspiracy to import marijuana and conspiracy to distribute marijuana, which required proof of two different

ends of the proscribed object of the conspiracy. *Albernaz*, 450 U.S.at 339.[2]  Neither § 1852(c)(2)

nor § 1752 require proof of a unique fact as to each other.

*Ianelli v. United States*, 420 U.S. 770 (1975), is similarly distinguishable in that there, the

Supreme Court held that charging one with a conspiracy to commit an offense as well as the

underlying offense does not violate the Double Jeopardy clause.  *Id.* at 785 n.17.  Put simply,

conspiracy to commit an offense requires proof of a criminal agreement, whereas the underlying

offense does not.  Of note, Mrs. Meggs does not challenge the governments indictment to the

extent it charges her with conspiracy to violate 18 U.S.C. § 1512(c)(2) as well as a separate

violation of § 1512(c)(2).  Nonetheless, *Ianelli*, does not permit the government to charge Mrs.

Meggs with two offenses not requiring proof of a fact unique as to each other.

As alleged by the government, obstruction of an official proceeding under 18 U.S.C.

§ 1512, requires that a defendant "corruptly . . . obstruct[], influence[], or impede[] any official

proceeding."  Here, the government has alleged that by entering the Capitol grounds as well as

the Capitol, Mrs. Meggs obstructed an official proceeding.  As alleged by the government,

entering or remaining in restricted grounds, under 18 U.S.C. § 1752, requires that a defendant,

"knowingly enter[] or remain[] in any restricted building or grounds without lawful authority to

do so."  Once again, the government has alleged that by entering the Capitol grounds as well as

the Capitol, Mrs. Meggs entered and/or remained on restricted grounds.  As applied here then,

the government's charging of § 1512(c)(2) and § 1752 does not require proof of any fact unique

to either respective offense.

---

[2] Nor is the government's reliance on the Fourth Circuit's opinion in *United States v. Allen*, 13 F. 3d 105 (4th Cir. 1993), persuasive.  In holding that convictions under 18 U.S.C. § 287, for making a false claim against the government, and under 18 U.S.C. § 1001, for making a false statement to a government official, despite a single statement forming the basis of the charges, the Fourth Circuit held that separate and distinct requirements that the government prove the statement created a false claim against the government as well as that the false statement was made to a government official were elements unique from each other.  *Id.* at 108.

## CONCLUSION

For the foregoing reasons, Mrs. Meggs respectfully requests this Court dismiss the Fifth

Superseding Indictment as to her.

[SIGNATURE ON NEXT PAGE]

Dated: October 14, 2021                    Respectfully submitted,

                                    /s/ *Stanley E. Woodward, Jr.*
                                    Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                    BRAND WOODWARD LAW, LP
                                    1808 Park Road NW
                                    Washington, DC 20010
                                    202-996-7447 (telephone)
                                    202-996-0113 (facsimile)
                                    Stanley@BrandWoodwardLaw.com

                                    /s/ Juli Z. Haller
                                    Juli Z. Haller, (D.C. Bar No.466921)
                                    The Law Offices of Julia Haller
                                    601 Pennsylvania Avenue, N.W., Suite 900
                                    Washington, DC 20004
                                    Telephone: (202) 729-2201
                                    HallerJulia@outlook.com

                                    *Counsel for Defendant Connie Meggs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
|  | ) |
|  | ) **Criminal No. 1:21-cr-00028-APM** |
| **v.** | ) |
|  | ) |
| **CONNIE MEGGS,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

## CERTIFICATE OF SERVICE

On October 14, 2021, the undersigned hereby certifies that a true and correct copy of the

foregoing was electronically filed and served via the CM/ECF system, which will automatically

send electronic notification of such filing to all registered parties.

Dated: October 14, 2021                     Respectfully submitted,

                                            _/s/ Stanley E. Woodward, Jr._
                                            Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                            BRAND WOODWARD LAW, LP
                                            1808 Park Road NW
                                            Washington, DC 20010
                                            202-996-7447 (telephone)
                                            202-996-0113 (facsimile)
                                            Stanley@BrandWoodwardLaw.com


                                            _/s/ Juli Z. Haller_
                                            Juli Z. Haller, (D.C. Bar No.466921)
                                            The Law Offices of Julia Haller
                                            601 Pennsylvania Avenue, N.W., Suite 900
                                            Washington, DC 20004
                                            Telephone: (202) 729-2201
                                            HallerJulia@outlook.com

                                            *Counsel for Defendant Connie Meggs*