IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 1:21-cr-00028-APM |
| | ) |
| CONNIE MEGGS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT CONNIE MEGGS'S MOTION TO RESCIND OR STRIKE THE COURT'S MINUTE ORDER OF NOVEMBER 12, 2021**

Defendant Connie Meggs, by and through her undersigned counsel, and pursuant to Federal Rule of Criminal Procedure Rule 44 and Rule 47, respectfully requests this Court to Rescind the Minute Order of November 12, 2021 because it lacks the requisite legal predicate, violates constitutional protections and prejudices Mrs. Meggs' defense in this action. The Memorandum of Points and Authorities, Exhibit, and Proposed Form of Order further support the Motion to Rescind and/or to Strike, and are incorporated herein. Oral argument is requested.

Undersigned counsel spoke with government counsel, Jeffrey Nestler, on November 30, 2021 in a good faith effort to secure consent for the relief sought in this motion, however, the government does not consent to the relief requested.

Dated: December 1, 2021         Respectfully submitted,

                    /s/ Juli Z. Haller
                    Juli Z. Haller, (D.C. Bar No.466921)
                    The Law Offices of Julia Haller
                    601 Pennsylvania Avenue, N.W., Suite 900
                    Washington, DC 20004
                    Telephone: (202) 729-2201
                    HallerJulia@outlook.com

                    *Counsel for Defendant Connie Meggs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 1:21-cr-00028-APM |
| | ) |
| CONNIE MEGGS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO RESCIND OR STRIKE
THE COURT'S MINUTE ORDER OF NOVEMBER 12, 2021**

## I.  INTRODUCTION

On November 2, 2021, the court heard David Wilson's Motion to Withdraw as Counsel for Kelly Meggs. Unexpectedly and with no notice or opportunity to object, Jeffrey Nestler, Counsel for the Government, requested relief in relation to undersigned counsel's representation of Mr. Kelly Meggs in the Civil Action, 1:21-CV-02265-APM, while representing his wife, Connie Meggs, in this Criminal Action, 1:21-cr-00028-APM. A party applying to the Court for an order must do so by motion. See FRCP 47. Not only did the government fail to file a motion, government counsel did not confer with the undersigned prior to the proceeding on November 2, 2021. Remarkably, without opportunity for briefing or response, this Court Ordered appointment of Ethics Counsel over *only* undersigned counsel and undersigned counsel's respective clients.

## II.  STATEMENT OF FACTS

2

The Court issued a minute Order on November 1, 2021 that addressed a Motion to Withdraw by David Wilson, counsel for Kelly Meggs in the case at bar:

> "**MINUTE ORDER rescinding MINUTE ORDER granting [472] Motion to Withdraw as Attorney. When the court granted the motion to withdraw, allowing Mr. Wilson to withdraw as counsel for KELLY MEGGS (8), it did not appreciate that Mr. Meggs's new counsel, Mr. Moseley, also has entered an appearance on behalf of Defendant KENNETH HARRELSON (10). The court will hold a hearing on the motion to withdraw before allowing Mr. Moseley to represent Mr. Meggs. The courtroom deputy will contact the relevant parties and counsel to set a hearing. Signed by Judge Amit P. Mehta on 11/01/2021.**"

On November 1, 2021, Jonathan Moseley, Esq., filed a motion to Substitute Attorney by Kelly Meggs.  See ECF 477.  And later that day, after that Motion to Substitute was filed, on November 1, 2021, the Court issued a "Notice of Hearing" for the following day, and that the courtroom deputy will circulate information to counsel.[1]  After the hearing, the Court granted David Wilson's Motion to Withdraw and granted Jonathan Moseley's Motion to Substitute.[2]

However, the Transcript for the proceeding on November 2, 2021 recently became available.  Notably absent is the undersigned counsel from the hearing and the Court's email that

---

[1] "NOTICE OF HEARING as to KELLY MEGGS (8) and KENNETH HARRELSON (10): A Hearing on the [472] Motion to Withdraw as Attorney is set for 11/2/2021 at 1:00 PM via videoconference before Judge Amit P. Mehta. The courtroom deputy has circulated connection information to counsel."

