UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-28 (APM) |
| : | |
| KENNETH HARRELSON : | |
| : | |
| Defendant. : | |
| : | |

**DEFENDANT HARRELSON'S REPLY TO GOVERNMENT's RESPONSE
<u>MOTION FOR RELEASE ON HUMANITARIAN GROUNDS</u>**

1. COMES NOW, the Defendant, Kenneth Harrelson, by and through counsel, Bradford L. Geyer, in Reply to the Government's Response Motion for Release on Humanitarian Grounds (ECF 503).

2. The Court must grant Defendants' motion for release (ECF 489) considering Government's non-responsive response is baseless and at the outermost bounds of candor. Defendant's motion is a righteous and timely motion that complies in all respects with this Honorable Court's November 1, 2021, minute order ("MO").

3. Specifically, a 5-page limit would have applied if the substance of the Defense motion was that the Department of Corrections (DOC) **<u>required</u>** "any person held there to accept a COVID-19 vaccine" as the "the intended [thematic] basis of Defendants' motion." Since this condition did not in fact apply—it has never been, nor is it now alleged that inmates are forcibly injected—undersigned counsel was never subject to the 5-page limit, and undersigned counsel entirely and unconditionally complied with the MO.

4. The Government's exercise of knowingly raising irrelevancies about a prior good faith effort—submitted to justify an enlargement using a working outline that was reasonably misinterpreted by the Honorable Court—is ill-advised, creates unnecessary confusion, and wastes everyone's time. The Government has framed defense counsel's motion (ECF 489) as something

1

done improperly ("instead of complying with the Court's minute order…") even though in the world of objective truth, defense counsel followed the MO to exactness. To wit, undersigned counsel's compliance is illustrated by revisiting the MO's instruction verbatim: "To this court's knowledge, the D.C. Department of Corrections does not require any person held there to accept a COVID-19 vaccine. If that is the intended basis of Defendants' motion, they must file a brief of no more than five pages (excluding exhibits) establishing such a mandatory policy before the court will accept a longer filing."

5. DOC-ECF permits prisoners to refrain from receiving these therapies under emergency use authorization (EUA) and is therefore not a mandatory policy. Undersigned counsel has never once suggested that DOC-ECF is forcing vaccines upon the inmate population. The Government is encouraged to search ECF 489 for words and context around use of the word "mandate" and reach this inescapable conclusion for themselves. Prisoners are free to decline these experimental therapies (in fact, as recently as last Tuesday, Defendant Harrelson was politely received by medical personnel when he again refused), but serious violations of law occur post-refusal when an inmate is punished by DOC-ECF officers through additional restrictions in terms of imprisonment. In the government's world of twisted logic, good faith efforts by undersigned counsel to conform to the Honorable Court's note order to the letter are part and parcel of a nefarious scheme.

6. To deliberately mischaracterize defense counsel's response to the MO as errant and non-compliant is disrespectful to the Honorable Court, defense counsel, and the legal process, and extremely disparaging to the notion of a Government less interested in truth and decency than political expediency. The Government's only conceivable aim in mischaracterizing defense counsel's response to the MO is to give itself license to not objectively deal—and to improperly influence the Honorable Court likewise to not sensibly and objectively deal—with any of the subject

matter undersigned counsel has taken a great deal of effort to prepare involving the most egregious harms that are continuous and ongoing.

7. The Government's non-response undermines the notion of its having a keen interest—as it plainly ought and is believed by American citizens to have—in examining information to objectively determine what is true and what isn't true. The Government has not demonstrated that the material presented by the defense is untrue or irrelevant—it just wants to pretend this material doesn't exist, so it doesn't have to be dealt with. To lazily dismiss uncomfortable topics of great import and premised on 75 years of international law and Constitutional law makes a mockery of Defendant Harrelson, a disabled veteran who has endured lawless conditions of confinement, and is unbecoming the heritage of intellectual rigor in American jurisprudence.

