UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | Case No. 21-cr-28 (APM) |
| THOMAS E. CALDWELL, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

This separate order addresses arguments made by Defendant Connie Meggs for dismissal of the charges against her not already resolved in the Memorandum Opinion and Order, ECF No. 558, filed herewith.

I.

Defendant Connie Meggs contends that the indictment fails to allege that she joined in the charged conspiracy. Def.'s Mot. to Dismiss, ECF No. 386 [hereinafter Def.'s Mot.], at 4. On a motion to dismiss, the factual allegations of an indictment must be taken as true. *See United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015). The indictment alleges that Ms. Meggs and other members of the Oath Keepers equipped themselves with communications devices and tactical gear before heading to the Capitol building on January 6. Sixth Superseding Indictment, ECF No. 513 [hereinafter Indictment], ¶ 107. Then, with others, she entered restricted areas of the Capitol grounds, *id.* ¶ 130, and eventually, as part of a "stack" of Oath Keepers forced her way into the Capitol building, *id.* ¶¶ 134, 141, 145–146. Once inside, Ms. Meggs and others walked towards the House of Representatives, before leaving the building. *Id.* ¶¶ 156, 161. These facts, taken as true, reasonably establish that she did not become a member of the alleged conspiracy by "mere

association . . . with conspirators known to be involved in crime," Def.'s Mot. at 4 (quoting *United States v. Gaskins*, 690 F.3d 569, 580 (D.C. Cir. 2012), but instead knowingly joined with others to enter the Capitol building to "corruptly obstruct, influence, and impede" the Certification of the Electoral College vote. Indictment ¶ 37. Count One therefore states an offense of conspiracy as to Ms. Meggs.

Ms. Meggs also contends that the conspiracy count fails to "allege any criminal purpose." *Id.* at 6. Not so. It clearly accuses Defendants of conspiring to "stop, delay, and hinder the Certification of the Electoral College vote." Indictment ¶ 38. For the reasons explained in the Memorandum denying Defendants' motions to dismiss Counts One and Two, that alleged purpose states a violation of 18 U.S.C. § 1512(c)(2). The court cannot, as Ms. Meggs does, rely on media reports to disregard or discount the truth of the Indictment's factual allegations. *See* Def.'s MTD at 7.

II.

In Count Three, Ms. Meggs is charged with aiding and abetting in the destruction of government property. Indictment ¶ 182. She argues that the Indictment "fail[s] to allege that she attempted, aided or abetted, or otherwise did willfully damage any Government property on January 6." Def.'s MTD at 10. The court disagrees. "In order to aid and abet another to commit a crime it is necessary that a defendant in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949) (internal quotation marks omitted). Here, Ms. Meggs is alleged to have joined with thousands of others to overcome security barriers and law enforcement to enter the Capitol building by force. It is reasonable to infer that,

2

in so doing, Ms. Meggs would have understood that others would destroy government property, even if she did not do so herself.  Count III therefore states an offense.

### III.

Ms. Meggs also challenges Count Four, in which she is charged with entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1).  She argues that the statute is vague as applied to her.  Def.'s Mot. at 11.  The court rejects that argument for the reasons already explained in the court's previously issued Omnibus Order.  *See* Omnibus Order, ECF No. 415, at 4.

### IV.

Finally, Ms. Meggs alleges that her prosecution for both Counts Two (obstructing an official proceeding) and Four (entering restricted building or grounds) violates her right against double jeopardy.  Def.'s Mot. at 13–14.  Ordinarily, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test . . . to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  The *Blockburger* test focuses not on the conduct alleged but on the elements of the charged offenses.  The inquiry asks "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993).

Here, the offenses charged in Counts Two and Four each have "an element not contained in the other."  The elements required to prove a violation of section 1512(c)(2) (Count Two) are unique to that provision: "corruptly," "obstructs, influences, or impedes," and "official proceeding" nowhere appear in section 1752(a)(1).  And a violation of section 1752(a)(1) requires

3

proof that the person entered or remained in any restricted grounds without lawful authority to do so—this is not a required element under section 1512(c)(2).  Counts Two and Four therefore present no double jeopardy concern.

V.

For the foregoing reasons, and those stated in the Memorandum Opinion and Order concerning Counts One and Two, Defendant Connie Meggs's Motion to Dismiss is denied.

Dated:  December 20, 2021

_____
Amit P. Mehta
United States District Court Judge