IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 21-cr-28-APM |
| v. | |
| DONOVAN CROWL, | |
| SANDRA PARKER, | |
| BENNIE PARKER, | |
| LAURA STEELE, | |
| CONNIE MEGGS, | |
| WILLIAM ISAACS, and | |
| JAMES BEEKS, | |
| Defendants. | |

## MOTION TO SEAL SEVENTH SUPERSEDING INDICTMENT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal Seventh Superseding Indictment in this case, this Motion, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the Government states as follows:

1. On December 1, 2020, the Grand Jury returned the Sixth Superseding Indictment in case 21-cr-28-APM, charging the following 17 defendants: Thomas Caldwell, Donovan Crowl, Jessica Watkins, Sandra Parker, Bennie Parker, Laura Steele, Kelly Meggs, Connie Meggs, Kenneth Harrelson, Roberto Minuta, Joshua James, Jonathan Walden, Joseph Hackett, William Isaacs, David Moerschel, Brian Ulrich, and James Beeks.

1

2. Today, the government is filing three indictments charging these same 17 defendants, plus two additional defendants – Elmer Stewart Rhodes III and Edward Vallejo – for whom the government is also applying for arrest warrants. The government is therefore effectively splitting the Sixth Superseding Indictment in case 21-cr-28-APM into the following three separate but related indictments:

a. First, the government is filing the Seventh Superseding Indictment in this case, 21-cr-28-APM, charging the following 7 defendants from the Sixth Superseding Indictment: Donovan Crowl, Sandra Parker, Bennie Parker, Laura Steele, Connie Meggs, William Isaacs, and James Beeks. This indictment will be referred to as the "*Crowl* indictment."

b. Second, the government is filing an indictment charging the following 11 defendants: Elmer Stewart Rhodes III, Kelly Meggs, Kenneth Harrelson, Jessica Watkins, Joshua James, Roberto Minuta, Joseph Hackett, David Moerschel, Brian Ulrich, Thomas Caldwell, and Edward Vallejo. As noted above, 9 of these 11 defendants – all but Rhodes and Vallejo – were charged in the Sixth Superseding Indictment in case 21-cr-28-APM. This indictment, which is a Grand Jury Original that has not yet been assigned a case number, will be referred to as the "*Rhodes* indictment."

c. Third, the government is filing an indictment charging defendant Jonathan Walden. As noted above, Walden was previously charged in the Sixth Superseding Indictment in case 21-cr-28-APM. This indictment, which will be referred to as the "*Walden* indictment," is a Grand Jury Original that has not yet been assigned a case number.

3. All three cases – the *Crowl*, *Rhodes*, and *Walden* indictments – are related to one another, as they "arise[] from . . . activities which are a part of the same alleged criminal event or

transaction." Local Criminal Rule 57.12(a)(1)(iii). In addition, 17 of the 19 defendants in the three indictments – all but Rhodes and Vallejo – previously were charged together in the Sixth Superseding Indictment in case 21-cr-28-APM. *See* Local Criminal Rule 57.12(a)(1)(i) ("Criminal cases are deemed related when . . . a superseding indictment has been filed.").

4. Briefly, the three indictments collectively charge all 19 defendants with corruptly obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); 18 of the 19 defendants – all of the defendants in the *Crowl* and *Rhodes* indictments – with conspiring to obstruct an official proceeding and conspiring to prevent an officer of the United States from discharging a duty, in violation of 18 U.S.C. §§ 1512(k) and 372; and 11 of the 19 defendants – all of the defendants in the *Rhodes* indictment – with seditious conspiracy, in violation of 18 U.S.C. § 2384. Some of the defendants are also facing other related charges.

5. Today, the government is applying for arrest warrants for the two newly indicted defendants in the *Rhodes* indictment – Rhodes and Vallejo.

6. Today, the government is moving to seal the *Crowl*, *Rhodes*, and *Walden* indictments, and all related filings, until the arrest warrants for Rhodes and Vallejo have been executed.

7. The *Rhodes* indictment, which includes defendants Rhodes and Vallejo, should remain sealed so that those two defendants are not alerted to the existence of the *Rhodes* indictment until they are arrested. Similarly, the *Crowl* and *Walden* indictments should remain sealed, because the existence of those indictments, coupled with the *absence* of the names of the 11 defendants in the *Rhodes* indictment, would lead an observer to presume the existence of the sealed *Rhodes* indictment.

8. The public disclosure of any of the three indictments may therefore affect the integrity of the investigation by causing alleged conspirators and witnesses to destroy evidence and/or hinder the ability of the government to safely locate and arrest Rhodes and/or Vallejo – who reside in different states and who are alleged in the indictment to have used firearms to support their seditious conspiracy. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter and to allow law enforcement to safely take Rhodes and Vallejo into custody.

9. Although there is a presumption of access to court proceedings, this presumption can be overridden if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." Washington Post v. Robinson, 935 F.2d 282, 288, 290 (D.C. Cir. 1999) (internal citation and quotation omitted).

10. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting Rhodes and Vallejo. A limited sealing order ensuring that filings related to the indictments are not accessible from the court's public files, for a short period of time, is narrowly tailored to serve a compelling interest.

11. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an indictment, or a resulting sealing order, means that a defendant is charged with a crime and the United States intends to arrest him. Thus, if this motion or a sealing order were to become public, it would be the same as making public any of the three indictments.

12. The United States therefore proposes that the *Rhodes, Crowl* and *Walden* indictments be unsealed upon the government's written notification to the Court after either or both Rhodes and Vallejo are taken into custody—i.e., when law enforcement has determined that the investigative and safety risks outlined above have been appropriately mitigated.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until the arrest warrants for Rhodes and Vallejo have been executed, the Seventh Superseding Indictment in this case, this Motion, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: _____/s/_____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Ahmed M. Baset
Troy A. Edwards, Jr.
Louis Manzo
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

_____/s/_____
Justin Sher
Alexandra Hughes
Trial Attorneys
National Security Division,
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004