UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 21-cr-28-APM |
| v. | : | |
| DONOVAN CROWL, | : | |
| SANDRA PARKER, | : | |
| BENNIE PARKER, | : | |
| LAURA STEELE, | : | |
| CONNIE MEGGS, and | : | |
| WILLIAM ISAACS | : | |
| Defendants. | : | |

**PARTIES' JOINT MOTION TO CONTINUE TRIAL**

The parties[1] respectfully request that the Court continue the trial date scheduled for April 19, 2022. In light of the representations made by the government in its discovery status report dated February 10, 2022 (ECF No. 620), the parties will not have sufficient time to review discovery materials and adequately prepare for a trial beginning mid-April. Given the unprecedented volume of materials that the government is making available in discovery, and the real need for all parties to be able to search and review these materials prior to trial, the ends of justice that would be served by a continuance substantially outweigh the interests of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). Indeed, because

---

[1] Defendant James Beeks is not part of this filing, as he was not scheduled to participate in the April 19 trial date. All other parties join in this motion.

of the historic nature of this case, the public's interest in a speedy trial must not overshadow the interest of the public, the parties, and the Court in making sure that this case is tried fairly and well.

## BACKGROUND

On January 12, 2022, the grand jury returned the seventh superseding indictment in this matter, charging the defendants with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k); obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2; conspiracy to prevent an officer from discharging any duties, in violation of 18 U.S.C. § 372; and related charges stemming from their participation in the breach of the Capitol on January 6, 2021.  At a status hearing on January 25, 2022, the Court determined that Defendants Donovan Crowl, Sandra Parker, Bennie Parker, Laura Steele, Connie Meggs, and William Isaacs would be slated for the trial date of April 19, 2022, which the Court had long before asked all parties in this case to hold as a possible trial date.  Counsel for all six of these defendants objected to the Court's proposed trial date, citing their concerns that they could not adequately prepare their clients' defenses, given the volume of case-specific discovery already provided and the ongoing nature of the government's global discovery efforts.  Government counsel also expressed concerns that global discovery would not be complete in time for the April trial date.

Following the government's filing of its discovery status report, the parties have conferred and agree that an April trial date is not tenable.  The case-specific discovery materials in this case alone make an April trial date challenging.  The government has provided more than two terabytes of discovery materials specific to this case alone.  Because the defendants stand charged with conspiring not only with each other but with defendants charged in Criminal Case Nos. 22-cr-15 and 22-cr-14, as well as other uncharged subjects referenced in the discovery materials, this is not a case where defense counsel can ignore materials that, on their face, apply primarily to another

defendant.  While the defense was provided some of these materials closer to the outset of this case, other materials were made available only recently because they were gathered later in the investigation.  For example, Defendant James Beeks was apprehended in late November (very shortly after he was identified by law enforcement as the fourteenth and final member of the group with which these defendants entered the Capitol), and the government is just now completing the review and discovery of evidence from several digital devices seized from Defendant Beeks upon arrest.  ECF No. 620 at 20.

      Additionally, as described in greater detail in the government's discovery status report, ECF No. 620, the government is making an unprecedented volume of materials available through its global discovery.  This includes tens of thousands of hours of surveillance video, body-worn camera footage, and public source video; tens of thousands of information and data from tips provided to the Federal Bureau of Investigation ("FBI") and local police departments; hundreds of internal investigation reports into the conduct of law enforcement on January 6, 2021; hundreds of thousands of FBI reports documenting the investigation of all subjects identified as playing a role in the breach of the Capitol; and data seized pursuant to legal process or consent from thousands of digital devices and other digital accounts of those who participated in the Capitol Breach.  The government is making this data available due to the unique circumstances of this matter, *i.e.*, this case encompasses hundreds of similar crimes being committed in the same place contemporaneously, where many defendants recorded their crimes and those of others around them.  As defendants are in a better position to determine what evidence they believe is exculpatory and will help in their defense, the government's plan – to provide the defense with all data that may contain such information, but in a manner that will facilitate search, retrieval, sorting, and management of that information – continues to be reasonable and appropriate.  It is especially

significant in this case, where the government has already been asked by defense to identify and provide discovery from other cases that defense has deemed as possibly relevant to the preparation of its defense.

For these reasons, none of the parties are comfortable that an April date will permit sufficient time to review and digest discovery and adequately prepare for trial.

## ARGUMENT

Given the due diligence the government continues to apply to meet its discovery obligations, as set forth above and in its discovery status memoranda,[2] and the defense's reasonable desire to adequately search, review, and digest these discovery materials to prepare their defenses, the parties have established that an ends-of-justice continuance under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, *et seq.*, is warranted.

