

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 16, 2022

Phillip Linder & James Lee Bright
*Counsel for Stewart Rhodes*
attorneylinder@gmail.com
phillip@thelinderfirm.com
jlbrightlaw@gmail.com

Stanley Woodward, Jr., & Julia Haller
*Counsel for Kelly & Connie Meggs*
stanley@brandwoodwardlaw.com
hallerjulia@outlook.com

Bradford Geyer
*Counsel for Kenneth Harrelson*
bradford.geyer@formerfedsgroup.com

Jonathan Crisp
*Counsel for Jessica Watkins*
jcrisp@crisplegal.com

William Shipley
*Counsel for Roberto Minuta*
808shipleylaw@gmail.com

Scott Weinberg
*Counsel for David Moerschel*
Scott@bsrlegal.com

David Fischer
*Counsel for Thomas Caldwell*
fischerandputzi@hotmail.com

Gene Rossi, Natalie Napierala,
& Charles Greene
*Counsel for William Isaacs*
GRossi@carltonfields.com
nnapierala@carltonfields.com
cmg@cmgpa.com

Tommy Spina & Edward B. MacMahon, Jr.
*Counsel for Jonathan Walden*
tommy@tommyspina.com
ebmjr@macmahon-law.com

Re: *United States v. Rhodes, et al.* (22-cr-15-APM); *United States v. Crowl, et al.* (21-cr-28-APM); *United States v. Walden* (22-cr-14-APM)
D.C. Rule of Professional Conduct 1.8(e)

Dear Counsel:

We are writing to all retained counsel in these three related cases.

It has come to the government's attention that at least some portion of some retained counsel's legal fees are potentially being provided by an entity other than your respective clients. We believe this situation implicates D.C. Rule of Professional Conduct 1.8(e). And given the public reporting on this issue, and our duties of competence (under Rule 1.1) and diligence (under Rule 1.3) to protect the integrity of the proceeding, we are compelled to request that you certify that you are in compliance with the requirements of Rule 1.8(e). In addition, at the upcoming court hearings (on June 25, 2022, in *Rhodes*; June 30, 2022, in *Crowl*; and March 24, 2023, in *Walden*), we intend to request that Judge Mehta conduct such an inquiry on the record.

D.C. Rule 1.8(e) provides that "[a] lawyer shall not accept compensation for representing a client from one other than the client," unless each of the following three conditions are met:

> (1) The client gives informed consent after consultation;
>
> (2) There is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and
>
> (3) Information relating to representation of a client is protected as required by Rule 1.6.

D.C. R. Prof'l Conduct 1.8(e).[1] This Court's Local Criminal Rule 57.26(a) explicitly adopts the D.C. Rules of Professional Conduct.

According to a May 20, 2022, article in *Mother Jones* titled "An Infamous MAGA Lawyer Is Funding Wacky Legal Defenses for January 6 Suspects,"[2] an organization named Defending the Republic, which appears to be controlled by a lawyer named Sidney Powell, is paying the legal fees in this case for Defendants Rhodes, Kelly Meggs, Connie Meggs, and Harrelson. The *Mother Jones* article builds off of a March 9, 2022, article in *BuzzFeed* titled "Sidney Powell Has Secretly Been Funding the Legal Defense of the Oath Keepers,"[3] which reported many of the same facts.

According to the *BuzzFeed* article, Defendant Kelly Meggs's former counsel Jonathon Moseley stated that "at least three or four other defendants" have the same arrangement that he had, meaning being paid by Defending the Republic. Therefore, we believe it is prudent to make the same Rule 1.8(e) inquiry of *all* retained counsel.

The Supreme Court has said that "inherent dangers . . . arise when a criminal defendant is represented by a lawyer hired and paid by a third party." *Wood v. Georgia*, 450 U.S. 261, 269 (1981). In *Wood*, the third-party payer was the "operator of the alleged criminal enterprise," and

---

[1] This rule is almost identical to ABA Model Rule of Professional Conduct 1.9(f).
[2] https://www.motherjones.com/politics/2022/05/sidney-powell-january-6-lawyers-kelly-meggs-jonathan-moseley-juli-haller/.
[3] https://www.buzzfeednews.com/article/kenbensinger/sidney-powell-funding-oath-keepers-defense.

thus the lawyer had an interest in the clients not testifying against the third-party payer or taking other actions contrary to the payer's interest.[4] *Id.* Indeed, comment 10 to Rule 1.8 explains that "third-party payers frequently have interests that differ from those of the client." Here, Defending the Republic may have interests that diverge from these defendants.

To determine whether a lawyer is in compliance with Rule 1.8(e)'s strict requirements, a judge may need review third-party fee-arrangement agreement. *See United States v. Fazzio*, No. 11-cr-157, 2011 WL 6140746, at *3 (E.D. La. Dec. 9, 2011) (reviewing the fee-arrangement agreement in a criminal case and concluding that it produced a conflict in two separate ways). A judge may similarly need to conduct a colloquy with the lawyer and client to determine whether the client was sufficiently apprised of the nature of the conflict. *See In re Hager*, 812 A.2d 904, 914-15 (D.C. 2002) (affirming a finding of a Rule 1.8(e) violation based in part on the client's failure to provide *informed* consent).

In light of the foregoing, we request that you inform us, in writing, by June 21, 2022, that you are in compliance with Rule 1.8(e).

If you would like to discuss this matter further, please do not hesitate to contact us.

Sincerely,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By: /s/
Jeffrey S. Nestler
Assistant United States Attorney
Ahmed M. Baset
Troy A. Edwards, Jr.
Louis Manzo
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530

/s/
Justin Sher
Alexandra Hughes
Trial Attorneys

[4] As Defendant Kelly Meggs's former counsel Jonathon Moseley told *Mother Jones*, Defending the Republic's "financial support has the effect of making plea bargains less likely." This fact could be against the interest of a particular defendant.

National Security Division,
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004