# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **v.** | ) | **Case No. 1:21-cr-00028-APM** |
| **CONNIE MEGGS, MICHAEL GREENE, WILLIAM ISAACS, LAURA STEELE, AND BENNIE PARKER** | ) ) ) | |
| **Defendant.** | ) | |

## DEFENDANTS CONNIE MEGGS, MICHAEL GREENE, WILLIAM ISAACS, LAURA STEELE, AND BENNIE PARKER'S JOINT MOTION IN LIMINE

Defendants Connie Meggs, Michael Greene, William Isaacs, Laura Steele, and Bennie Parker, by and through the undersigned counsel, hereby jointly file this Motion in Limine, to bar alleged co-conspirator statements in "key chats" and the "Go-to Meeting" of November 9" and North Carolina OK chats, identified by the government without adoptive statements made by these Defendants, that therefore, such statements should not come in as co-conspirator statements, admission against interest statements, and, therefore become hearsay, and are also highly prejudicial while not genuinely probative, and irrelevant, under FRE 403 and 404.

Defendants request oral argument.

## INTRODUCTION AND BACKGROUND

1.    Defendants come now jointly and move *in limine* to bar the to exclude messages from the "Key Chats" the government identified, because they did not participate in said chats,

and the government needs to show that they knowingly joined a criminal conspiracy first.

2.    The subject chats anticipated that the government is anticipated to seek to admit, based on an email dated October 8, 2022:

      i.     DC Jan 5/6 Security Pro Chat
     ii.     DC OP: Jan 6 21
    iii.     Dec 12 DC Security/Leadership
    iv.     GA OK General Chat
     v.     Jan 5/6 DC OK Security/VIP Chat
    vi.     Jan 5/6 DC Op Intel team
    vii.     Jan 5/6 DC Op Vetting Group
   viii.     NC Members
    ix.     NCOK County Leaders
     x.     OK SE Region Open Forum
    xi.     OKFL Hangout
    xii.     🦊 🪵
   xiii.     Dead group. Old op (formerly "DC Operation Intel Team")
   xiv.     OLD Leadership  CHAT (formerly "Leadership intel sharing secured")

(See October 8, 2022 email from government counsel)

3.    The government cannot show that these Defendants, Connie Meggs, Michael Greene, William Isaacs, Laura Steele, or Bennie Parker participated in these chats and, therefore, would require that the government show that they joined the conspiracy, knew of the illegal object of the alleged conspiracy -- to commit a crime -- and a knowing joinder in seeking to bring about that objective before being prejudiced at trial by the admission of statements that would otherwise be hearsay.

4.    The government cannot show that these Defendants, attended any Go-To Meetings.

5.    While there are overt acts that are legal at issue in this case, like attending the President's rally or wearing a helmet to a permitted protest, -- there must first be evidence of an agreement to be involved in an illegal scheme.  Involvement in overt acts that are otherwise legal is not independent evidence of participation in a conspiracy to commit a crime.

6.   Moreover, to the extent that the North Carolina Oath Keeper chats by its members of the Oath Keepers should come into this trial, because there is no Oath Keeper who is an alleged co-conspirator who communicated with the North Carolina members at the time leading up to January 6th.

I.   **LEGAL ARGUMENT**

Defendants, move in limine to bar messages from chats or other communications such as the Go-To Meeting because the Government has made clear that it may introduce these communications as evidence, while there is no evidence Ms. Meggs or Michael Greene or William Isaacs, Laura Steele or Bennie Parker participated in either the chats or the Go-To Meetings.   The question for any such communication needs to be, "how is this statement in furtherance of the conspiracy to interfere with the official proceeding in Congress on January 6th?"  The prosecutors cannot -- though they will try -- establish this by proffer.  They must do it with witness testimony.  Without this laying this foundation, this becomes evidence that is not genuinely probative of intent while highly prejudicial.

a.  **Non-Testifying alleged co-conspirator statements**

By way of background, the Supreme Court previously held that "However, such declarations are admissible over the objection of an alleged co-conspirator, who was not present when they were made, only if there is *proof aliunde* that he is connected with the conspiracy. *Minner v. United States, 57 F.2d 506*; and *see Nudd v. Burrows*, 91 U.S. 426. Otherwise, hearsay would lift itself by its own bootstraps to the level of competent evidence." *Glasser v. United States*, 315 U.S. 60, 75, 62 S. Ct. 457, 467, 86 L. Ed. 680, 701 (1942). "Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence

that there was a conspiracy involving the declarant and the non-offering party, and that the statement was made "during the course and in furtherance of the conspiracy." *US v. Bourjaily*, 483 US 171.

