IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                            )<br>)<br>CONNIE MEGGS, MICHAEL )<br>GREENE, and WILLIAM ISAACS )<br>)<br>Defendant.                           ) | Criminal No. 1:21-cr-00028-APM |

### DEFENDANTS, CONNIE MEGGS, MICHAEL GREENE AND WILLIAM ISAACS' JOINT MOTION IN LIMINE

Defendant Connie Meggs, Michael Greene and William Isaacs, by and through the undersigned counsel, and pursuant to this court's Pretrial Order, dated July 1, 2022, (ECF 703), hereby jointly file this Motion in Limine, and Memorandum of Points and Authorities in Support thereof, to bar the introduction by the government of only single selected messages from Chats unless they include the full Chats in support thereof, pursuant to the Best Evidence Rule, FRE 1002, and pursuant to the rule of Completeness, FRE 106.

Defendant respectfully requests Oral Argument.

    **I.**    **INTRODUCTION AND BACKGROUND**

1. Defendant, Connie Meggs, Michael Greene and William Isaacs comes now to move *in limine* to bar the introduction of text messages at trial without the support of the full thread and Chat that they are selected from.

2. The government has identified 14 "Key Chats" in intends to use at trial:

    i.    DC Jan 5/6 Security Pro Chat

    ii.    DC OP: Jan 6 21

    iii.     Dec 12 DC Security/Leadership

    iv.     GA OK General Chat

    v.     Jan 5/6 DC OK Security/VIP Chat

    vi.     Jan 5/6 DC Op Intel team

    vii.     Jan 5/6 DC Op Vetting Group

    viii.     NC Members

    ix.     NCOK County Leaders

    x.     OK SE Region Open Forum

    xi.     OKFL Hangout

    xii.     🦊 ⚫

    xiii.     Dead group. Old op (formerly "DC Operation Intel Team")

    xiv.     OLD Leadership CHAT (formerly "Leadership intel sharing secured")

(*See* Email dated October 8, 2022).

3. Single select messages, without the full context of the chat from where they are selected from, not only lack completeness, but also can be confusing for the jury, and for the Defendants to timely object or cross examine upon. The government will seek to introduce certain messages regarding a defendant's intent, but without the full thread from where the message is selected in the chat as produced in discovery[1]; and without full context the messages, devoid of human emotion, can give a different meaning.

4. Under the best evidence rule and because the key chats are available -- especially in light of the fact that the government produced the chats to Defendants, there is no genuine reason it cannot be done.

---

[1] At other Oath Keeper trials, the government has explained its own numbering system to support where the message may have come from, but that numbering system is not genuinely available or accessible to Defendants, the Jury.

5. The Best Evidence Rule and the Rule of Completeness should apply in a matter where the evidence is available and available in electronic form, which can be searchable and otherwise made available to the jury when a Bubble is highlighted for a single message.

6. Otherwise there is a risk of confusion on something as fundamental as "intent." See F.R.E. Rule 403, Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons.

**LEGAL ARGUMENT**

a. **Prejudicial v. Probative Evidence**

This court has held that when the best evidence is available, it should apply as the more reliable and complete and accurate source of information:

> …For reasons that remain unclear, neither party submitted the footage as evidence. The plaintiff nevertheless sees fit to describe the video's contents in a light that is decidedly charitable to her case. The court sees no reason why the plaintiff should be allowed to do so. In all likelihood, her testimony would contravene the "best evidence" rule, which requires the plaintiff to prove the contents of a video recording by submitting the recording itself. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."). "The elementary wisdom of the best evidence rule rests on the fact that the [recording itself] is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description [of it]." *Gordon v. United States*, 344 U.S. 414, 420, 73 S. Ct. 369, 97 L. Ed. 447 (1953). "Thus, the rule is a mechanism to prevent fraud or transmission of information, i.e., to ensure accuracy." *United States v. Holton*, 116 F.3d 1536, 1545, 325 U.S. App. D.C. 360 (D.C. Cir. 1997). Because the plaintiff does not allege that the video footage is unavailable, the plaintiff may prove the videos' content only by submitting the actual recordings. Her characterization of these videos' contents is therefore

inadmissible. *See Freeman v. City of Fort Worth*, Texas, 2011 U.S. Dist. LEXIS 72963, 2011 WL 2669111, at *3 (N.D. Tex. July 7, 2011) (deeming an affidavit inadmissible when it sought to describe the contents of a video that was otherwise available); *Molodecki v. Robertson Display, Inc*., 2002 U.S. Dist. LEXIS 28309, 2002 WL 34421226, at *3 (M.D. Fla. Sept. 10, 2002) (striking the plaintiff's affidavit because it described the contents of an available recording). Even if the best evidence rule did not apply, the court sees no independent reason to allow the plaintiff to narrate the videos' content. The plaintiff does not purport to be an expert, whose testimony could be based on the video footage. Fed. R. Evid. 703. Nor does the plaintiff claim that she has some unique knowledge that would be helpful to the jury's understanding of the video. 5 See Fed. R. Evid. 701(b) (requiring testimony to be "helpful to clearly understanding . . . a fact in issue"). Although the plaintiff could have cross-examined the District's expert witness or submitted her own expert testimony on this topic, she pursued neither option. In sum, the court concludes that no reasonable jury could rely on the plaintiff's characterization of the videos' contents. 6

*Buruca v. District of Columbia*, 902 F. Supp. 2d 75, 82-83 (D.D.C. 2012).

The crux of the Defendants' motion rests on the risk of prejudice from the lack of full information, which would be available, based on a single selected message without being able to access the full thread and Chat from which it has been selected, at the moment the message is shown to the jury.

[signature next page]

Dated: December 16, 2022

Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Brand Woodward Law, LP
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*/s/ Juli Zsuzsa Haller\**
Juli Z. Haller, (D.C. Bar No.466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W.,
S. Building, Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

*Counsel for Defendant Connie Meggs* \*and with permission to sign for Michael Greene and William Isaacs

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on December 16, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

*/s/ Juli Zsuzsa. Haller*

Juli Zsuzsa Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W.,
S. Building, Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com