IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-cr-28 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **DONOVAN CROWL,** | : | |
| **SANDRA PARKER,** | : | |
| **BENNIE PARKER,** | : | |
| **LAURA STEELE,** | : | |
| **CONNIE MEGGS,** | : | |
| **WILLIAM ISAACS,** | : | |
| **JAMES BEEKS, and** | : | |
| **MICHAEL GREENE,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO CONTINUE TRIAL**

On January 11, 2023, Defendants Michael Greene, William Isaacs, Connie Meggs, and Sandra Parker moved to continue the trial in this matter, which is scheduled to begin on February 1. ECF No. 819. Defendants base their continuance request primarily on the government's recent disclosure of certain materials just received by the government from the House Select Committee to Investigate the January 6th Attack on the United States Capitol ("HSC"). Defendants also point to the government's ongoing provision of global discovery materials as a reason to continue the trial. The government opposes the continuance request on these discovery-related grounds but does wish to flag for the court several ongoing issues which may make it inefficient to press forward with the February 1 trial date.

On the evening of Monday, January 9, 2023, the government provided the defense with the unredacted transcripts of approximately 255 witnesses who testified before or were interviewed by the HSC. Some witnesses had multiple transcripts. All of these transcripts were already released publicly by the Committee, though in redacted form, and the government also disclosed

exhibits to the transcripts that do not appear to have been released publicly. These materials comprise approximately 30GB of data; however, much of that data consists of voluminous records produced to the committee and appended to certain transcripts.

While the government's review of these materials is ongoing, it has thus far located only about a dozen witnesses who provided information about the individuals and actions at issue in this case and its related cases. The government's preliminary review of the materials has not revealed much beyond the transcripts of these dozen witnesses that appears relevant to the issues likely to arise in this trial. And those transcripts, including for HSC witnesses Stewart Rhodes, Kellye SoRelle, and Michael Greene, were already made public by the HSC in advance of the government's production.

With respect to global discovery, Defendants are correct that this process is ongoing. To continue this trial until that process is complete, however, would practically amount to an indefinite continuance. *See United States v. Williams,* 21-cr-377, ECF No. 108, at 5-6 (Howell, C.J.) ("Taken to its logical endpoint, defendant's argument would preclude nearly *any* criminal trial on *any s*ubject, *ever*, from proceeding, as it is *always* possible that relevant information exists somewhere that is not fully known by or in the possession of the parties."). As the government has made clear in its filings and discovery summaries at the status hearings in this matter, the government engages in periodic review of its holdings to ensure that any newly obtained materials from the ongoing investigation that are relevant to this specific case are identified, reviewed, and disclosed where appropriate.

Thus, the government does not support a continuance of the trial based on the status of discovery. That said, the government is actively engaged in plea negotiations with several defendants that could result in a resolution short of trial. Should these negotiations result in 2-3

guilty pleas, this case could be tried once. However, Defendant Donovan Crowl has counsel who likely will not be available for a trial in February. Defendant James Beeks was only recently granted his request to proceed *pro se*, and his predecessor counsel suggested he may need a continuance to adequately prepare to represent himself.[1] In other words, should the parties proceed to trial on February 1, there is a possibility that this court will need to conduct two or even three trials, whereas a continuance could result in the need for just one trial.

Because the government has not yet reached any plea agreements with these defendants, it is not in a position at this time to move for a continuance, and the government submits that it is still prudent to ask that potential juror complete the questionnaire this Friday, January 13. At or before the status hearing next Friday, January 20, the government hopes the parties and the Court will have more information with which to decide whether it is more prudent to proceed with trial on February 1 or continue the trial to some later date.

WHEREFORE, the government respectfully submits its response to the defendants' motion to continue trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

---

[1] In addition, several defendants have recently moved to sever their trial from that of Mr. Beeks.

By:     /s/
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Troy A. Edwards, Jr.
Louis Manzo
Jeffrey Nestler
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530

    /s/
Alexandra Hughes
Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004