IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-cr-28 (APM)** |
| | : | |
| v. | : | |
| | : | |
| **DONOVAN CROWL,** | : | |
| **SANDRA PARKER,** | : | |
| **BENNIE PARKER,** | : | |
| **LAURA STEELE,** | : | |
| **CONNIE MEGGS,** | : | |
| **WILLIAM ISAACS,** | : | |
| **JAMES BEEKS, and** | : | |
| **MICHAEL GREENE,** | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S REPLY IN SUPPORT OF OMNIBUS MOTION *IN LIMINE* TO PRECLUDE CERTAIN UNTIMELY AND IRRELEVANT TESTIMONY

On December 16, 2022, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moved this Court to preclude the following evidence and arguments during trial: (1) evidence and arguments supporting a public-authority or entrapment-by-estoppel defense; (2) evidence of the actions or inaction of law enforcement officers at the Capitol on January 6, 2021; (3) evidence about the actions of rioters at other, unrelated events, and the status, disposition, and pendency of cases or charges involving those other rioters; (4) evidence of the purported diminished mental or physical capacity of any defendants; and (5) cross-examination of any U.S. Secret Service witnesses about Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur, and details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees. ECF No. 778.

On December 30, 2022, Defendants William Isaacs and Michael Greene filed responses opposing in part and explicitly or implicitly conceding in part the government's motion. ECF Nos. 802, 807. Defendant Isaacs objects to the first and third of the motions *in limine* outlined above; Defendant Greene objects to the second, third, and fifth motions. *Id.* The government will address each of these objections in turn. As of the date of filing, no other defendants have opposed any of the government's five motions *in limine* filed in its omnibus pleading.

**Motion *in Limine* No. 1:** **The Court Should Preclude the Defense from Raising a Public Authority of Entrapment-by-Estoppel Defense.**

Defendant Isaacs acknowledges that he has not noticed a public-authority or entrapment-by-estoppel defense, and asserts that he does not intend to do so at trial, but, "Nonetheless, Mr. Isaacs objects to Motion *in Limine* 1 because he should be permitted to introduce evidence of his reliance on statements made by Mr. Trump on January 6 and in the days, weeks, and months leading up to that day." ECF No. 802 at 2. Defendant Isaacs cites this Court's prior ruling in *Thompson v. Trump*, 590 F. Supp. 3d 46 (D.D.C. 2022) that President Trump's words on January 6 constituted "an implicit call for imminent violence or lawlessness" and a "positive instigation of a mischievous act," *id.* at 117, 118, to support his contention that he should be permitted to raise arguments at trial that discuss or reference Trump's statements and his reliance on those statements. ECF No. 802 at 5.

This argument is materially indistinguishable from a public authority defense, which arises where the defendant "seeks exoneration based on his objectively reasonable reliance on the authority of a government official." *United States v. Fulcher*, 250 F.3d 244, 253 (4th Cir. 2001) (emphasis omitted). The defendants should be precluded from raising a public-authority or entrapment-by-estoppel defense at trial. Having failed to provide notice as required under the Federal Rules of Criminal Procedure, the defendants are foreclosed from raising the defense in the

first instance. As to the merits, as noted in the government's motion *in limine*, that defense requires a defendant to establish that he relied on a government official with actual authority to authorize the conduct in question, and that the defendant's reliance on that official was objectively reasonable. ECF No. 778 at 4-5. Neither condition applies here because no government official, including the President, has authority to authorize an attack on the Capitol or any of the offenses charged in this case. *Id.* at 6-8. Any reliance on that purported authorization would be unreasonable. *Id*. Isaacs does not argue to the contrary. ECF No. 802 at 2-6.

**Motion *in Limine* No. 2:** **The Court Should Preclude Improper Defense Arguments and Evidence Pertaining to Law Enforcement Conduct on January 6, 2021.**

Defendant Greene opposes this motion. ECF No. 807 at 1-2. Defendant Greene seems to suggest that he will point to evidence of law enforcement conduct to establish that he lacked knowledge that he had entered into restricted areas of the Capitol grounds on January 6. *Id.* If this is the case, then this is not the type of evidence the government was seeking to preclude in its motion. *See* ECF No. 778 at 12 (seeking to preclude evidence of law enforcement action or inaction *unless the defendants observed or were otherwise aware of such conduct*). If Defendant Greene will testify or present other admissible evidence that he observed or was aware of law enforcement conduct that made him think he was permitted to enter the areas of the Capitol that he entered on January 6, then the government will not object to such evidence.

**Motion *in Limine* No. 3:**     The Court Should Preclude Improper Defense Arguments and Evidence Pertaining to the Actions of Other Rioters or their Charges and Case Dispositions.

Defendants Isaacs and Greene both oppose this motion. ECF No. 802 at 6-7; ECF No. 807 at 2. Defendant Greene opposes this motion because he observes that if the government will present at trial the testimony of cooperating co-defendants or co-conspirators, he should be permitted to cross-examine these individuals about how, if at all, their testimony has been influenced by their own charges and case dispositions. ECF No. 807 at 2. The government does not disagree. In its motion, the government was seeking only to preclude the introduction of evidence of the resolution of rioters *unconnected* to this case and its related cases.

Defendant Isaacs contends that he should be permitted to introduce this evidence because the government is seeking to introduce prior acts evidence involving the statements and actions of co-conspirators, some of whom are charged in this case and some of whom are charged in separate but related cases. ECF No. 802 at 6-7. Again, should co-conspirators testify, the government does not object to cross-examination of these witnesses about their case dispositions or lack thereof, as this would constitute permissible cross-examination as to bias. But the government's introduction of evidence of the actions of co-conspirators of *these defendants* does not open the door to the introduction of evidence about the cases and dispositions of *unrelated* January 6 defendants.

Such evidence or argument would have no bearing on the proof of the defendants' alleged criminal conduct that day. In addition, any such evidence or argument would divert the jury's attention to other defendants and criminal allegations rather than the conduct of these defendants. Because this would confuse the issues, mislead the jury, cause undue delay, and waste time, Rule 403 independently supports exclusion.

**Motion *in Limine* No. 5:**   The Court Should Preclude Improper Cross-Examination of Secret Service witnesses about sensitive information regarding their procedures for safeguarding protectees while visiting the Capitol.

Defendant Greene opposes this motion because "Secret Service witnesses would have knowledge about the restricted areas and how areas are designated as restricted areas." ECF No. 807 at 2. The government does not seek to preclude cross-examination regarding about the restricted areas and how areas are designated as restricted areas. The government seeks only to foreclose defense counsel from questioning the witnesses about the following:

(1) Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur; and

(2) Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees.

In other words, the government submits that the parties are in agreement on the proper scope of cross-examination for any Secret Service witnesses.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence concerning: (1) a public-authority or entrapment-by-estoppel defense; (2) any defense based on the actions or inaction of law enforcement; (3) any defense based on the actions of other rioters or the status, disposition, and pendency of their cases or charges; (4) and any defense based on diminished mental or physical capacity; and (5) cross-examination of any witness with the Secret Service.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:     /s/
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Troy A. Edwards, Jr.
Louis Manzo
Jeffrey Nestler
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530

    /s/
Alexandra Hughes
Trial Attorney
National Security Division,
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004