UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONNIE MEGGS,<br><br>Defendant. | )<br>)<br>)  Case No. 1:21-cr-00028-APM<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR JUDGMENT OF ACQUITTAL OR FOR NEW TRIAL**

Defendant Connie Meggs, by and through undersigned counsel, respectively moves this Court for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) and for a new trial pursuant to Federal Rule of Criminal Procedure 33(b)(2) as well as for an extension of time within which to submit briefing in support of both motions.

On February 9, 2023, a trial by jury was initiated against Mrs. Meggs and her codefendants Sandra Parker, Bennie Parker, Laura Steele, William Isaacs, and Michael Greene. On February 27, 2023, the government completed its presentation of evidence and thus rested its case in chief. Accordingly, defense counsel for Mrs. Meggs orally moved for a judgment of acquittal, which the Court deferred ruling on. On March 7, 2023, the defense rested its case. It then orally renewed its motion for a judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The court again deferred ruling on this motion. On March 20, 2023, the jury found Mrs. Meggs guilty of Conspiracy to Obstruct an Official Proceeding (Count 1), Obstruction of an Official Proceeding (Count 2), Conspiracy to Prevent an Officer from Discharging Any Duties (Count 3), Destruction of Government Property (Count 4), and Entering and Remaining in a Restricted Building or Grounds (Count 5).

Rule 29(a) of the Federal Rules of Criminal Procedure provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).  In considering a Rule 29 motion this Court must determine "whether upon the evidence, viewed 'in a light most favorable to the Government giving full play to the right of the [trier of fact] to determine credibility, weigh the evidence and draw justifiable inference of fact,' a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Recognition Equip., Inc.*, 725 F. Supp. 587, 588 (D.D.C. 1989); *see United States v, Kayode*, 254 F.3d 204, 212-13 (D.C. Cir. 2001) (quoting *United States v. Harrington*, 108 F.3d 1460, 1464, (D.C. Cir. 1997)); *United States v. SaFavian*, 644 F. Supp. 2d 1, 7-8 (D.D.C. 2009); *United States v. Duran*, 884 F. Supp. 577, 583 (D.D.C. 1995), affd, 96 F.3d 1495 (D.C. Cir. 1996).

Although, the Court must "accord[] the government the benefit of all legitimate inferences," *see United States v. Weisz*, 718 F.2d 413, 437 (D.C. Cir. 1983), cert denied 465 U.S. 1027 (1984), and deny the motion if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See United States v. Arrington*, 309 F.3d 40, 48 (D.C. Cir. 2002) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Although the evidence must be viewed in the light most favorable to the government, this Court is obligated to accord the government the benefit of only "legitimate inferences." *United States v. Singleton*, 702 F.2d 1159, 1163 (D.C.Cir. 1983).  Moreover, Rule 29 requires the Court to view the evidence that the government deems must be evidence of guilt, but can otherwise be explained as equally innocent, in a balance.  *See Curley v. United States*, 160 F.2d 229, 233 (D.C. Cir. 1947) (if "a reasonable mind must be in balance as between guilt and

2

innocence, a verdict of guilt cannot be sustained"). Thus, in order to find a legitimate and nonspeculative inference of guilt the government must articulate a rational basis in the evidence upon which that inference can arise. *United States v. Recognition Equip., Inc.*, 725 F. Supp. 587, 588 (D.D.C. 1989).

This Court must grant Defendant's motion for judgment of acquittal if it finds that the evidence, even if viewed in the light most favorable to the government, is such that a reasonable trier of fact would have a reasonable doubt as to the existence of any of the essential elements of the crime. *United States v. Durant*, 208 U.S. App. D.C. 374, 648 F.2d 747 (D.C. Cir. 1981); *see also United States v. Foster*, 251 U.S. App. D.C. 272, 783 F.2d 1087, 1088 (D.C. Cir. 1986). Finally, this Court "cannot let a case go to the jury unless there is evidence of some fact which to a reasonable mind fairly excludes the hypothesis of innocence." *Curley*, 160 F.2d at 233.

