UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SANDRA PARKER,<br>BENNIE PARKER,<br>LAURA STEELE,<br>CONNIE MEGGS, and<br>WILLIAM ISAACS,<br><br>Defendants. | Case No. 21-cr-28-APM |

**GOVERNMENT'S REPLY IN SUPPORT OF SENTENCING MEMORANDUM**

Through their sentencing memoranda, the defendants seek probationary and time-served sentences. ECF Nos. 1019, 1024, 1026-1028, 1030. Focusing on their lesser roles in the conspiracy they were convicted of joining, they liken themselves to other January 6 defendants who "wandered aimlessly" through the Capitol without committing any violence or destruction. *See, e.g.,* ECF No. 1019 at 3. But by joining a conspiracy to stop Congress' certification of the 2020 Presidential Election, these defendants set themselves apart from other January 6 defendants.

As this Court observed in sentencing the leader of this conspiracy, Stewart Rhodes, "Collective criminal agreement—partnership in crime—presents a greater potential threat to the public than individual dealings. Concerted action both increases the likelihood that the criminal object will be successfully attained and decreases the probability that the individuals involved will depart from their path of criminality." 5/25/23AM Tr. at 111 (quoting *Callanan v. United States*, 364 U.S. 587 (1961)). The same is true here. In joining together and with other Oath Keepers members and affiliates to try to "stop the vote count," these defendants posed a far greater threat than individual defendants on January 6. Their collective action made them more effective. It

1

also inspired others: the image of twelve helmet-and-camouflage-clad Oath Keepers marching hands-on-shoulder up the steps of the Capitol fired up the crowd and encouraged other rioters to press forward in their attack.

This collective action through conspiracy is also why the Pre-Sentence Report writers accurately applied specific offense characteristics for the relevant conduct of these defendants *and* their co-conspirators. Defendant Connie Meggs and others challenge the application of the eight-level upward adjustment for an offense that "involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice," U.S.S.G. § 2J1.2(b)(1)(B), arguing, "Were the Court to adopt the government's interpretation [of Section 2J1.2(b)(1)(B)], any defendant convicted of § 1512(c)(2) would automatically qualify for the eight (8) level enhancement and be subjected to an effective base offense level of twenty-two (22), with a minimum recommended imprisonment of 41-51 months." ECF No. 1019 at 9. But not every January 6 defendant was convicted of conspiracy. As this Court noted at the *Rhodes* sentencing, "The essence of the . . . agreement [among these co-conspirators] represented a threat to others." 5/25/23AM Tr. at 73. The Court should similarly find here that the conspiracy these defendants were convicted of joining necessarily involved a threat of injury and property damage to obstruct the certification proceeding. Thus, the scope of the relevant conduct of these defendants encompasses the specific offense characteristic of threatening injury or damage and warrants an eight-level upward adjustment. For similar reasons, the relevant conduct of these defendants and their co-conspirators also caused a substantial interference with the due administration of justice, U.S.S.G. § 2J1.2(b)(2), and involved extensive planning, preparation,

and scope, U.S.S.G. § 2J1.2(b)(3).[1]

After applying these adjustments and others, the Sentencing Guidelines call for a significant sentence of incarceration for each of these defendants. Such a sentence is both appropriate and necessary to satisfy the 3553(a) factors this Court must consider at sentencing. A significant sentence of incarceration would appropriately reflect the grave nature of the offense. It would deter these defendants from committing such conduct in the future. And it would send an appropriate message that any future criminal efforts to interfere with our democratic process will be swiftly and severely punished.

These defendants traveled across the country, some with weapons, to join an effort led by Stewart Rhodes and other Oath Keepers to oppose the results of the election. Then, on the afternoon of January 6, each of these defendants donned military style clothing and gear and marched with their co-conspirators into the Capitol building or grounds to lend their bodies to the conspirators' effort to interfere with Congress' certification of the election. In so doing, these defendants tried to use terror to influence the government, and they threatened the foundation of our democracy. A significant sentence of incarceration is the only appropriate sentence for these defendants.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar No. 481052

By:      */s/ Kathryn L. Rakoczy*
            Kathryn L. Rakoczy
            Assistant United States Attorney

---

[1] The government also incorporates herein its legal arguments on the applicable sentencing guidelines in light of conspiracy convictions detailed in its opening memo and the sentencing memoranda in *United States v. Stewart Rhodes, et al.* (Case No. 22-cr-15, ECF 565 and 580).

                D.C. Bar No. 994559
                Troy A. Edwards, Jr.
                Alexandra S. Hughes
                Assistant United States Attorneys
                U.S. Attorney's Office for the District of Columbia
                601 D Street NW
                Washington, D.C. 20530