## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:21-cr-00028-APM** |
| | ) | |
| **CONNIE MEGGS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MOTION FOR RELEASE PENDING APPEAL

Defendant Connie Meggs, by and through the undersigned counsel, hereby respectfully moves this Court, pursuant to Section 1343(b) of Title 18 of the United States Code, for an Order permitting Mrs. Meggs to not be detained pending the resolution of her appeal of the convictions in the above-captioned matter.

### I.    PROCEDURAL BACKGROUND

On February 9, 2023, a trial by jury was commenced as against Mrs. Meggs and her co-defendants Sandra Parker, Bennie Parker, William Isaacs, Laura Steele, and Michael Greene.  On March 21, 2023, the jury found Mrs. Meggs guilty of (Count 1) Conspiracy to Obstruct an official Proceeding (18 U.S.C. § 1512(k)); (Count 2) Obstruction of an Official Proceeding (18 U.S.C. § 1512(c)(2)); (Count 3) Conspiracy to Prevent an officer from Discharging Any Duties (18 U.S.C. § 372); (Count 4) Destruction of government Property (18 U.S.C. § 1361); and (Count 5) Entering and Remaining in Restricted Building or Grounds (18. U.S.C. § 1752).

On August 30, 2023, this Court sentenced Mrs. Meggs to fifteen (15) months of imprisonment for each of Counts One, Two, Three, and Four of the Eighth Superseding Indictment, and twelve (12) months on Count Five of the Eighth Superseding Indictment.

Judgment (Sept 3, 2023) (ECF No. 1056).[1]  On October 6, 2023, Mrs. Meggs was provided formal written notice of her voluntary surrender date of October 31, 2023, at FDC Miami.

## II.    LEGAL STANDARD

Section 3143(b) of Title 18 of the United States Code provides the standard applicable to a request for release pending appeal.  A trial court, "shall" order a person found guilty of an offense and sentenced to a term of imprisonment to be detained, unless it finds, (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under [18 U.S.C. § 3142(b) or (c)," and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" favorable relief.  *Id.* § 3143(b)(1).  Such relief includes reversal, a new trial, a sentence that does not include a term of imprisonment, or, "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  *Id.* § 3143(b)(1)(B)(i) – (iv).

This Court has routinely determined that Mrs. Meggs is not likely to flee or pose a danger to the safety of any person or the community.  *See* Order Setting Conditions of Release (March 26, 2021) (ECF No. 114); Minute Order (June 1, 2021) (reducing her location restriction to home detention from home incarceration); Minute Entry (Aug. 30, 2023) (finding that Mrs. Meggs need not be detained post-sentencing and pending her self-surrender date).  Thus, the only issue before the Court is whether Mrs. Meggs has, "raise[d] a substantial question of law or fact likely to result in" favorable relief.

To resolve this question, the Court must make a two-part inquiry:  "(1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's

---

[1] Although the docket reflects the filing date of Judgment as September 3, 2023, the Judgment was not actually docketed until October 13, 2023.

favor be likely to lead to reversal [or other favorable relief]?"  *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam).  A "substantial question" is one that is "a close question or one that very well could be decided the other way."  *Id.* (internal quotation marks omitted).  This Court must undertake such an inquiry bearing in mind that, "the law has shifted from a presumption of release to a presumption of valid conviction."  *Id.* at 556.

### III.   ARGUMENT

Because Mrs. Meggs was convicted of four counts for which she received a sentence of fifteen (15) months of imprisonment – Counts One, Two, Three, and Four of the Eighth Superseding Indictment, this Court must find that Mrs. Meggs's appeal raises a substantial question for which the resolution of that question would lead to favorable relief as to all four counts.[2]  Here, although Mrs. Meggs anticipates her appeal will raise many novel issues of law and fact in a first-of-its-kind prosecution under 18 U.S.C. §§ 2, 361, 372, and 1512(c)(2), 1512(k), two of her anticipated appellate arguments meet the standard required for the Court to Order that Mrs. Meggs not be detained pending her appeal.

