UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONNIE MEGGS,<br><br>            Defendant. | Case No. 21-cr-28-APM |

UNITED STATES' OPPOSITION TO
DEFENDANT'S MOTION FOR CONTINUED RELEASE PENDING APPEAL

Defendant Connie Meggs's motion for continued release pending appeal should be denied pursuant to 18 U.S.C. § 3143(b)(1).

Connie Meggs was found guilty of conspiring to obstruct and obstructing an official proceeding (Counts One and Two), conspiring to prevent Members of Congress from discharging their duties (Count Three), destroying government property (Count Four), and entering and remaining in a restricted building or grounds (Count Five). ECF 910. On August 30, 2023, the Court sentenced Connie Meggs to, in part, 15 months' imprisonment on counts one through four and 12 months' imprisonment on count five, all to run concurrently. ECF 1056 at 3.

The presumption at this stage is for the defendant to be detained. 18 U.S.C. § 3143(b)(1) ("[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained."). The defendant can rebut that presumption only if she can show two things: (1) that, by clear and convincing evidence, he is "not likely to flee or pose a danger to the safety of any other person or the community if released"; *and* (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less

than the total of the time already served plus the expected duration of the appeal process." *Id*. The D.C. Circuit has expressly concluded that a "substantial question" is more than just a "fairly debatable" one, a "fairly doubtful" one, or "one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Rather, a "more demanding standard" controls: "a substantial question is a close question or one that very well could be decided the other way." *Id*. at 555-56. This standard is more in accordance "with the expressed congressional intent to increase the required showing on the part of the defendant. The law has shifted from a presumption of release to a presumption of valid conviction." *Id*.

Connie Meggs cannot make either showing under Section 3143(b)(1). While the Court found after the defendant's verdict and sentencing that she did not present a risk of flight or danger, the government submits that the nature of her conviction of conspiring to oppose the transfer of presidential power by, among other things, obstructing the official proceeding, and the nature of her conduct damaging government property, engaging in civil disorder on January 6, and deleting evidence afterward, all demonstrate that she is a danger to the community and flight risk. *See* 18 U.S.C. § 3143(b)(1)(A).

Further, Connie Meggs does not, and cannot, show that her appeal involves a "substantial question of law or fact likely to result in" reversal, a new trial, a reduced sentence, or a sentence of no imprisonment. 18 U.S.C. §3143(b)(1)(B); *see also United States v. Rivera*, No. 22-3088, 2023 WL 1484683, at *1 (denying a defendant's motion for stay of sentence pending appeal because he could not meet the requirements under 18 U.S.C. § 3143(b)(1)(B)). She raises two arguments she claims meet this standard: (1) the Court misapplied the "administration of justice"

specific offense characteristics at sentencing, under U.S.S.G. §§ 2J1.2(b)(1)(B) and (b)(2); and (2) the Court abused its discretion in denying her motion for a new trial. Neither argument should prevail.

### A. "Administration of Justice" Sentencing Enhancements

First, Connie Meggs asserts that she intends to challenge the applicability of U.S.S.G. §§ 2J1.2 (b)(1)(B) and (b)(2) at sentencing. The Court previously ruled in her co-conspirator Roberto Minuta's case that this "administration of justice enhancement issue" presents a "substantial question" under 18 U.S.C. § 3143. Case No. 22-CR-15, ECF 675 at 5. As the Court acknowledged, however, the Court made that determination before the D.C. Circuit had ruled on the issue in *United States v. Robertson*, No. 22-3062. *See id*. As of October 20, 2023, the D.C. Circuit has now ruled that a sentencing court did not make a clear or obvious error in applying §§ 2J1.2(b)(1)(B) and (b)(2) in the January 6 setting. *United States v. Robertson*, ___ F.4th ___, No. 22-3062, 2023WL 6932346, at *18 (D.C. Cir. Oct. 20, 2023) ("[T]he ordinary meaning of 'administration of justice' does not necessarily exclude Congress's certification of the Electoral College vote under 3 U.S.C. § 15," and "[t]he term 'justice' is defined as the 'fair and proper administration of laws,' which may pertain to the administration of laws by a legislative body."). Like Connie Meggs, the defendant in *Robertson* "cite[d] no binding authority limiting the administration of justice to judicial or quasi-judicial proceedings." *Id*. While the D.C. Circuit's decision resulted from a plain error review, the decision's analysis still removes the issue from the "more demanding standard" of a "close call"—notably, the dissenting opinion focused on the majority's analysis of the meaning of "corruptly" in 18 U.S.C. § 1512(c)(2), and articulated no

issue with the majority's analysis on the "administration of justice" sentencing enhancements. *Id*. at *19-33 (Henderson, J., dissenting).

In any event, Connie Meggs, like Roberto Minuta, is not entitled to release as a result of this proposed sentencing question, because she "has not shown that a 'likely' sentence resulting from a determination that the enhancements do not apply would 'reduce [her] sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." Case No. 22-CR-15, ECF 675 at 5 (quoting 18 U.S.C. § 3143(b)(1)(B)(iv)). As a threshold matter, even if she were successful on appeal regarding the "administration of justice enhancements," her operative guidelines range would likely still be 30 to 37 months' imprisonment. The Court's final sentence of 15 months represents a 50% discount from the low end of that revised range. Connie Meggs erroneously implies that a revised guidelines range *must* mean the Court would impose a lower sentence. But the Court specifically noted that its final sentence reflected the 18 U.S.C. § 3553(a) "factors, including, perhaps, most importantly, Ms. Meggs' role in the offense and her relative culpability against those that I have sentenced who are members of the Oath Keepers, as well as taking into account the sentences that have been imposed upon others who've been convicted of 1512(c)(2)." 08/30/23 Tr. at 91. Connie Meggs has not presented any reason why the Court's sentence, which already includes a significant downward variance from the Guidelines range calculated by the Court, would be any different even if certain specific offense characteristics did not apply.

