UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  )       Case No. 1:21-cr-00028-APM |
| v. | ) ) |
| CONNIE MEGGS, | ) ) |
| Defendant. | ) ) |

## EMERGENCY MOTION STAY SELF-SURRENDER

Defendant Connie Meggs, by and through the undersigned counsel, hereby respectfully moves this Court for an Order temporarily staying execution of the Court's September 3, 2023, Judgement and Committal Order (ECF 1056), so as to delay Mrs. Meggs's self-surrender date until this Court can rule on Mrs. Meggs's Motion for Release Pending Appeal (Oct. 20, 2023) (ECF No. 1064).

On February 9, 2023, a trial by jury was commenced as against Mrs. Meggs and her co-defendants. On March 21, 2023, the jury found Mrs. Meggs guilty of all charged counts. On August 30, 2023, this Court sentenced Mrs. Meggs on multiple counts to fifteen (15) months of imprisonment (to run concurrently) and to twelve (12) months on a final count (also to run concurrently). Judgment (Sept 3, 2023) (ECF No. 1056). Although that Judgement was signed by the Court on September 3, 2023, it was not docketed by the Clerk until October 13, 2023. In the meantime, on October 6, 2023, Mrs. Meggs was provided formal written notice of her voluntary surrender date of October 31, 2023, at FDC Miami. Accordingly, after requesting that Mrs. Meggs's Judgment be docketed, on October 17, 2023, Mrs. Meggs noticed her appeal (ECF No. 1058), and on October 20, 2023, filed a Motion for Release Pending Appeal pursuant to 18

1

U.S.C. § 1343(b). Motion (Oct. 20, 2023) (ECF No. 1064).[1] Pursuant to Rule 38(b)(1) of the Federal Rules of Criminal Procedure, should the Court grant that motion, it "must" stay a sentence of imprisonment pending appeal. Although defense counsel is aware of no precedent governing a request for a stay in these precise circumstance, it is beyond dispute that the Court has authority to enter a stay. *See* Motion Stay Release Order, *United States v. Taylor*, No. 21-cr-392 (D.D.C. June 13, 2021) (ECF No. 8) (government motion to stay order of pretrial release without citing any authority for the same). Somewhat analogously, a stay pending the appeal of an issue requires district courts to assess: "(1) whether the petitioner is likely to prevail on the merits of [her] appeal, (2) whether, without a stay, the petitioner will be irreparably injured, (3) whether issuance of a stay will substantially harm other parties interested in the proceedings, and (4) wherein lies the public interest." *McSurely v. McClellan*, 697 F.2d 309, 317 (D.C. Cir. 1982).

Here, it is also beyond dispute that Mrs. Meggs will be irreparably injured. Should she obtain favorable relief on appeal, this Court cannot undo any term of imprisonment already served by Mrs. Meggs. For the same reason, a temporary stay to allow the Court to rule on her motion serves the public interest – where release pending appeal is warranted, there is no benefit to the public in having persons unnecessarily endure incarceration. Nor will the government be harmed by such a temporary stay. Finally, as the Court has repeatedly recognized, *see* Motion, at 2 (Oct. 20, 2023) (ECF No. 1064), Mrs. Meggs has met without exception the conditions of her pretrial release for nearly three (3) years.

Turning then to whether Mrs. Meggs is likely to prevail on the merits, as was briefed in her motion for release pending appeal, there are at least two (2) issues that warrant this Court's

---

[1] It also warrants noting that on October 26, 2023, the government also noticed an appeal of the Court's Judgment as to Mrs. Meggs as well as all her co-defendants, ensuring that appellate review of the same would occur. *See* Notice of Appeal (Oct. 26, 2023) (ECF No. 1074).

careful consideration with the benefit of the government's briefing.  *First*, although it may not be clearly erroneous to apply § 2J1.2(b)(1)(B), (b)(2) of the U.S. Sentencing Guidelines to convictions involving the obstruction of the certification of the electoral college vote, *see United States v. Robertson*, No. 22-3062 (D.C. Cir. Oct. 20, 2023), this Court has also acknowledged that there is a split amongst courts in this District as to whether the enhancement ought apply. *See United States v. Seefried*, 2022 U.S. Dist. LEXIS 196980, at *31-32 (D.D.C. Oct. 29, 2022). *Second*, Mrs. Meggs will also challenge the Court's denial of her motion for a new trial which involves a truly novel panoply of circumstances concerning her jury's deliberation which warrant careful consideration on appeal.

## CONCLUSION

For the foregoing reasons, Mrs. Meggs respectfully requests this Court temporarily stay its Judgment and Committal Order so as to allow the Court to rule on her Motion for Release Pending Appeal.

Dated: October 27, 2023                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Stanley E. Woodward, Jr.*
　　　　　　　　　　　　　　　　　　　　Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
　　　　　　　　　　　　　　　　　　　　BRAND WOODWARD LAW, LP
　　　　　　　　　　　　　　　　　　　　400 Fifth Street Northwest, Suite 350
　　　　　　　　　　　　　　　　　　　　Washington, DC  20001
　　　　　　　　　　　　　　　　　　　　202-996-7447 (telephone)
　　　　　　　　　　　　　　　　　　　　202-996-0113 (facsimile)
　　　　　　　　　　　　　　　　　　　　Stanley@BrandWoodwardLaw.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Connie Meggs*

## **CERTIFICATE OF SERVICE**

On October 27, 2023, the undersigned certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, and subsequently electronically mailed to government counsel.

                                                   */s/ Stanley E. Woodward, Jr.*
                                    Stanley E. Woodward, Jr. (D.C. Bar No. 997320)