**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 21-cr-28-APM** |
| **CONNIE MEGGS,** | |
| **Defendant.** | |

**UNITED STATES' OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY SELF-SURRENDER ORDER**

The government opposes Defendant Connie Meggs's motion to stay her self-surrender.

The Court sentenced Connie Meggs to 15 months' imprisonment for four felony convictions and 12 months' imprisonment for one misdemeanor conviction on August 30, 2023. ECF 1056 at 3.  On September 3, the Court entered its Judgement and Statement of Reasons as to Connie Meggs's final sentence, both of which were docketed on October 13.  ECF 1056, 1057. On October 6, United States Probation informed Connie Meggs that she was required to self-report to the Bureau of Prisons on October 31.  On October 17, Connie Meggs filed her notice of appeal. ECF 1058.

On October 20, Connie Meggs moved for release pending her appeal, ECF 1064, and the government opposed that motion on October 27, ECF 1076.  Counsel for Connie Meggs has informed the government that they intend to file a reply brief by today, October 29.

On October 27, Connie Meggs filed a motion to stay the order requiring her to self-surrender to the Bureau of Prisons until the Court could rule on her motion for release pending appeal.  ECF 1077.  The Court ordered the government to respond by noon on October 29.

*First*, the issue of Connie Meggs's motion for release pending appeal will be fully briefed as of today, October 29.  While the government recognizes the Court's timeline is certainly

compressed in light of the defendant's self-report date on October 31, her motion is based on three issues that the parties have previously fully briefed and the Court has considered and ruled on in other contexts: the "administration of justice" sentencing enhancements, the government's inadvertent inclusion of certain evidence to the jury, and a juror's post-verdict interview.  For the reasons the government detailed in its opposition, none of these issues even raises a "substantial question" under 18 U.S.C. § 3143.  And even if the Court finds that the sentencing question is "substantive" despite the D.C. Circuit's recent decision in *United States v. Robertson*, ___ F.4th ___, No. 22-3062, 2023WL 6932346, at *18 (D.C. Cir. Oct. 20, 2023), the D.C. Circuit will likely resolve the issue well within the twelve months Connie Meggs must already serve for her misdemeanor conviction—an analysis the Court has similarly already undergone in co-conspirator Roberto Minuta's case.  Case No. 22-cr-15, ECF 675.  Without much in the way of new information from Connie Meggs's motion for release, the government respectfully requests that the Court rule before her October 31 self-report date rather than include an intermediate step of staying the process.

    *Second*, Connie Meggs has not met her burden to warrant a stay of her self-report date. While "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), "'[a] stay is not a matter of right, even if irreparable injury might otherwise result,'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).  *See United States v. Gonzalez-Valencia*, No. CR 16-65-1 (BAH), 2022 WL 3978185, at *3 (D.D.C. Sept. 1, 2022).  While Connie Meggs moves for a stay pending a ruling from this Court, the underlying issue of her motion for release pending appeal

intertwines her issue with a pending appeal to the D.C. Circuit. So, although a stay pending an appeal is a different analysis, it may still be instructive.

"A stay pending appeal is always an extraordinary remedy." *Gonzalez-Valencia*, 2022 WL 3978185, at *3 (quoting *Bhd. of Ry. & S.S. Clerks, Freight Handlers, Express & Station Emps. v. Nat'l Mediation Bd.*, 374 F.2d 269, 275 (D.C. Cir. 1966)). "Courts considering a stay request pending an appeal must weigh competing interests, by balancing the following factors as applied to the specific facts of the case: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (citing *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012); *Nken*, 556 U.S. at 434) (cleaned up). "The third and fourth factors 'merge' when the stay applicant so moves against the government. *Id.* (quoting *Nken*, 556 U.S. at 435). "The party seeking the stay bears the burden of 'mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Id.* (citing *Landis*, 299 U.S. at 255).

Connie Meggs has not made a strong showing that she is likely to succeed on the merits either before this Court or the D.C. Circuit on any of the issues she raises as warranting her release. Her brief motion fails to meet her burden under Section 3143 to rebut the presumption of detention, and it only cursorily addresses each of the substantive issues underlying her request, failing to effectively counter any of the Court's rulings on these issues based on D.C. Circuit precedent. Nor will she be irreparably injured by self-reporting on October 31, because, as detailed in the government's opposition to her motion for release, even if she is successful in all of her pending

3

litigation, she has not raised any pending appeal issues regarding her conviction under 18 U.S.C.

§ 1752, or her corresponding 12-month sentence of imprisonment.  Left unaddressed by the

defendant herself, that period of incarceration can and should still begin.  Without more, the public

interest lies in having defendants like Connie Meggs—who engaged in significant conduct on

January 6 as illustrated by her multiple conspiracy and substantive convictions—begin the

sentence the Court has deemed appropriate and just.

The government respectfully opposes Connie Meggs's motion for a stay of her self-

surrender order.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:    _____
Troy A. Edwards, Jr.
N.Y. Bar No. 5453741
Alexandra Hughes
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office, District of Columbia
601 D Street NW
Washington, D.C. 20530