UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 21-cr-28 (APM) |
| ) | |
| CONNIE MEGGS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This Order briefly explains why the court has denied Defendant Connie Meggs's request to remain on release pending appeal. *See* Mot. for Release Pending Appeal, ECF No. 1064 [hereinafter Def.'s Mot.]; Minute Order, Oct. 30, 2023.

Section 3143(b) of Title 18 provides that a trial court "shall" detain a person found guilty of an offense and sentenced to a term of imprisonment pending appeal, unless it finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" favorable relief. 18 U.S.C. § 3143(b)(1). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Favorable relief includes reversal, a new trial, a sentence that does not include a term of imprisonment, or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 1343(b)(1)(B)(i)–(iv).

Defendant identifies two issues that she claims raise a "substantial question of law or fact": (1) the court's application of the "administration of justice" enhancements to calculate her guidelines range, Def.'s Mot. at 3–6, and (2) the court's rejection of her motion for new trial, *id.* at 6–7. Neither ground justifies release pending appeal.

*"Administration of Justice" Enhancements.* The court previously ruled that the "administration of justice" enhancements issue presents a "substantial question." *See* Mem. Op. and Order, *United States v. Rhodes*, 22-cr-15 (APM), ECF No. 675, at 5. The court adheres to that prior ruling.[1] But just as in *Rhodes*, Defendant here has not shown that, even if she were to prevail on appeal, it likely would lead to favorable relief.

The court calculated Defendant's total offense level as 30, with a resulting guidelines range of 97 to 121 months of incarceration. *See* Stmt. of Reasons, ECF No. 1057, at 1. The "administration of justice" enhancements accounted for 11 of the 30 points. *See* U.S.S.G. § 2J1.2(b)(1)(B), (b)(2). If those enhancements were inapplicable, Defendant's total offense level would drop to 19, with a revised guidelines range of 30–37 months. The court sentenced Defendant to 15 months on Counts One through Four and 12 months on Count Five, all to run concurrently. *See* Judgment, ECF No. 1056, at 3. Thus, Defendant's sentence represents a variance of 50% from the bottom of the guidelines range that *even Defendant believes should apply*.

The court varied for a number of reasons, including: (1) the higher guidelines range failed to distinguish Defendant's conduct from those co-conspirators convicted of seditious conspiracy; (2) the grouping rules negated Defendant's lesser role in the offense; (3) a guidelines sentence

---

[1] The D.C. Circuit's recent decision in *United States v. Robertson* does not change the court's view, as the court in that case affirmed application of the "administration of justice" enhancements on plain error review. *See United States v. Robertson*, No. 22-3062, 2023 WL 6932346, at *18 (D.C. Cir. Oct. 20, 2023). Defendant here has preserved the issue for appeal.

2

would have resulted in unwarranted disparities from the sentences of other co-conspirators; (4) Defendant's age, family responsibilities, charitable work in the community, and compliance with terms of pretrial release did not support a lengthy prison term; and (5) her husband's substantial influence mitigated her conduct.  *See* Stmt. of Reasons at 4.  Even applying these factors at a lower guidelines range, the court can say with confidence that, given the nature of Defendant's conspiracy convictions, the court would not have imposed a sentence lower than the one that it did.  January 6th defendants convicted of a substantive violation of § 1512(c)(2) consistently have received jail sentences in excess of 12 months, and there are no factors present that would warrant treating Defendant in this case differently.

Defendant points out that "several of Ms. Meggs's codefendants have now received no incarceration as part of their sentences."  Def.'s Reply in Support of Def.'s Mot., ECF No. 1080, at 2.  True, but those co-defendants—Sandra and Bennie Parker and William Isaacs—were wholly differently situated from Defendant.  Mr. Parker was not convicted of any conspiracy offenses and, largely because of his age, poor health, and genuine remorse—which Defendant did not express— the court determined that incarceration was not warranted.  As for Ms. Parker, although her guidelines were comparable to Defendant's, her role was manifestly different than Defendant's— she did not, for example, travel to Northern Virginia with a truckload of weapons.  The court found a period of home confinement appropriate to allow her to assist her husband manage his health conditions, as well as to reflect the genuine remorse she expressed for her actions.  Finally, the court did not jail Mr. Isaacs due in large part to his Autism Spectrum Disorder, a condition that would expose him to great risk of psychological and physical harm if incarcerated.  In short, the sentences of the Parkers and Isaacs do not change the court's view of its sentence of Defendant.

*Motion for New Trial.*  The court's rejection of Defendant's new trial motion does not raise a "substantial" question of law.  The court thoroughly explained why neither the inadvertent submission of unadmitted exhibits to the jury nor a single juror's interview to the media warranted a new trial.  *See* August 29, 2023 Tr. at 18–35*;* Def.'s Mot. at 6–7.  Defendant calls these issues "unique," *id.* at 6, but she has not established that either presents "a close question or one that very well could be decided the other way," *Peholtz*, 836 F.2d at 555.

For the foregoing reasons, Defendant's Motion for Release Pending Appeal, ECF No. 1064, is denied.

Dated:  October 31, 2023

        Amit P. Mehta
        United States District Court Judge