[2] 11/2/21:  "Minute Entry for proceedings held before Judge Amit P. Mehta: **Motion Hearing as to KELLY MEGGS (8) and KENNETH HARRELSON (10) held via videoconference on 11/2/2021. For the reasons stated on the record, the Court grants [472] Motion to Withdraw as Attorney by KELLY MEGGS (8), [477] Motion to Substitute Attorney by KELLY MEGGS (8), and [478] Motion to Withdraw as Attorney as to KENNETH HARRELSON (10)**. Bond Status of Defendants: remain in-custody; Court Reporter: William Zaremba; Defense Attorneys: David Wilson (8), Jon Moseley (8), and Bradford Geyer (10); US Attorney: Jeffrey Nestler. (zjd)"

would have placed counsel on notice of the hearing itself.  Nevertheless, the transcript reveals that the government then states the following:

> MR. NESTLER: …There is then sort of a related issue of a potential conflict with Mr. Meggs related to a civil case also pending before Your Honor with some of these same counsel, and I can flag that for Your Honor now if Your Honor would like.
> THE COURT: Yeah, why don't you just put it out on the table now. Then we can discuss it.
> MR. NESTLER: Sure, Judge. So it's come to our attention that there's a civil suit styled Smith versus Trump, the case number is 21-CV-2265. **It's also pending in front of Your Honor.  I don't know if it was a related case to this one or not or if it was randomly assigned to Your Honor.**
>
> THE COURT: **It was related to earlier suits filed arising out of the events of January 6th.  You can't cross-relate case number to case number, but in any event.**
>
> MR. NESTLER: Understood.  So it's also in front of Your Honor.  It also arises out of the events of January 6th, and Ms. Kelly Meggs is also a defendant in that case.
> THE COURT: Right.
>
> MR. NESTLER: **In that case, he's represented by an attorney named Julia Haller, who is also counsel for Mr. Meggs's wife in this case. And she represents Connie Meggs in this criminal case, and Kelly Meggs in that civil case. A***nd so that is a potential conflict.* **We do not know if there is a conflict or not, but that is an issue just to put out there.**  And then another related piece of that is there  was another defendant in the Smith versus Trump case, whose name is Zachary Rehl, R-e-h-l, who is also a criminal defendant in a case, I believe, not in front of Your Honor. And Mr. Rehl is represented by Mr. Moseley in both his criminal case, in front of a different judge in this courthouse, and also in the civil case. And so if we're filling this all in correctly, in the civil case, Mr. Meggs is representing Ms. Meggs in the criminal matter. That, arguably, raises some concerns. But in any event, we'll get to that in a moment.

(TR. pp. 7-8, attached as Exh. A)(emphasis added)

> THE COURT: Yeah, I think the conflict, frankly, is less -- I think the conflict, in a sense, doesn't involve Mr. Moseley, **it involves Haller, and whether she can kind of play the dual-role hat of representing Mr. Meggs in the civil case and representing his wife in the criminal case**. <u>I mean, that's the conflict.</u>  And absent -- without Ms. Haller here and without Ms. Meggs here, you know, I don't know that I can appropriately address the conflict, even if it's one that needs to be

4

> addressed, even if just to get consent, particularly if we need some kind of waivers.

(Exh A: Tr. p. 18, L.10-20).

At the hearing on November 2, 2021, the court explained that it can be the judge in both cases, the civil action, *Smith v. Trump*, et al. and the Oath Keepers case.  The court further recognized the absence of the undersigned counsel at the hearing on November 2nd. Nevertheless, undeterred by this absence, the government sought relief that was not before this Court by motion:

> **MR. NESTLER, I don't know what's going to happen there or what their defenses are going to be, obviously.  All I know is the allegations in the complaint.**
> THE COURT: Right…
> **Let me just say: Mr. Nestler, what is your request then? And to the extent that you have been given guidance or thought through this issue in terms of Ms. Haller, what is the current thinking of your office and your team?**
>
> MR. NESTLER: **We believe that if Ms. Haller and Mrs. Meggs were present in front of Your Honor and Your Honor had a similar colloquy that you just had with Mr. Meggs and Mr. Harrelson, that if there was any conflict, that they could waive the conflict. They just need to be aware of it so they can do this knowingly. I'm not sure about everyone's status about how aware they are.**
> **THE COURT: The only issue with -- I mean, again, I didn't think in this case there was a real concern about conflict.**
> …**Let me see what I can do. I probably should get a conflicts counsel to advise both me and those who are involved here about potential conflicts and get some sense of whether this is waivable, if we need waivers get those on the record, et cetera.  So let me go ahead and do that. I'll figure out who I can call on to do this.** *But give me a few days and I'll figure that out and we'll have the conflicts counsel reach out to everyone.*

(Exh A: Tr. pp. 20 - 22).