8. As evidence that the Government knowingly disparages ECF 489 as a deliberate ploy and in the hope of being able to ignore it, the Government has not alleged that any content contained within the four corners of the motion is *even arguably false*. If the Government held this belief, it assuredly would have pointed those falsehoods out. The Government's intent in disparaging ECF 489 is plainly to improperly justify itself in responding with a disrespectful non-response. Undersigned counsel would ask the Government to provide a single, solitary example of "bombastic language" anywhere in the 45-page motion—and/or to explain exactly why this mischaracterization is appropriate and not unreasonable under the reasonableness standard—except that such exercise would only disgracefully prolong the mockery the Government has made of good-faith fact-finding, and the critical role and history of it in the judicial process.

9. It would be absurd to suppose that undersigned counsel could arbitrarily dismiss and dispense with any of the government's charges by arbitrarily calling them "bombastic" instead of examining and challenging them on their merits, as is our shared heritage—undersigned counsel

believed—as officers of the court. Even if the defense could use such a word to summarily end all Harrelson's unjust suffering, it would not, because it would not ultimately serve the interests of truth and justice.

10. The Government's non-response is disrespectful to all concerned parties, and unbecoming the intellectual vigor with which it can engage this important subject matter of undisputed relevance to Defendant Harrelson. Furthermore, neither informed consent, nor inmate rights, nor pointing out the fact that all Covid-19 vaccines are still experimental, are fringe views or subjects, and the Government loses credibility and undermines itself when it implies that the question of whether something is true or not is arbitrary. This cavalier attitude about what is true and isn't true is totally disrespectful to the judicial process and is beginning to form a pattern. What indeed holds greater value to the Government—upholding the law and the most reasonable interpretations of the law, or making sure Defendant Harrelson remains in pretrial confinement and is eventually convicted on all charges? The Government appears to view the latter as an imperative, and as something of greater value.

11. Since the filing of this motion, on November 30, 2021, State of Louisiana et al. v. Xavier Becerra Case No. 3:21-CV-03970 saw a judge granting a preliminary injunction against the COVID-19 Centers for Medicare & Medicaid Services (CMS) vaccine mandate following a lawsuit filed by Montana and 13 other states. Earlier, on November 12, the U.S. Court of Appeals for the Fifth Circuit (No. 21-60845) issued an order staying implementation and enforcement of the federal Occupational Safety and Health Administration's (OSHA) COVID-19 "vaccine or test" emergency temporary standard (ETS).

12. Many courts across the country are now beginning to catch up with the truth. For example, under 42 U.S.C. § 1983, and also on November 12th, a federal district court judge rightfully rejected the preposterous claim by the U.S. Department of Defense that the Pfizer-

BioNTech COVID-19 vaccine being administered under Emergency Use Authorization is interchangeable with Pfizer's fully licensed Comirnaty vaccine (Case No. 3:21-cv-1211-AW-HTC). So unless objective truth has now somehow become "fringe," an eventuality we must all earnestly pray has not come to pass in the United States of America, our motion is squarely down the strike zone in terms of accuracy, timing, relevance and justice.

13. Taken in sum, all these recent developments create an even more urgent basis to release Defendant Harrelson. Undersigned counsel is not requesting civil relief, but is requesting immediate release from unlawful conditions of confinement. Undersigned counsel has no interest in and has not discussed civil suits with other defendants, nor anyone else affected by or involved in imprisonment. To the best of undersigned counsel's knowledge and belief, all facts and claims in the motion are true and accurate.

**Conclusion**

It is respectfully requested that this Court release Defendant Harrelson with reasonable conditions to end the on-going unlawful conditions of confinement that he has been subject to since his arrest and confinement.

Dated:  December 6, 2021           RESPECTFULLY SUBMITTED

/s/ Brad Geyer
Bradford L. Geyer, PHV
PA 62998
NJ 022751991
Suite 141 Route 130 S. 303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708

**CERTIFICATE OF SERVICE**

5

      I hereby certify that on December 6, 2021, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

/s/ Brad Geyer
Bradford L. Geyer, PHV
PA 62998
NJ 022751991
Suite 141 Route 130 S.
303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708