As the Supreme Court has observed, the STA "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006). "Much of the Act's flexibility is furnished by § 3161(h)([7]), which governs ends-of-justice continuances." *Id.* at 498. "Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases." *Id.* at 508. And it knew "that the many sound grounds for granting ends-of-justice continuances could not be rigidly structured." *Id.*

The need for reasonable time to address discovery obligations is among multiple pretrial preparation grounds that Courts of Appeals, including our Circuit, have routinely held sufficient

---

[2] In addition to ECF No. 620, the government filed discovery status reports in ECF Nos. 481, 471, 417, 349, as well as verbal representations at every status hearing held in this case. The government incorporates the information provided in these written and verbal discovery reports herein by reference.

4

to grant continuances and exclude time under the STA – and in cases involving far less complexity in terms of the volume and nature of data, and far fewer individuals who were entitled to discoverable materials. *See, e.g.*, *United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019) (upholding two-month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government stated that "it needed more than five days to prepare to try [the defendant] on the new counts"); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (District court did not abuse its broad discretion in case involving conspiracy to commit wire and mail fraud by granting two ends-of-justice continuances due to voluminous discovery); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones")(internal quotation marks omitted); *United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010) (upholding ninety-day ends-of-justice continuance in case involving international conspiracy to smuggle protected wildlife into the United States, where defendant's case was joined with several co-defendants, and there were on-going investigations, voluminous discovery, a large number of counts, and potential witnesses from other countries); *United States v. O'Connor*, 656

F.3d 630, 640 (7th Cir. 2011) (upholding ends-of-justice continuances totaling five months and twenty days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

In this case, an ends-of-justice continuance of the trial date is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The Capitol Breach is likely the most complex investigation ever prosecuted by the Department of Justice. It is therefore justifiable under the considerations of the STA to grant a joint request by the parties to continue the trial date to review the discovery materials generated by this historically complex investigation.

## **CONCLUSION**

For the reasons described above, the parties respectfully request that the Court vacate the trial scheduled for April 19, 2022. The parties will be prepared to propose a new trial date at the status hearing scheduled for March 4, 2022, or if the Court would like to select a new date more quickly, the parties are available for a status hearing the afternoon of February 22, 2022; the parties may also be able to make themselves available on February 21, 2022 or the morning of February 23, 2022, although those dates are currently inconvenient for some defense counsel. The parties also respectfully request that, should the Court deny this motion, the Court grant a one-week extension of the motions filing deadline of February 15, 2022, to February 22, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     */s/ Carmen Hernandez*
Carmen D. Hernandez (MD Bar No. 03366)
7166 Mink Hollow Road
Highland, MD 20777
240-427-3391 (telephone)
chernan7@aol.com
*Counsel for Defendant Donovan Ray Crowl*

    */s/ John L. Machado*
John L. Machado (D.C. Bar No. 449961)
503 D Street, NW, Suite 310
Washington, DC 20001
703-989-0840 (telephone)
johnlmachado@gmail.com
*Counsel for Defendant Sandra Ruth Parker*

    */s/ Stephen F. Brennwald*
Stephen F. Brennwald
(D.C. Bar No. 398319)
922 Pennsylvania Avenue, SE
Washington, DC 20003
301-928-7727 (telephone)
sfbrennwald@cs.com
*Counsel for Defendant Bennie Alvin Parker*

    */s/ Peter A. Cooper*
Peter A. Cooper (D.C. Bar No. 478082)
400 5th Street, NW, Suite 350
Washington, DC 20001
202-400-1431 (telephone)
pcooper@petercooperlaw.com
*Counsel for Defendant Laura Steele*

    */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr.
(D.C. Bar No. 997320)
Brand Woodward Law, LP
1808 Park Road NW

By: _____
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Ahmed M. Baset
Troy A. Edwards, Jr.
Jeffrey S. Nestler
Assistant United States Attorneys
Louis Manzo
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

_____
Justin Sher
Alexandra Hughes
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20004

7

Washington, DC 20010
202-996-7447 (telephone)
Stanley@BrandWoodwardLaw.com
*Counsel for Defendant Connie Meggs*

      */s/ Juli Z. Haller*
Juli Z. Haller, (D.C. Bar No.466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
202-729-2201 (telephone)
HallerJulia@outlook.com
*Counsel for Defendant Connie Meggs*

      */s/ Gene Rossi*
Gene Rossi (VA Bar No. 93136)
Carlton Fields, P.A.
1025 Thomas Jefferson St, NW, Suite 400 W
Washington, DC 20007
202-965-8119 (telephone)
grossi@carltonfields.com
*Counsel for Defendant William Isaacs*

      */s/ Natalie A. Napierala*
Natalie A. Napierala (NY Bar No. 2445468)
Carlton Fields, P.A.
405 Lexington Avenue, 36th Floor
New York, NY 10174-0002
212-785-2747 (telephone)
nnapierala@carltonfields.com
*Counsel for Defendant William Isaacs*

      */s/ Charles M. Greene*
Charles M. Greene (FL Bar No. 938963)
Law Offices of Charles M. Greene, P.A.
55 East Pine Street
Orlando, FL 32801
407-648-1700 (telephone)
cmg@cmgpa.com
*Counsel for Defendant William Isaacs*