Justice Stevens, in concurrence explained,

"In my view, *Glasser* holds that a declarant's out-of-court statement is inadmissible against his alleged co-conspirators unless there is some corroborating evidence to support the triple conclusion that there was a conspiracy among those defendants, that the declarant was a member of the conspiracy, and that the statement furthered the objectives of the conspiracy. An otherwise inadmissible hearsay statement cannot provide the sole evidentiary support for its own admissibility -- it cannot lift itself into admissibility entirely by tugging on its own bootstraps. It may, however, use its own bootstraps, together with other support, to overcome the objection. In the words of the Glasser opinion, there must be proof "aliunde," that is, evidence from another source, that together with the contents of the statement satisfies the preliminary conditions for admission of the statement. Id., at 74. 1

*Bourjaily v. United States*, 483 U.S. 171, 184-185, 107 S. Ct. 2775, 2783, 97 L. Ed. 2d 144, 158-159, (1987)(J. Stevens, concurring).

In *United States v. Beckham*, 968 F.2d 47, this District explained that "…the only evidence of conspiracy that existed - was the hearsay statement itself,  Beckham's proximity to Monroe in the yard, and their apparent acquaintance. The hearsay statement may be considered in finding that a conspiracy existed, see id. at 181, but the statement may not be the sole basis for such a ruling. Under our precedent, there must be independent evidence of a conspiracy as well. *See United States v. Washington*, 952 F.2d 1402, 1407 (D.C. Cir. 1991); cf. *Bourjaily*, 483 U.S. at 181 (reserving question whether independent evidence is necessary)."   The Court instead concluded that the statement was admissible as a "the exception for adoptive admissions set forth in Fed. R. Evid. 801(d)(2)(B).  *Id*. at 51.

The *Williamson* court made clear that, '"[a]s with all evidence, such a statement, when offered for a permissible non-hearsay purpose, must be relevant to a "fact … of consequence" in

the case. FED. R. EVID. 401; see also Sesay, 313 F.3d at 599-600; *United States v. Evans*, 342 U.S. App. D.C. 189, 216 F.3d 80, 87 (D.C. Cir. 2000) *cert. denied*, 531 U.S. 971, 148 L. Ed. 2d 317, 121 S. Ct. 411 (2000). The Court in *Williams* further explained, "The *Evans* court rejected the argument that the testimony could be admitted to provide "background" information, because whatever minimal value the testimony had for that purpose was outweighed by the danger that the jury would consider the evidence for its hearsay purpose. *See id*. at 87-89; *see also Sesay*, 313 F.3d at 599 (excluding testimony regarding an out-of-court statement because its only relevance was for its truth and because any value it may have had as background was substantially outweighed by the danger of prejudice). *Id*. at 964. The court further explained, "such a statement may be excluded, even if relevant, if its probative value is substantially outweighed by the danger of unfair prejudice." *Id*. at 963-964 (citing FED. R. EVID. 403; *see also U.S. v. Evans*, 216 F.3d at 87-89).

In *United States v. Stover*, 329 F.3d 859, 870 (D.C. Cir. 2003), the Court explained that, "[a]s to using the recordings to establish context, the Government seems to be saying that all out-of-court statements offered for context do not constitute hearsay. However, that a statement provides context to other evidence does not mean that the statement is not hearsay. All relevant evidence provides context to the events underlying the charged crime. *See United States v. Bowie*, 344 U.S. App. D.C. 34, 232 F.3d 923, 928-29 (D.C. Cir. 2000). The question is whether the statement is offered for its truth." The court found the recording statement as inadmissible hearsay where it went to the truth of the issue before the court, finding that 'the jury, using the statement, could infer that the defendant and his co-conspirators referred to "drugs as clothes" only from the fact that Defendant and his co-Conspirator referred to drugs as clothes - that is, through the statement's content.' Cf. *United States v. Sesay*, 354 U.S. App. D.C. 141, 313 F.3d 591, 599-600 (D.C. Cir. 2002). 'The statement thus was hearsay, and its admission was erroneous. See FED. R.