Put another way, the Court must grant a motion for judgment of acquittal if "a reasonable juror must necessarily have had a reasonable doubt as to the defendant[']s guilt." *See United States v. Weisz*, 718 F.2d at 437 (emphasis in original) (citing *United States v. Singleton*, 702 F.2d 1159, 1162-63 (D.C. Cir. 1983)). *See also United States v. Reese*, 561 F.2d 894, 898 (D.C. Cir. 1977); *Curley v. United States*, 160 F.2d 229, 232-33 (D.C. Cir. 1947) ("[I]f there is no evidence upon which a reasonable mind might fairly conclude guilt beyond reasonable doubt, the motion [for judgment of acquittal] must be granted."), cert denied, 331 U.S. 837 (1947); *United States v. Jabr*, 2019 U.S. Dist. LEXIS 238718, *9-10, (D. D.C., May 16, 2019).

Pursuant to Federal Rule of Criminal Procedure 33, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." When granting a new trial, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand" and "[t]his power should be . . . invoked only in those exceptional

3

cases in which the evidence weighs heavily against the verdict." *United States v. Howard*, 245 F. Supp. 2d 24, 30 (D.D.C. 2003) (quoting *United States v. Edmonds*, 765 F. Supp. 1112, 1118 (D.D.C. 1991)). Moreover, a new trial should be allowed "only if the defendant has shown that the error . . . affected the defendant's substantial rights." *United States v. Williams*, 825 F. Supp. 2d 128, 132 (D.D.C. 2011). Finally, "by contrast to a motion for a judgment of acquittal under Rule 29 due to the insufficiency of the evidence, a defendant 'seeking to obtain a new trial' under Rule 33 is asking the court to determine that the state of the evidence is only 'marginally sufficient' such that it 'calls for a new trial in the interest of justice.'" *United States v. Young*, 2013 U.S. Dist. LEXIS 204453, *12 (D.D.C. 2013) (quoting *United States v. Wiley*, 517 F.2d 1212, 1217, n.24, 170 U.S. App. D.C. 382 (D.C. Cir. 1975). Thus, "by contrast to the evaluation of the evidence required under Rule 29 [for a motion for a judgment of acquittal], the court's discretion whether to grant a motion for a new trial . . . is "much broader," since the court need not accept the evidence in the light most favorable to the government, and may weigh the testimony and consider the credibility of the witnesses." *Young*, 2013 U.S. Dist. LEXIS at *12-13.

This Circuit has previously held that "Rule 33 clearly authorizes motions for extensions of time to file new trial motions." *United States v. Hall*, 370 F.3d 1204, 1206 (D.C. Cir. 2004). As the Circuit recognized, the allotted time for filing a new trial motion "may not always be 'adequate time to make a well-supported motion for a new trial' which is why Rule 33 'affords judges great flexibility to set a new date.'" *Hall*, 370 F.3d at 1206 (quoting *United States v. Marquez*, 351 U.S. App. D.C. 373, 291 F.3d 23, 28 (D.C. Cir. 2002). Finally, the commentary to the Rule provides that "Rule 33(b)(2) requires the defendant to move for a new trial within [fourteen] days after the verdict . . . *or within some other time set by the court* in an order issued

4

during that same [fourteen]-day period." *See* Fed. R. Crim. P. 33(b)(2) advisory committee's note to 2005 amendment.

Out of an abundance of caution, Mrs. Meggs submits the foregoing motion so as to formally memorialize Mrs. Meggs's request for a new trial within the fourteen (14) days necessitated by Rule 33 and submits that her supplemental briefing will warrant the same. Mrs. Meggs further submits that the complexity of the issues involved warrant an extension of time within which she is required to submit briefing both on her motion for judgement of acquittal as well as for a new trial. Mrs. Meggs will, as instructed by the Court, file a supplemental brief in support of the same.

**[SIGNATURE ON NEXT PAGE]**

|  |  |
|---|---|
| Dated: April 3, 2023 | Respectfully submitted,<br><br>　　　　*/s/ Stanley E. Woodward, Jr.*　　　　<br>Stanley E. Woodward, Jr. (D.C. Bar No. 997320)<br>BRAND WOODWARD LAW, LP<br>1808 Park Road NW<br>Washington, DC  20010<br>202-996-7447 (telephone)<br>202-996-0113 (facsimile)<br>Stanley@BrandWoodwardLaw.com<br><br>*Counsel for Defendant Connie Meggs* |

## **CERTIFICATE OF SERVICE**

On April 3, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

            */s/ Stanley E. Woodward, Jr.*
            Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
            BRAND WOODWARD LAW, LP
            1808 Park Road, Northwest
            Washington, DC  20010
            202-996-7447 (telephone)
            202-996-0113 (facsimile)
            Stanley@BrandWoodwardLaw.com