*a.   The Court Misapplied U.S.S.G. § 2J1.12(b)(1)(B), (b)(2)*

In its calculation of the sentencing guidelines applicable to Mrs. Meggs, the Court, using § 2J1.2 as the pertinent guideline for each of the offenses with which she was convicted, applied

---

[2] As the Court is aware, Mrs. Meggs was also sentenced to the statutory maximum of twelve (12) months imprisonment for her conviction pursuant to 18 U.S.C. § 1752(a)(1), or Count Five of the Eighth Superseding Indictment.  One could argue, therefore, that absent the Court's finding that she is likely to obtain favorable relief affecting her sentence with respect to that Count, that Mrs. Meggs should be required to serve those first twelve (12) months of imprisonment.  For the reasons discussed below, however, it is unlikely that Mrs. Meggs's appeal is resolved in twelve (12) months, meaning that were she to obtain favorable relief on appeal with respect to only those counts for which she was sentenced to fifteen (15) months imprisonment – Counts One, Two, Three, and Four of the Eighth Superseding Indictment – and not Count Five of the Eighth Superseding Indictment, she would serve the twelve (12) months of imprisonment *and then some or all of* the three (3) months of imprisonment left on Counts One, Two, Three, and Four, while her appeal is resolved.

an eight (8) point increase for an, "offense involv[ing] causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice," as well as the three (3) point increase for an, "offense result[ing] in substantial interference with the administration of justice."  U.S.S.G. § 2J1.12(b)(1)(B), (b)(2).  At sentencing, Mrs. Meggs argued that Congress's certification of the Electoral College vote did not involve the, "administration of justice."

As argued in her Sentencing Memorandum (Aug. 11, 2023) (ECF No. 1019), the certification of the electoral college vote is not "the administration of justice," and therefore this enhancement should not have been applied to the Court's determination of Mrs. Meggs's sentence.  The "administration of justice" is in fact a legal term of art, so much so that it is defined within Black's Law Dictionary: "The maintenance of right within a political community by means of the physical force of the state" and "the state's application of the sanction of force to the rule of right."  A*dministration of Justice*, Black's Law Dictionary (11th ed. 2019).  Similarly, "due administration of justice" is defined as "[t]he proper functioning and integrity of a court or other tribunal and the proceedings before it in accordance with the rights guaranteed to the parties."  *Id.*  Therefore, a plain reading of § 2J1.2(b)(1)(B) suggests that the enhancement applies only where the obstruction of a judicial or quasi-judicial tribunal has occurred.  As the Court is aware, this was the conclusion reached by Judge McFadden in this District when the issue was similarly presented at sentencing.  *See United States v. Seefried*, 2022 U.S. Dist. LEXIS 196980, at *31-32 (D.D.C. Oct. 29, 2022) ("If the Sentencing Commission had foreseen the Capitol breach, it may well have included 'official proceeding' in the text of § 2J1.2.  But the Commission did not.  Given that the Court should interpret the Guidelines using traditional tools of statutory interpretation, this Court declines to rewrite § 2J1.2 to say what it does not.  If the

4

Commission wishes to expand the text of the Guideline to include official proceedings such as the electoral certification, 'it may seek to amend the language of the guidelines by submitting the change for congressional review.'" (quoting *United States v. Winstead*, 890 F.3d 1082, 1092 (D.C. Cir. 2018)).

Were Mrs. Meggs to prevail in that argument on appeal, this Court would have misapplied eleven (11) points to the calculation of her total offense level. Put differently, Mrs. Meggs's guidelines range would be reduced from thirty (30) to nineteen (19) or from a guidelines range of 97 to 121 months to a guidelines range of 30 to 37 months. The revised guideline range is just 31% of what the Court used in determining Mrs. Meggs's sentence. Moreover, while the minimum guideline range of 30 months under this revised calculation would still exceed the sentence of fifteen (15) months imprisonment imposed by the Court, to suggest that the revised guidelines would have *no effect* on the Court's determination of a sentence based on the revised guidelines is to suggest that the Presentence Report and the Sentencing Guidelines themselves were not at all considered by the Court in its sentence determination. Nor is Mrs. Meggs's sentence the most lenient of those to have engaged in the conduct with which she was charged – now three (3) of Mrs. Meggs's co-defendants have been sentenced to home detention.