Even if Connie Meggs could meet her burden, the relief would not be immediate release. Instead, the statute instructs the Court to "order the detention terminated at the expiration of the likely reduced sentence." 18 U.S.C. § 3143(b)(1)(B)(iv). Connie Meggs acknowledges that she

4

also faces 12 months' imprisonment under Count Five for her trespassing conviction under 18 U.S.C. § 1752(a)(1), ECF 1064 at 3 n. 2, but she ignores Section 3143(b)(1)(B)(iv). Her proposed appeal centered on the "administration of justice enhancements" would not impact her 12-month sentence or the underlying Sentencing Guidelines. And so any reduced sentence would still require her to serve at least 12 months' imprisonment before the Court ordered her release. *See* Case No. 22-CR-15, ECF 675 ("A favorable decision on the issue would not lead to reversal on 'all counts on which imprisonment is imposed.'") (quoting *Perholtz*, 836 F.3d at 557); *see also United States v. Brock*, 2023 WL 3671002, at *1 ("[E]ven if appellant received relief under § 3143(b)(1)(B)(iv), he would begin serving his term of imprisonment and the court would order only that he be released after serving the duration of the 'likely reduced sentence.'").

Finally, as the Court noted in Minuta's case, "it is quite probable" that "the administration of justice enhancement issue will be resolved before" the end of any revised sentence for Connie Meggs after a successful appeal. *Id* at 6. Not only has the D.C. Circuit already shed light on this issue in its plain error review in *Robertson*, but the substantive issue of the applicability of these enhancements is already ripe for decision in *United States v. Brock*, No. 23-3045 (argued September 27, 2023).[1] In denying Minuta's motion, the Court highlighted 2022 D.C. Circuit data reflecting a median length of 13 months from the time of notice of appeal to the final opinion in criminal cases. But the median time from *oral argument* to the final opinion in that same data pool was 4.2 months.[2] And this year's two most recent appeals in January 6 matters tracked that

---

[1] The government has already filed a letter under Federal Rule of Appellate Procedure 28(j), noting the recent supportive authority in *Robertson*.

[2] Table B-4A—U.S. Court of Appeals Judicial Business (September 30, 2022) (available at https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2022.pdf).

5

median—nearly 4 months (*United States v. Fischer,* 64 F.4th 329 (D.C. Cir. 2023)) and a little over 5 months (*Robertson*).

Because Connie Meggs's proposed question regarding the "administration of justice enhancements" is no longer a "substantive one" under Section 3143, and because, regardless, it is not one that will likely result in a lesser sentence, her first claim should not warrant release pending appeal.

**B. The Court's Denial of Connie Meggs's Motion for a New Trial**

Second, Connie Meggs claims that her trial and guilty verdict were tainted by two "truly novel" events. ECF 1064 at 6. But, as the Court ruled in denying Minuta's motion, "a 'novel' question is not the same as a 'close question or one that very well could be decided the other way.'" Case No. 22-CR-15, ECF 675 at 3-4. Connie Meggs cites no case law to support her argument that either of her two highlighted issues constitutes a substantive question warranting release.

The first "unique" event Connie Meggs raises is the government's inadvertent inclusion of two short video clips in exhibits submitted to the jury that the Court had stricken. The Court, however, cured any erroneous submission by instructing the jury to disregard the exhibits and, to the extent the jury had already considered them in reaching any verdict, to reconsider their verdicts in light of the exhibits' omission—all in accordance with the D.C. Circuit's decision in *United States v. Roy*, 473 F.3d 1232 (D.C. Cir. 2007); *see also* 08/29/23 Tr. at 35. Additionally, the Court properly noted in denying Connie Meggs's motion for a new trial that the evidence in question was not "particularly prejudicial," because they "were relatively short clips, relative to a large mountain of other evidence" and "[n]one of those clips depicted the defendants, whereas many, many other exhibits did depict the defendants." 08/29/23 Tr. at 35. Connie Meggs's one sentence

6

on this particular issue does not address the Court's precedent-backed approach to resolving the issue and is not sufficient to warrant release pending appeal.

The second "unique" event Connie Meggs raises is one juror's public interview after the verdict. But, as the Court ruled in denying Connie Meggs's motion for a new trial, the defendant's argument is based on information the Court cannot consider, or that is at least irrelevant, under Federal Rule of Criminal Procedure 606(b). 08/29/23 Tr. at 18-32 (citing *United States v. Campbell*, 684 F.2d 141 (D.C. Cir. 1982); *United States v. Davis*, 377 F. App'x 19 (D.C. Cir. 2010)). The Court correctly noted that it "is not permitted to inquire into the jury's deliberations and understanding of any particular instruction," adding that, even if it could consider such deliberations, "[i]t's not clear to me that the juror misunderstood the instruction." 08/29/23 Tr. at 32. Connie Meggs's motion does nothing to disrupt this ruling and the Circuit precedent upon which it is based.

The government respectfully opposes Connie Meggs's motion for release from custody pending appeal.

                Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar Number 481052

By:        /s/
           Troy A. Edwards, Jr.
           N.Y. Bar No. 5453741
           Alexandra Hughes
           Kathryn Rakoczy
           Assistant United States Attorneys
           U.S. Attorney's Office, District of Columbia
           601 D Street NW
           Washington, D.C. 20530