There was no attempt to include the undersigned counsel.  Nor was an attempt made to include Mr. Woodward or Mrs. Meggs' other independent defense attorney, either at the November 2, 2021 hearing or anytime thereafter before November 12, 2021.   With no contact

5

with the undersigned counsel, no newly scheduled hearing or written notice in any form, no opportunity to be heard, nearly two weeks later, on November 12, 2021[3], the Court issued the following Minute Order, for both cases, and focused *only* on Undersigned Counsel's clients, Kelly Meggs *in the Civil case* and Connie Meggs *in the Criminal case*:

> **Docket Text:**
> **MINUTE ORDER. The court has appointed Andrew Wise, Mary Lou Soller, and Laura Ferguson of Miller Chevalier Chartered to serve as conflicts counsel in the matter relating to the common representation of KELLY MEGGS (8) and CONNIE MEGGS (9) in this case and the civil case, Smith v. Trump, 21-cv-2265. Signed by Judge Amit P. Mehta on 11/12/2021. (lcapm1)**

Simultaneously, on November 12, 2021, instead of learning of any concern from the government,[4] the National Law Journal contacted the undersigned counsel , (the same day the Responsive Pleadings and Motions were being filed in the subject Civil Action), stating: "*it's my understanding that the potential conflict involves your representation of Connie Meggs in the criminal matter and Kelly Meggs in the civil matter.*" The government did not call undersigned counsel until more than two weeks after November 2, 2021, on a Tuesday afternoon, November 16, 2021.

### III.   LEGAL ARGUMENT

The Court's Order appointing ethics counsel must be vacated. The order is a result of *ex parte* communications between the government and the court, where there was no pending motion,

---

[3] Coincidently, November 12, 2021 is the same day that Responses and Motions to Dismiss due in the Civil Action.
[4] Miller Chevalier Tapped as Ethics Counsel in OathKeepers Capitol Riot Cases, By Andrew Gousward, National Law Journal, November 13, 2021, https://www.law.com/nationallawjournal/2021/11/12/miller-chevalier-tapped-as-ethics-counsel-in-oathkeepers-capitol-riot-cases/

no conference with opposing counsel, no opportunity for briefing, and, therefore, the order should not have been entered. Canon 3 of the Judicial Canons of Ethics sets forth a standard that makes clear:

> (4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers.
>
> If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.
>
> (See Judicial Canon 3(4)).

Judicial Canon 3 goes on to explain that the court is to then, "(c) obtain the written advice of a disinterested expert on the law, [] only after giving advance notice to the parties of the person to be consulted and the subject matter of the advice and affording the parties reasonable opportunity to object and respond to the notice and to the advice received." (See Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently).

The undersigned counsel was not notified of the hearing, or the relief requested, and no motion has been filed to date seeking relief related to forms of relief requested at the Hearing. The Court then, on November 12, 2021, appointed "disinterested experts" in two different cases in which this Court presides, without a pending motion, and without the undersigned counsel having an opportunity to respond, to object or to be heard in any way.

Federal Rules of Criminal Procedures, *Rule 47* further makes clear that relief requested in a criminal action, must be presented through a Motion to the Court.[5] Further, FRCP, Rule 6(c) makes clear that in a Civil Action, a written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing unless an *ex parte* proceeding is at issue.[6] At no time, did the government file a motion to "inquire" into undersigned's representation of Defendants in two different cases[7]. When dealing with Joint Representation in a criminal action, Rule 44

---

[5] **Rule 47. Motions and Supporting Affidavits**

(a) **In General**. A party applying to the court for an order must do so by motion.

(b) **Form and Content of a Motion**. A motion—except when made during a trial or hearing—must be in writing, unless the court permits the party to make the motion by other means. A motion must state the grounds on which it is based and the relief or order sought. A motion may be supported by affidavit.

(c) **Timing of a Motion**. A party must serve a written motion—other than one that the court may hear ex parte—and any hearing notice at least 7 days before the hearing date, unless a rule or court order sets a different period. For good cause, the court may set a different period upon ex parte application.

[6] **Federal Rules of Civil Procedure: Rule 6. Computing and Extending Time; Time for Motion Papers**

(c) MOTIONS, NOTICES OF HEARING, AND AFFIDAVITS.
(1) In General. A written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing, with the following exceptions:

(A) when the motion may be heard *ex parte*;
(B) when these rules set a different time; or
(C) when a court order—which a party may, for good cause, apply for *ex parte*—sets a different time.