EVID. 802.' *United States v. Stover*, 329 F.3d 859, 870 (D.C. 2003) (citing FED. R. EVID. 801(c); *United States v. Jordan*, 258 U.S. App. D.C. 143, 810 F.2d 262, 264 (D.C. Cir. 1987)[1].

Furthermore, it is anticipated that the government, in the case at bar, seeks to admit these out-of-court statements by over 200 individuals, many who are not even anticipated to testify, as evidence. "Bruton stands for the rule that, in a joint trial, the Confrontation Clause of the Sixth Amendment prohibits the admission of a defendant's confession against him if the confession inculpates a codefendant, unless the codefendant is given the opportunity to cross-examine the confesser." *United States v. Allgood*, 2022 U.S. Dist. LEXIS 42877, *15, 2022 WL 715222 (citing 391 U.S. at 126; see also Wilson, 605 F.3d at 1017.)

As the *Beckham* court found, "[f]or a defendant to adopt the statement of another, such that the statement is admissible against the defendant, the defendant "must have understood and unambiguously assented to [the statement], but his understanding and assent may be established through conduct as well as through words." *United States v. Beckham*, 968 F.2d 47, 52 (D.C. Cir. 1992) (alterations, quotation marks, and citations omitted). The defendant must have "manifested an adoption or belief in its truth." *Id*. (quoting Fed. R. Evid. 801(d)(2)(B)).'

Moreover, the analysis for each alleged message sender as an alleged co-conspirator or other person, the question becomes is it one that constitutes *an adoptive admission* and to the extent its 'truly self-inculpatory," only those portions of the statement may be admitted: "[a] statement

---

[1] *Wilson*, a co-conspiracy drug case, is not on point in that it did not address the admission of statements of non-present alleged co-conspirators. *United States v. Wilson, 605 F.3d 985, 1017 (D.C. Cir. 2010).* It instead addressed statements made by counsel during opening or closing, and found that, the appellants did not have a *Bruton* claim because it was only about statements made by counsel, and not evidence to be admitted. ("Indeed, although the appellants rely on *Bruton*, they have not identified any incriminating out-of-court statement made by Franklin that was admitted into evidence.") *Id*. at 1017.

may be admitted under Rule 804(b)(3)'s hearsay exception for statements against interest if a reasonable person in the declarant's shoes would perceive the statement as detrimental to her own penal interest. *See Williamson v. United States*, 512 U.S. 594, 599-603 (1994) (holding that a court may admit those portions of a declarant's statement under this rule if those statements are truly self-inculpatory).

In conclusion, Defendants move in limine to bar alleged co-conspirator anticipated statements identified in "key chats," the "Go-to Meeting" of November 9 and any Go-To Meetings, and North Carolina OK chats, identified by the government to date without any adoptive statements made by these Defendants; such that therefore, these statements should not come in as co-conspirator statements, and, therefore become hearsay, and further because of the lack of participation by these Defendants, are prejudicial, while not genuinely probative, and irrelevant under FRE 403 and 404.

Dated:  December 16, 2022       Respectfully submitted,

                        */s/ Stanley E. Woodward, Jr.*
                        Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                        Brand Woodward Law, LP
                        1808 Park Road NW
                        Washington, DC 20010
                        202-996-7447 (telephone)
                        202-996-0113 (facsimile)
                        Stanley@BrandWoodwardLaw.com

                        */s/  Juli Z. Haller**
                        Juli Z. Haller, (D.C. Bar No.466921)
                        The Law Offices of Julia Haller
                        601 Pennsylvania Avenue, N.W., Suite 900
                        Washington, DC 20004
                        Telephone: (202) 729-2201
                        HallerJulia@outlook.com

*Counsel with permission to sign for co-defendants joining, Michael Greene, William Isaacs, Laura Steele, and Bennie Parker

## CERTIFICATE OF SERVICE

I hereby certify that on <u>December 16, 2022</u>, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

_/s/ *Juli Haller*_____