Finally, the D.C. Circuit's recent opinion in *United States v. Robertson*, No. 22-3062 (D.C. Cir. Oct. 20, 2023), does not foreclose Mrs. Meggs's argument on appeal. There, the defendant/appellant only argued for the first time on appeal that the "administration of justice" did not include the certification of the electoral college vote. *Id.* at 43. Consequently, the Circuit held that its standard of review of the District Court's addition the eleven (11) points was to be reviewed for, "plain error." The District Court was not plainly erroneous, the *Robertson* Court held, because the ordinary meaning of "administration of justice" does not exclude Congress's

certification of the electoral college vote and no binding authority holds otherwise. *Id.* at 44. Although no binding authority does hold otherwise, Mrs. Meggs's appeal of this issue will stand on different ground that Robertson's insofar as she did properly challenge this Court's inclusion of the eleven (11) points and the D.C. Circuit in considering her appeal will not be bound by the *Robertson* Court.

> b. *It was an Abuse of Discretion To Deny Mrs. Meggs's Motion for a New Trial.*

Mrs. Meggs also plans to appeal the Court's denial of her Motion for a New Trial (April 3, 2023) (ECF No. 917). Although the Court denied Mrs. Meggs's motion, it is beyond dispute that two unique events gave rise to the same. Despite its obligation to the contrary, the government provided the jury with exhibits this Court had excluded as unfairly prejudicial pursuant to Rule 403(b) of the Federal Rules of Evidence. Thereafter, mere days after returning a verdict in this case, one juror gave a more than 110 minute interview concerning her experience as a juror, including the jury's reasoning for its verdict. A lengthy public interview in such a high-profile case is nearly unheard of. Importantly, the juror's interview makes clear that the jury was not capable of following the Court's instructions – the only evidence that was required for the juror to vote to convict Mrs. Meggs was proof of the fact that Mrs. Meggs had entered the Capitol Building, irrespective of her intent – and thus the jury's ultimate verdict was improper, warranting a new trial.

Although this Court's denial of Mrs. Meggs's motion for a new trial will be reviewed only for abuse of discretion, *United States v. Rouse*, 168 F.3d 1371, 1376 (D.C. Cir. 1999), *cited in United States v. Perkins*, 83 F. Supp. 3d 326, 346 (D.D.C. 2015) ("[A]s the Government points out, the D.C. Circuit utilizes a 'highly deferential' standard of review for a district court's denial of a motion for a new trial."), the issues presented by Mrs. Meggs's motion are truly novel.

Moreover, were Mrs. Meggs to prevail in her motion, the relief sought – a new trial – would be rendered futile by the fact that she had already completed the sentence imposed by the Court.

* * *

Regardless of the argument for which Mrs. Meggs prevails, the relief she obtains will be favorable.  Insofar as Mrs. Meggs has been sentenced to only fifteen (15) months of imprisonment, whether Mrs. Meggs's appeal results in a new sentencing or a new trial are favorable results that cannot be obtained before Mrs. Meggs resolves her appeal.  As the Court has noted elsewhere, the median time from filing of notice of appeal to last opinion or final order is thirteen (13) months, a period that is likely to be longer in complex and/or multi-appellant cases such as this one.  *See* Order, *United States v. Minuta*, No. 22-cv-15 (D.D.C. July 19, 2023) (ECF No. 675).

**CONCLUSION**

For the foregoing reasons, Mrs. Meggs respectfully requests this Court Order that she not be detained pending the pendency of her appeal.

Dated: October 20, 2023                Respectfully submitted,

_____/s/ Stanley E. Woodward, Jr._____
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Connie Meggs*

## **CERTIFICATE OF SERVICE**

On October 20, 2023, the undersigned certifies that a true and correct copy of the

foregoing was electronically filed and served via the CM/ECF system, and subsequently

electronically mailed to government counsel.

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