[7]
The disqualification of a party's chosen counsel, however, is a "drastic measure that is disfavored by the courts." *Konarski v. Donovan*, 763 F. Supp. 2d 128, 135-36 (D.D.C. 2011) (citations and internal quotation marks omitted). Accordingly, "disqualification

further makes clear, "Unless there is good cause to believe that no conflict of interest is likely to arise, *the court must take appropriate measures to protect each defendant's right to counsel."* Rule 44. (emphasis added). This is because it is a defendant's fundamental Sixth Amendment right to choose her own counsel.[8] Commentary to RPC, Rule 7.1 makes clear, however, that the actual restriction relates to actual conflicts when representing parties *in the same matter*, and not to mere formalities:  [6] The prohibition of paragraph (a), [representation in the same matter] relates only to actual conflicts of positions, not to mere formalities. *Id.* (emphasis added).

Nevertheless, there was no pending motion to which these defendants can respond and address actual allegations before this Court. In what seems to be an unprecedented act, the Court had a lengthy *ex parte* discussion with government counsel and set yet another unusual, improper, and unconstitutional roadblock in front of two persons already suffering constitutional violations arising from the government's own conduct.   Even if the Court's appointment were required, the standard is that a court '(c) obtain the written advice of a disinterested expert on the law, []only after giving advance notice to the parties of the person to be consulted and the subject

---

motions should be subject to particularly strict judicial scrutiny." *Id*. Strict scrutiny is warranted because disqualification "negates a client's right to freely choose his counsel," *Headfirst Baseball LLC v. Elwood*, 999 F. Supp. 2d 199, 204 (D.D.C. 2013) (internal quotation marks and citation omitted), and because such motions may be "used as 'procedural weapons' to advance purely tactical purposes."

*Ambush v. Engelberg*, 282 F. Supp. 3d 58, 62, (2017)( *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 965 F. Supp. 2d 104, 110 (D.D.C. 2013) (citation omitted)).

[8] 'The District Court must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict.' *Wheat v. United States*, 486 U.S. 153, 164, 108 S. Ct. 1692, 1700, 100 L. Ed. 2d 140, 152, (1988).

matter of the advice and affording the parties reasonable opportunity to object and respond to the notice and to the advice received.' *Id.*

The prejudice to the defendants is clear where there is a direct implication after such an Order, that a determination was already made that they have interests "adverse" to each other despite the representation being in different cases.  As a practical matter, and by way of background, both Mr. and Mrs. Meggs have already once been through an investigation by ethics counsel when Mr. Wilson represented them *in the same matter*, which is not the case here.  What stands out most is the *ex parte* decision-making,  lack of any notice, effort to confer,  motion, and a failure to recognize what at most could be  a waivable conflict.  This becomes prejudicial to the defendant because the natural assumption on this very public record becomes that this Court found "a conflict,"  - it assumes a conflict.

The Court's Minute Order of November 12, 2021, impacts two different cases without a predicate in the form of a pending motion, and violates the fundamental rights of Due Process,[9] the rules regarding ex parte communications, and the subject of the proceeding implicates the Sixth Amendment rights of Mr. and Mrs. Meggs.[10]  And it wrongly increases the burden on already burdened-beyond-measure defendants.

## CONCLUSION

---

[9] "Canon 3A(4) forbids judges to initiate or consider ex parte communications on the merits of pending or impending proceedings." *United States v. Microsoft Corp.*, 253 F.3d 34, 107, (D.C. Cir. 2001)

[10] This all seems to ignore the elephant in the room, that there is conflict for the judge who presides over the same two cases.

There was a lack of notice and ex parte communications regarding the relief requested – further there was a lack of any subsequent opportunity to be heard before the appointment of 'disinterested experts.' Accordingly, the Court's Minute Order of November 12, 2021 must be rescinded and/or vacated.

Dated: December 1, 2021                           Respectfully submitted,

                                                                                 */s/* Juli Z. Haller
                                         Juli Z. Haller, (D.C. Bar No.466921)
                                         The Law Offices of Julia Haller
                                         601 Pennsylvania Avenue, N.W., Suite 900
                                         Washington, DC 20004
                                         Telephone: (202) 729-2201
                                         HallerJulia@outlook.com

                                         *Counsel for Defendant Connie Meggs*